**FILED**

Apr 05 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ CharityW        DEPUTY

Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>Plaintiff,<br><br>vs.<br><br>Torrey Pines Club Corporation dba The Lodge At Torrey Pines<br><br>Defendant. | Case No:  '19CV0650 BAS BGS<br><br>**VERIFIED COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Discrimination in Public Accommodations (State Law)**<br>3. **Negligence**<br><br>**JURY TRIAL REQUESTED** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2)  California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

### PARTIES

2. Plaintiff Peter Strojnik is an immigrant, a veteran[1] and a disabled person as defined by the ADA and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer

---

[1] DMZ '72-'74

1   and renal cancer, degenerative right knee and is therefore a member of a protected

2   class under the ADA and Unruh.

3 4. Plaintiff suffers from physical impairments described above which impairments

4   substantially limit his major life activities. Plaintiff walks with difficulty and pain

5   and requires compliant mobility accessible features at places of public

6   accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic

7   ranging from dull and numbing pain to extreme and excruciating agony.

8 5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at

9   11480 n. Torrey Pines Rd., La Jolla, CA 92037which is a public accommodation

10   pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

**JURISDICTION**

11

12 6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§

  28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

13 7. Plaintiff brings this action as a private attorney general who has been personally

14   subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28

15   CFR §36.501.

16 8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia*,

17   Plaintiff's claim for equitable nominal damages.

18 9. Venue is proper pursuant to 28 U.S.C. § 1391.

19 10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs

20   mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn,

21   constitutes discrimination satisfying the "injury in fact" requirement of Article III of

22   the United States Constitution.

23 11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the

24   Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's

25   disability.

26 12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's

27   noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled

28   individual who intends to return to a noncompliant facility suffers an imminent injury

  from the facility's existing or imminently threatened noncompliance with the ADA, a

plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

13. Plaintiff realleges all allegations heretofore set forth.

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit the San Diego / La Jolla area and therefore, reviewed hotel booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

20. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

21. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

22. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

23. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel but booked a room elsewhere.

24. The removal of accessibility barriers listed above is readily achievable.

25. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A. Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

26. Plaintiff realleges all allegations heretofore set forth.

27. Plaintiff intended to visit the San Diego / La Jolla area and spend a night there.

28. Plaintiff became aware that 3rd party booking websites disclosed general availability and description of Defendant's Hotel. 3rd Party booking website referenced here is more fully discussed in Addendum A which is by this reference incorporated herein.

29. 3rd party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

30. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

31. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

32. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

33. Plaintiff subsequently declined to book a room at the Hotel.

34. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

35. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

36. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

37. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

38. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

39. Plaintiff realleges all allegations heretofore set forth.

40. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

41. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

42. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

43. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

44. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
### Negligence

45. Plaintiff realleges all allegations heretofore set forth.

46. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

47. Defendant breached this duty.

48. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

49. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

50. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].

51. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

52. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

53. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

---

[2] 42 U.S.C. § 12101(a)(2)
[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)

54. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

55. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

56. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

57. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

58. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

59. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

60. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

61. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

62. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation

---

[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)
[7] 42 U.S.C. §12101(a)(8)

to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

63. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

64. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this ~~14th day of February, 2019~~ 2nd Day of April 2019

**PETER STROJNIK**

Plaintiff

1

## ADDENDUM A

## 3RD PARTY BOOKING WEBSITE

2

## HOTELS.COM

The Lodge at Torrey Pines  [Last booked 16 hours ago]

11480 N Torrey Pines Rd, La Jolla, CA, 92037, United States, 800-926-9976

Great Rate

~~$399~~ $329

✓ free cancellation
✓ pay now or at hotel

**Choose Room**



**5-star**

- Torrey Pines
- 14 miles to City center
- 14 miles to Gaslamp Quarter
- Collect nights

**Exceptional 9.4**

437 Hotels.com guest reviews

⊙⊙ ⊛⊛⊛⊛⊛
1,432 reviews

### Main amenities

- ✓ 170 smoke-free guestrooms
- ✓ Golf course
- ✓ 2 restaurants and 2 bars/lounges
- ✓ Full-service spa
- ✓ Outdoor pool
- ✓ Breakfast available
- ✓ Free WiFi

- ✓ 2 outdoor tennis courts
- ✓ Valet parking
- ✓ Business center
- ✓ Childcare
- ✓ Terrace
- ✓ 24-hour front desk

### What's around

- In Torrey Pines
- Torrey Pines State Reserve - 1 min walk
- Torrey Pines Golf Course - 1 min walk
- Black's Beach - 15 min walk
- Geisel Library - 40 min walk
- Torrey Pines State Beach - 41 min walk
- University of California-San Diego - 2.3 mi / 3.6 km
- VA Medical Center - 2.7 mi / 4.4 km
- La Jolla Cove - 5.7 mi / 9.1 km
- Birch Aquarium - 2.9 mi / 4.7 km
- Scripps Pier - 3.4 mi / 5.5 km

More about the area

### About The Lodge at Torrey Pines, La Jolla

**Location.**
Positioned on the scenic bluffs of La Jolla, California, adjacent to the Torrey Pines Golf Course, is the Craftsman-style Lodge at Torrey Pines.

