# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, Sr.<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EVANS HOTELS, LLC dba THE LODGE AT TORREY PINES,<br><br>　　　　　　　　Defendant. | Case No. 19-cv-0650-BAS-BGS<br><br>**ORDER GRANTING RULE 12(b)(6) MOTION TO DISMISS AND DENYING RULE 12(f) MOTION TO STRIKE**<br><br>**[ECF No. 6]** |

In the First Amended Complaint ("FAC"), *pro se* Plaintiff Peter Strojnik alleges that he suffers from a physical impairment that affects his mobility, and "requires compliant mobility accessibility features at places of public accommodation." (ECF No. 3 ("FAC") ¶ 4.) Plaintiff viewed the website for Defendant Evans Hotels, LLC dba The Lodge at Torrey Pines ("Evans"), a hotel based in La Jolla, California. (Id. ¶¶ 5, 11.) To "Plaintiff's knowledge," the hotel does not comply with federal or state laws as they concern "Plaintiff's disability." (*Id*. ¶¶ 10–11.) Plaintiff "is deterred from visting the hotel based on" what Plaintiff knows, but "intends to visit Defendant's Hotel" when it becomes compliant. (*Id.* ¶¶ 11–12.) Plaintiff raises claims for: (1) violation of the Americans with Disabilites Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and implementing regulations, (2) violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52, (3) violation of

the California Disabled Persons Act ("CDPA"), and (4) common law negligence. (*Id*. ¶¶ 13–64.)

Evans moves to dismiss Plaintiff's CDPA and negligence claims pursuant to Rule 12(b)(6). (ECF No. 6.) Evans also moves to strike aspects of the FAC under Rule 12(f). (ECF No. 6.) Plaintiff has responded. (ECF No. 8.) In his response, Plaintiff purports to dismiss his CDPA and negligence claims under Rule 41(a)(1). Because Rule 41(a)(1) "does not allow for piecemeal dismissals," *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005), the Court construes Plaintiff's response as a non-opposition to dismissal and dismisses without prejudice Plaintiff's CDPA and negligence claims. This dismissal renders moot Evans's request to strike Plaintiff's request for negligence claim punitive damages. Plaintiff disputes Evans's remaining requests to strike. (ECF No. 8.) These issues can be decided on the present briefing and without oral argument. For the reasons herein, the Court denies Evans's Rule 12(f) motion to strike.

## LEGAL STANDARD

Upon motion by a party, the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent" matter includes "statements that do not pertain, and are not necessary, to the issues in question." *Id*.

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a

delaying tactic." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). A Rule 12(f) motion should only be granted when it is "clear that [a matter] can have no possible bearing on the subject matter of the litigation." *Ill. Nat'l Ins. Co. v. Nordic PCL Constr., Inc.*, 870 F. Supp. 2d 1015, 1039 (D. Haw. 2012). A court may not resolve any disputed or substantial factual or legal issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). If there is any doubt whether the allegations might bear on an issue in the litigation, the court should deny the motion. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Ultimately, the decision whether to grant a Rule 12(f) motion is in the district court's discretion. *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015).

**DISCUSSION**

The remaining issues for resolution in Evans's motion to strike are: (1) Plaintiff's allegation that he brings this action as a "private attorney general," (FAC ¶ 7), (2) Plaintiff's request for nominal damages under the ADA, (*id.* at 4), (3) Plaintiff's request for attorney's fees, (*id.* at 6), and (4) Plaintiff's request for an order of business closure, (*id.* at 6, 7). Evans contends that these requests should be stricken as "impertinent" and "immaterial." (ECF No. 6-1 at 7.) The Court disagrees.

The Court first rejects Evans's request to strike Plaintiff's self-characterization that he is a "private attorney general" in this suit. (*Id.*) Evans contends that the statutes on which Plaintiff relies in this case "do not provide for any 'private attorney general' status of a plaintiff.'" (*Id.*) Evans's contention is based on a fundamental misunderstanding of what the phrase "private attorney general" means. It is not a statutorily-defined status, but rather is a term merely used to describe the role of a private plaintiff who seeks to vindicate the antidiscrimination policy Congress codified into the ADA. *See Bruce v. City of Gainesville*, 177 F.3d 949, 952 (11th

