# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, Sr.<br><br>  Plaintiff,<br><br>v.<br><br>EVANS HOTELS, LLC dba THE LODGE AT TORREY PINES,<br><br>  Defendant. | Case No. 19-cv-0650-BAS-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**<br><br>[ECF No. 13] |

This case concerns alleged violations of the Americans with Disabilites Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and implementing regulations and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52, based on the alleged lack of mobility access features for Plaintiff's mobility impairtment at one of Defendant Evans Hotels, LLC dba The Lodge at Torrey Pines's ("Evans") hotels in La Jolla, California. (ECF No. 3 First. Am. Compl.) Plaintiff alleges that he encountered these alleged violations upon using a third-party booking website to look for rooms at the hotel. (*Id.* ¶¶ 15–20.) Addendum A to the FAC shows that Plaintiff claims he encountered the alleged barriers "on or about December 8, 2019." (*Id.* at 12–27, 29—32, 34–40.) Plaintiff now moves to dismiss Evans's breach of contract counterclaims for lack of supplemental jurisdiction. The Court denies Plaintiff's motion.

**RELEVANT BACKGROUND**

Following the Court's grant in part and denial in part of Evans's Rule 12(b)(6) motion to dismiss and Rule 12(f) motion to strike, Evans filed an Answer to the operative complaint. (ECF No. 11.) In connection with its Answer, Evans invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 to assert two breach of contract counterclaims against Plaintiff. (*Id.* at 21–27.)

The first counterclaim concerns an alleged October 10, 2018 settlement agreement between Strojnik and Evans regarding three of Evans's hotels in San Diego County—the Bahia Resort Hotel, the Catamaran Resort and Spa, and The Lodge at Torrey Pines—in which Strojnik allegedly agreed not to visit the hotels for any purpose without Evans's written consent. (*Id.* at 18–19.) The parties allegedly entered into the settlement agreement after Strojnik threatened to sue Evans for ADA violations he encountered after he reserved "an accessible room and stayed overnight at the Bahia" hotel around August 10, 2018. (*Id.* at 18.) Evans claims that Strojnik breached these agreements when he sent a letter to the General Manager of The Lodge at Torrey Pines on December 21, 2018, which stated that he intended to visit The Lodge on December 8, 2018, but he saw through the booking procedure the hotel "does not provide equal access." (*Id.* at 20.) Evans alleges that Plaintiff or his agent visited The Lodge after signing the settlement agreement and without Evans's written consent. (*Id.*) Evans alleges a further breach based on Strojnik sending a May 31, 2019 letter to the Catamaran Hotel Manager, which stated that Strojnik visited the hotel in the May 20–22, 2019 time frame and encountered ADA and Unruh Act violations. (*Id.*) Evans alleges that it did not provide written consent to Plaintiff to visit this hotel. (*Id.* at 21.)

Evans and Strojnik allegedly entered into a separate consulting agreement on the same date as the settlement agreement, in which Strojnik allegedly agreed to

"provide the type of accessibility information that a mobility disadvantaged guest may wish to review on a booking website or from an in house booking agent." (*Id.* at 19.) Evans allegedly paid Strojnik $3,000 for these consulting services, but Strojnik has not provided the services and, instead, he filed the present lawsuit regarding alleged ADA violations at The Lodge. (*Id.*)

## ANALYSIS

Plaintiff Strojnik has filed a one-paragraph motion to dismiss Evans's counterclaims for lack of supplemental jurisdiction on the ground that the counterclaims "have nothing to do with" Plaintiff's underlying ADA claim. (ECF No. 13.) Plaintiff provides no argument or analysis to support his motion. Under 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III[.]" 28 U.S.C. § 1367(a). Evans's counterclaims are plainly so related to the ADA claims Plaintiff raises against Evans for the alleged barriers Plaintiff alleges he encountered on December 8, 2018 at The Lodge that they form part of the same case or controversy.

## CONCLUSION & ORDER

For the foregoing reason, the Court **DENIES** Plaintiff's motion to dismiss Evans's counterclaims for lack of supplemental jurisdiction. (ECF No. 13.) Plaintiff **SHALL ANSWER** Evans's counterclaims **no later than August 12, 2019**.

IT IS SO ORDERED.

DATED: July 26, 2019

Hon. Cynthia Bashant
United States District Judge