

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, Sr.<br><br>                    Plaintiff,<br><br>  v.<br><br>EVANS HOTELS, LLC dba THE LODGE AT TORREY PINES,<br><br>                    Defendant. | Case No. 19-cv-0650-BAS-BGS<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT**<br><br>**[ECF No. 18]** |

Pursuant to Federal Rule of Civil Procedure 68(a), *pro se* Plaintiff Peter Strojnik filed his acceptance of a Rule 68 offer from Defendant Evans Hotels, LLC dba The Lodge at Torrey Pines ("Evans"). On July 19, 2019, Evans offered to pay Plaintiff $500.00 "in complete satisfaction of all liability, damages, injuries, and claims against Defendant" in this action, an amount "which shall include any allowable attorney's fees, claim for damages, penalties, monetary amounts, costs, and interest accrued as of the date of th[e] offer." (ECF No. 18 Ex. 1 at 2.) The offer does not constitute an admission of liability by Evans. (*Id*.) Plaintiff accepted this offer on July 31, 2019 in a signed notice mailed to the Court on the same day and "[c]opy-emailed" to Evans's counsel on the same day. (*Id*.) Following an order from this Court, Evans has confirmed that it made the Rule 68 offer to Plaintiff and that Plaintiff timely accepted the offer. (ECF No. 20.)

Rule 68(a) provides that:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Here, no date is set for trial and thus Evans's offer was timely. *See Greg Opinski Constr., Inc. v. Braswell Constr., Inc.*, No. 1:09-cv-00641, 2012 WL 10513, at *2 (E.D. Cal. Jan. 3, 2012) (treating Rule 68 offer as timely when no trial date was set). Plaintiff accepted the offer on July 31, 2019 before his August 2, 2019 deadline to accept the offer. Plaintiff also indicates that he copy-emailed his acceptance of the offer to one of Defendant's attorneys on July 31, 2019 as well, which the Court finds constitutes proof of service.

Based on the foregoing, the Clerk of the Court **SHALL ENTER** a judgment on Plaintiff's claims against Evans in the amount of $500.00 "in complete satisfaction of all liability, damages, injuries, and claims against Defendant in the above-entitled action had or asserted by Plaintiff." <u>The Court advises that Evans's counterclaims against Plaintiff and Evans's motion to declare Plaintiff a vexatious litigant remain pending</u>. (ECF Nos. 11, 12.)

**IT IS SO ORDERED.**

**DATED: August 14, 2019**

Hon. Cynthia Bashant
United States District Judge