**Property Features.**
The formal A.R. Valentien restaurant boasts artworks by its namesake early 20th century California artist and overlooks the Torrey Pines Golf Course's 18th hole. Only native California wines are served with its fresh regional cuisine, which features a seasonally influenced menu. The Grill & Bar boasts Californian and American fare, casual dining and an adjacent cocktail lounge. The Spa at Torrey Pines hosts a steam room and sauna, and features signature treatments including the Personalized Aromapour Ritual, Rejuvenating Gel Wrap, and the Coastal Sage Scrub. Conference rooms, a business center, and complimentary high-speed internet access are provided. The lobby area boasts views of the golf course and features original Gustav Stickley furniture, Morris chairs, artworks, cherry paneling, and Judson Studio leaded glass. Amenities include a fitness room, gift shop, and an outdoor pool and spa tub.

**Guestrooms.**
The 170 guestrooms contain mahogany- or redwood-finished furnishings, leather ottomans and armchairs, and décor in tones of cream, pale olive, and cranberry red. Each room offers a private balcony or terrace overlooking the Torrey Pines Golf Course or the central courtyard. Bedding features Egyptian-cotton linens. Bathrooms contain bathrobes, marble bathtubs, and complimentary toiletries. Amenities include cable television and complimentary high-speed internet access. Adjoining rooms available.

### Key facts

**Hotel size**
- This hotel has 170 rooms
- This hotel is arranged over 5 floors

**Arriving/leaving**
- 🕐 94% of customers were happy with check-in
- Check-in time starts at 4:00 PM
- Check-out time is noon
- Express check-out

**Required at check-in**
- Credit card or cash deposit required
- Government-issued photo ID required

### Travelling with others

**Children**
- ✓ Up to 2 children (17 years old and younger) stay free when occupying the parent or guardian's room, using existing bedding
- ✓ No cribs (infant beds)
- ✓ Babysitting/childcare *

**Pets**
- ✓ Pets not allowed (service animals welcome)

**Internet**
- ✓ Free WiFi and wired internet access in public areas
- ✓ Free WiFi and wired internet access in rooms

### Transportation

**Parking**
- ✓ Valet parking *



🔍 Check location

**Other information**
- Smoke-free property

**In the hotel**

| Food and drink | Cooked-to-order breakfast daily (surcharge)  \|  2 restaurants  \|  2 bars/lounges  \| Coffee shop/café  \|  Poolside bar  \|  24-hour room service |
|---|---|
| Things to do | Golf lessons on site  \|  Golf driving range on site  \|  Golfing on site  \| Hiking/biking trails on site  \|  Bicycle rentals nearby  \|  Kayaking nearby  \| Mountain biking nearby  \|  Sailing nearby  \|  Snorkeling nearby  \| Surfing/boogie boarding nearby  \|  Water skiing nearby  \|  Windsurfing nearby |
| Working away | Business center  \|  Conference space  \|  Meeting rooms  \| Conference space size (feet) -  \|  Conference space size (meters) - |
| Services | 24-hour front desk  \|  Concierge services  \|  Tours/ticket assistance  \| Dry cleaning/laundry service  \|  Hair salon  \|  Free newspapers in lobby  \| Luggage storage  \|  Wedding services  \|  Multilingual staff  \|  Porter/bellhop |
| Facilities | Year Built  \|  Elevator/lift  \|  ATM/banking  \|  Safe-deposit box at front desk  \|  Garden  \| Terrace  \|  Library  \|  Fireplace in lobby |
| Accessibility | Accessible bathroom  \|  In-room accessibility  \|  Roll-in shower |
| Languages Spoken | French  \|  Spanish |

**In the room**

| Home comforts | Air conditioning  \|  Minibar  \|  Coffee/tea maker  \|  Bathrobes  \|  Iron/ironing board |
|---|---|
| Sleep well | Blackout drapes/curtains  \|  Turndown service  \|  Egyptian-cotton sheets |
| Freshen up | Private bathroom  \|  Free toiletries  \|  Hair dryer |
| Be entertained | 32-inch LCD TV  \|  Cable TV channels  \|  MP3 docking station |
| Stay connected | Desk  \|  Free WiFi  \|  Phone |
| Food and drink | Refrigerator |
| More | Daily housekeeping  \|  In-room safe (laptop compatible)  \| Connecting/adjoining rooms available |

| Accessibility | Accessible bathroom | In-room accessibility | Roll-in shower |
|---|---|---|---|