Cir. 1999) ("In Title VII cases as well as cases under the ADA, the enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the law.). The Ninth Circuit has, of course, stated that the ADA is not "an open-ended private general statute." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc). This statement, however, does not warrant striking Plaintiff's self-characterization. "No administrative process exists to ensure ADA compliance; rather, 'private attorney general' suits are 'the most common form' of ADA enforcement." *Larkin v. Winn- Dixie Stores, Inc.*, No. 6:15-cv-773-Orl-37KRS, 2015 WL 4496172, at *1 (M.D. Fla. July 23, 2015) (quoting *Gomez v. Dade Cty. Fed. Credit Union*, 610 Fed. App'x 859, 861 n.1 (11th Cir. 2015)); *Goodman v. Tatton Enters.*, No. 10-60624-CIV-ZLOCH/ROSENBAUM, 2012 WL 12540024, at *25 (S.D. Fla. June 1, 2012) ("[A]s long as [an ADA] plaintiff files all [his] suits in good faith, that plaintiff no less fulfills the role of the private attorney general that Congress envisioned than a plaintiff who files only a single suit seeking relief under Title III."). Thus, there is nothing impertinent, nor immaterial about an ADA plaintiff referring to himself as a private attorney general. Evans's request to strike the reference for the additional reason that Plaintiff was never "personally subjected" to discrimination at Evans's hotel fails because Evans merely disputes Plaintiff's factual allegations and their legal significance. *See Chapman*, 631 F.3d at 953 ("An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury."). Such a dispute is not a proper basis for striking an allegation.

Second, the Court rejects Evans's request to strike Plaintiff's request for nominal damages under the ADA because a Rule 12(f) motion to strike is not the proper vehicle for this request. (ECF No. 6-1 at 7–8.) Evans contends that an ADA plaintiff may only seek "injunctive relief" and thus cannot recover nominal damages

as a matter of law. (*Id.* (citing 42 U.S.C. § 12188(a)(1)).) Plaintiff disputes this argument by pointing to *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 874 (9th Cir. 2017), a case in which the Ninth Circuit determined that nominal damages are available under a different ADA provision that also provides for equitable relief. The Court, however, denies Evans's request to strike for the simple reason that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010). Instead, such a challenge must be raised in a motion to dismiss or a motion for summary judgment. *Id.* Given the posture of this case, the ultimate merits of whether nominal damages are available under the ADA will need to be decided through a motion for summary judgment, if at all, not the present motion.

Third, Evans's request to strike Plaintiff's requests for attorney's fees is not warranted. (ECF No. 6-1 at 8.) Evans's request overstates the importance of Plaintiff's pleading of a request for attorney's fees. Plaintiff's mere pleading of a prayer for attorney's fees does not entitle him to such fees. *See Boink Sys., Inc. v. Las Vegas Sands Corp.*, No. 2:08-cv-00089-RLH-GWF, 2008 WL 11389198, at *6 (D. Nev. Dec. 10, 2008). Rather, any request for attorney's fees is governed by a separate rule and must be approved by the Court. *See* Fed. R. Civ. P. 54(d)(2). Evans also contends that Plaintiff's request should be stricken because Plaintiff is proceeding *pro se*.[1] Plaintiff, however, indicates that he intends to obtain counsel if this case proceeds to trial. (ECF No. 8.) This representation casts doubt on the propriety of striking the request, particularly given that attorney's fees may be

---

[1] The Court denies Evans's request to take judicial notice of documents that Evans introduces to show that the Arizona bar disbarred Plaintiff on May 10, 2019. (ECF No. 6-2, Request for Judicial Notice Exs A–D.) These documents and the information contained in them are unnecessary to the resolution of Evans's present motion.

obtained under the ADA and the Unruh Act.  *See* 42 U.S.C. § 12205; Cal. Civ. Code § 51(f).

Fourth, and finally, the Court rejects Evans's request to strike Plaintiff's request for "closure of Evans Hotels' business." (ECF No. 6-1 at 8.)  This request simply pertains to a form of injunctive relief.  A Rule 12(f) motion does not provide a basis to strike a request for injunctive relief because such relief directly relates to the merits of the underlying claims.  *See Grayon v. Cty. of Marin*, No. 14-cv-5225-JST, 2015 WL 720830, at *2 (N.D. Cal. Feb. 18, 2015) (relying on *Whittlestone* to find that a request for injunctive relief cannot be striken from a complaint under Rule 12(f)); *McGuire v. Recontrust Co., N.A.*, No. 2:11-cv-2787-KJM-CKD, 2013 WL 5883782, at *3 (E.D. Cal. Oct. 30, 2013) (relying on *Whittlestone* to deny a motion to strike any portion of the plaintiff's prayer for relief, including injunctive relief); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1195 (C.D. Cal. 2010) ("The Ninth Circuit's reasoning in *Whittlestone* applies with equal force to claims for injunctive relief"). Thus, Evans's request to strike the requested relief under Rule 12(f) fails.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Evans's consolidated motions. (ECF No. 6.)  The Court **GRANTS** Evans's unopposed Rule 12(b)(6) motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's CDPA and common law negligence claims.  The Court **DENIES AS MOOT** Evans's motion to strike Plaintiff's punitive damages request.  The Court otherwise **DENIES** Evans's motion to strike.  Evans **SHALL ANSWER** the operative portions of the FAC **no later than July 19, 2019**.

**IT IS SO ORDERED.**

**DATED: July 8, 2019**

Hon. Cynthia Bashant
United States District Judge