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



**Signature Room, 1 King Bed (Signature)**

Guestroom [1/4]

1 King Bed
500 sq feet (46 sq meters)

Internet - Free WiFi and wired Internet access
Entertainment - 32-inch LCD TV, cable channels, and MP3 dock
Food & Drink - Refrigerator, minibar, coffee/tea maker, and 24-hour room service
Sleep - Egyptian cotton linens, blackout drapes/curtains, and turndown service
Bathroom - Private bathroom, deep soaking bathtub
Practical - Laptop-compatible safe, iron/ironing board, and desk
Comfort - Air conditioning and daily housekeeping
Accessibility - Wheelchair-width doorways, phone accessibility kit, height-adjusted amenities, and portable bathtub seat
Non-Smoking
Connecting/adjoining rooms can be requested, subject to availability

Sleeps 3 people (including up to 2 children)
**Bed choices**
- 1 King Bed

More Info: 866-539-8117

**Room Details**

| | | |
|---|---|---|
| Air conditioning | Egyptian-cotton sheets | LCD TV |
| Bathrobes | Free toiletries | Minibar |
| Blackout drapes/curtains | Free WiFi | MP3 docking station |
| Cable TV service | Free wired Internet | Phone |
| Coffee/tea maker | Hair dryer | Private bathroom |
| Connecting/adjoining rooms available | HDTV | Refrigerator |
| Daily housekeeping | In-room safe (laptop compatible) | Room service (24 hours) |
| Desk | Iron/ironing board | Turndown service |



Bathroom [4/4]

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient description of dispersion of accessible rooms among various categories of rooms. False representation of accessibility – bathroom clearly inaccessible.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient description of dispersion of accessible rooms among various categories of rooms. False representation of accessibility – bathroom clearly inaccessible.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.





**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient description of dispersion of accessible rooms among various categories of rooms. False representation of accessibility – bathroom clearly inaccessible.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient description of dispersion of accessible rooms among various categories of rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

See less

**Identification of Specific Barrier in Plain Language:** Photos on booking website do not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



Pool [2/28]

**Identification of Specific Barrier in Plain Language:** Apparently inaccessible pool.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

Signature Room, 1 King Bed (Signature) - Bathroom [10/88]

| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** Inaccessible bathroom. | |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. | |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018. | |

19

Room, 1 King Bed (Palisade) - Bathroom  [11/83]

**Identification of Specific Barrier in Plain Language:** Inaccessible sink.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.





1
2
3
4
5
6
7
8



**Identification of Specific Barrier in Plain Language:** Patio.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



Hotel Entrance  [41/88]

**Identification of Specific Barrier in Plain Language:** No apparent passenger drop off area.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest

rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



**Identification of Specific Barrier in Plain Language:** Inaccessible dining.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.





**Identification of Specific Barrier in Plain Language:** Inaccessible patio.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

Guest Room [81/88]

**Identification of Specific Barrier in Plain Language:** Inaccessible tub.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible tub / bathroom.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



Guest Room [06/88]

| Identification of Specific Barrier in Plain Language: Inaccessible tub /bathroom |
|---|
| The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel: Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about December 8, 2018. |

**3rd PARTY INFORMATION – GOOGLE MAPS – OYSTER – ETC**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Identification of Specific Barrier in Plain Language:** No apparent pool access.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest

rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.





**Identification of Specific Barrier in Plain Language:** Inaccessible patio.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



**Identification of Specific Barrier in Plain Language:** Apparently inaccessible refreshment bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

1
2
3
4
5
6
7
8
9
10
11
12
13



**Identification of Specific Barrier in Plain Language:** Inaccessible bathroom.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







**Identification of Specific Barrier in Plain Language:** Apparently inaccessible grassy area.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Identification of Specific Barrier in Plain Language:** Insecure rug.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.



**Identification of Specific Barrier in Plain Language:** Apparent cross-slope hreater than 1:48.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21  **Identification of Specific Barrier in Plain Language:** Inaccessible route with no apparent signage to accessible route.

22  **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

23
24

25  **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

26
27
28



| Identification of Specific Barrier in Plain Language: |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018. |



**Identification of Specific Barrier in Plain Language:** (1) Inaccessible route. (2) Hose impedes accessibility.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Appaently improperly configured outdoor shower.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about December 8, 2018.

**END**

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS110532
Cashier ID: naparici
Transaction Date: 04/08/2019
Payer Name: PETER STROJNIK
---------------------------------
CIVIL FILING FEE
 For: PETER STROJNIK
 Case/Party: D-CAS-3-19-CV-000650-BAS
 Amount:          $400.00
---------------------------------
CHECK
 Check/Money Order Num: 1594
 Amt Tendered:  $400.00
---------------------------------
Total Due:       $400.00
Total Tendered: $400.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.
```