Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsay N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544

Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>    Plaintiff,<br><br>v.<br><br>Evans Hotels, LLC dba The Lodge At Torrey Pines,<br><br>    Defendant.<br><br>Evans Hotels, LLC,<br><br>    Counter-Claimant,<br><br>v.<br><br>Peter Strojnik (Sr.),<br><br>    Counter-Defendant. | Case No. 19-cv-0650-BAS-BGS<br><br>**DEFENDANT EVANS HOTELS LLC'S REPLY RE MOTION TO DECLARE PETER STROJNIK A VEXATIOUS LITIGANT**<br><br>Date:          Monday, August 26, 2019<br>Time:         N/A<br>Courtroom:  4B<br>Judge:        Hon. Cynthia Bashant<br>Magistrate Judge: Hon. Bernard G. Skomal<br>Complaint Filed: April 05, 2019<br>Trial Date:   None set |

Peter Strojnik's ("Strojnik") pattern of using the legal system for profit—knowing that businesses cannot afford their day in court—from his home in Arizona must be stopped by this Court. In this unusual set of facts, Strojnik (as both a former attorney and a litigant) has targeted California, filing and settling lawsuits throughout the state. His defiant Opposition only supports Defendant Evans Hotels' argument here. Last month, following his disbarment from the Arizona State Bar, Strojnik filed suit against the Arizona State Bar for over $5 million for various claims describing a "civil conspiracy" against him, and accusing the State Bar of holding "*George Wallacesque* segregations views." (Declaration of Peter Strojnik, ¶17, Ex. 2, ¶1.) Strojnik will continue to use the legal system in a wasteful, fraudulent, and self-serving manner—unless the Court acts and grants this motion. Each *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) factor being met here, the Court should grant this motion.

## I. STROJNIK'S OPPOSITION IS UNTIMELY AND MERITLESS

As a preliminary matter, Strojnik's opposition to Defendant Evans Hotels, LLC's Motion to Declare a Vexatious Litigant is untimely. [ECF 12.]  (See, Declaration of Nadia P. Bermudez, filed concurrently, ¶3.)  The court should thus grant the motion pursuant to Local Rule 7.1.f.3, which provides that "[I]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." If the Court deigns to consider Strojnik's opposition, it should do with a view towards Strojnik's outrageous theories, fraudulent conduct (especially towards the public), and note the general waste of judicial resources.

In response to Evans Hotels' motion, Strojnik also weakly "objects to the continuation of the vexatious litigant issue based on the doctrine of merger." (Plaintiff's Opposition, p. 1) However, the only legal authority he cites to in support of this contention involved a terminated litigation, which is not the case here. [ECF 21.]  Moreover, a court retains this power to sanction a party for abuse of the judicial

process even when a case has been dismissed. *Procup v. Strickland*, 792 F.2d 1069, 1073-1074 (11th Cir. 1986) (en banc)(per curiam).  Further, the All Writs Act allows courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Klay v. United Healthgroup, Inc.* 376 F.3d 1092, 1099 (11th Cir. 2017).

## II. STROJNIK'S CONDUCT IN THIS CASE IS EMBLEMATIC OF THE URGENCY OF STOPPING HIS MISCONDUCT

### A. All Factors Under *DeLong* Have Been Met.

A district court must: (1) find the litigant was provided with adequate notice and an opportunity to be heard; (2) establish an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the plaintiff's litigation; and (4) limit the breadth of the order by narrowly tailoring "to closely fit the specific vice encountered." *De Long,* 912 F.2d at *1147-48*.

Strojnik does not focus on or seem to contest any other factor other than third one requiring substantive findings.  Strojnik's primary opposition argument is that there is no evidence he files meritless or harassing lawsuits.  (Plaintiff's Opposition, pp. 7-8.)  Strojnik, however, ignores the actions by the State Bar of Arizona and by the Arizona Attorney General, who have come to the same conclusion that Strojnik's actions were fraudulent and caused harm to the public.  Strojnik may seek to draw an artificial line between his conduct as a party and counsel, but the harm is exactly the same—overwhelming the courts with fraudulent ADA litigation.  No published case has dealt with this unique set of facts.  In fact, Strojnik had an opportunity to contest his disbarment and the facts underlying it, but he chose not to do so.  Instead, he has now filed a spurious lawsuit against the State Bar of Arizona and its employees and their marital partners. The filings are outrageous and a continued waste of judicial resources.

/ / /

/ / /

## B. Factors Under *Molski v. Evergreen Dynasty* Have Also Been Met

The Ninth Circuit has identified five factors courts should consider in determining the substantive question of whether a party's litigation qualifies as frivolous or harassing, each of which supports this motion: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to the parties or posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and the other parties. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007).

Strojnik's intent to harass Defendant is further demonstrated in his filing a frivolous Motion to Dismiss for Lack of Supplemental Jurisdiction, which was summarily denied by the court on July 29, 2019. [ECF 16.]  Strojnik was also ordered to file an answer to the Counterclaims of Defendant Evans Hotels, but he has failed to do so to date.

Additionally, since the filing of this Motion on July 22, 2019, Evans Hotels received notice that Mr. Strojnik has made a third ADA claim against an Evans Hotels' property, the Catamaran Resort Hotel and Spa, styled as *Peter Strojnik (Sr.) v. Marla K. Hicks Trust dba Catamaran Resort Hotel and Spa*, 19 cv 1446-GPC-MSB.  (See Defendant's Request for Judicial Notice ["RJN"], filed concurrently, Exhibit ["Ex."] A.).  Evans Hotels intends to file a Notice of Related Actions regarding these cases and defend the claim similarly, due to Strojnik's prior contractual promise to not patronize any Evans Hotels, including the Catamaran.  As noted above, Strojnik also recently filed suit against his own former State Bar.

/ / /

/ / /

/ / /

Indeed, Strojnik's serial litigation has seen no decline since the filing of the Motion. Instead, he has filed 14 lawsuits since July 22, 2019 (updated though August 12, 2019 only) and has now expanded his ligation footprint to reach Puerto Rico:

| Plaintiff | Case No. | Defendant | Court | Filing Date |
|---|---|---|---|---|
| Strojnik, Peter (pla) | 1:2019cv01097 | Strojnik v. BRE Newton Hotels Property Owner,LLC | CA Eastern District Court | 08/12/2019 |
| Strojnik, Peter (pla) | 1:2019cv01099 | Strojnik v. Integrated Capital, LLC | CA Eastern District Court | 08/12/2019 |
| Strojnik, Peter (pla) | 1:2019cv01098 | Strojnik v. Bakersfield Convention Hotel I, LLC | CA Eastern District Court | 08/12/2019 |
| Strojnik, Peter (pla) | 5:2019cv04616 | Strojnik v. Resort at Indian Springs, LLC | CA Northern District Court | 08/09/2019 |
| Strojnik, Peter (pla) | 5:2019cv04619 | Strojnik v. Homestead Inn LLC | CA Northern District Court | 08/09/2019 |
| Strojnik, Peter (pla) | 3:2019cv01445 | Strojnik v. RNM Hospitality, Inc et al | CA Southern District Court | 08/01/2019 |
| Strojnik, Peter (pla) | 3:2019cv01714 | Strojnik v. Paulson & Co. Inc. et al | Puerto Rico District Court | 07/25/2019 |
| Strojnik, Peter (pla) | 3:2019cv01712 | Strojnik v. International Hospitality Enterprises, Inc. | Puerto Rico District Court | 07/25/2019 |
| Strojnik, Peter (pla) | 3:2019cv01713 | Strojnik v. Herger et al | Puerto Rico District Court | 07/25/2019 |
| Strojnik, Peter (pla) | 3:2019cv01386 | Strojnik v. Prospect Hospitality, LP. | CA Southern District Court | 07/24/2019 |
| Strojnik, Peter (pla) | 3:2019cv01391 | Strojnik v. Bartell Hotels Management Company | CA Southern District Court | 07/24/2019 |

| Plaintiff | Case No. | Defendant | Court | Filing Date |
|---|---|---|---|---|
| Strojnik, Peter (pla) | 3:2019cv01390 | Strojnik v. Lizerbram | CA Southern District Court | 07/24/2019 |
| Strojnik, Peter (pla) | 3:2019cv01381 | Strojnik v. CWI 2 La Jolla Hotel, LP | CA Southern District Court | 07/24/2019 |

(RJN, Ex. B.)

Surely, Strojnik could not expect to patronize each of these locations or the multitude of others he has sued or served a demand upon--it is inconceivable. That is likely the reason that Strojnik does not actually factually dispute the contentions in Evans Hotels' motion. Rather, he calls them "hateful and hurtful opinions of counsel."

Strojnik's successive filings and quick settlements and dismissals demonstrate a crafty business plan from his home in Arizona. In a more glaring example from a recent Central District case, *Strojnik v. Orangewood LLC*, *dba Doubletree Suites,* Case No. 8:19-cv-00946-DSF-GJF (C.D. Cal. August 8, 2019), a judge granted a defendant hotel's motion to dismiss against Strojnik (albeit with leave to amend), for pursuing state Unruh Act claims based purely on alleged website ADA visitations from Arizona. (RJN, Ex. C.)

Left unchecked, Strojnik will continue to harm the public with frivolous shakedowns, including improper pleas for attorney's fees, exaggerated damages, and unsupportable legal theories. Most troubling, however, is the confusion on the public, because Strojnik still appears to be holding himself out as a lawyer, using the email PS@strojnik.com or STROJNIK PC in his communications and by including a privacy caution in his emails, as a lawyer would use.

///

///

///

## III. STROJNIK'S DECLARATION AND ACTIONS BELIE HIS TRUE MOTIVE IN PURSUING ADA LITIGATION

Strojnik contends that his intent is to improve disability access. However, his actions are driven by profit, which include making fraudulent demands to his targets above and beyond statutory damages that he would be entitled to by continuing to appear to be working as a lawyer under his law firm, Strojnik PC. Strojnik's conduct is nothing new to courts in California.

The court in *Molski v. Kahn Winery,* 405 Supp. 2d 1160, 1164 (C.D. Cal. 2005) encountered a similar plaintiff:

> Molski regularly claims to be acting in the interest of the disabled community, describing himself as a "sheriff" out to improve access. His litigation tactics, however, belie this characterization. The record before the Court leads it to conclude that Molski's lawsuits are instead filed maliciously, thereby reducing his credibility. The ADA is intended to achieve the prompt remediation of architectural and other barriers that impede access to places of public accommodation by the disabled community. By tacking on state law claims for Unruh damages to his federal ADA complaints, Molski reveals his true motive: to extort a cash settlement. Rather than further the prompt remedial purposes of the ADA, these Unruh state law claims for money damages lengthen the time it takes to settle disputes, add additional issues to a case, and increase the litigation costs of both parties to a dispute. As a result, access -- Moslki's alleged purpose in bringing these claims -- is greatly delayed and rarely achieved.

*Molski v. Kahn Winery, supra,* 405 Supp. at 1166-1167.

Similarly, here, the record reflects that Strojnik has been disbarred for filing fraudulent ADA claims, which he now pursues for his personal economic benefit. In fact, he has demanded settlement amounts in excess of what he be entitled to and seeks attorney's fees as a non-attorney. Indeed, Strojnik, an Arizona resident, is in California alleging Unruh violations or he is pursuing them from his home in Arizona. (See, RJN Ex. C.)

///

## IV. RELIEF REQUESTED IS WITHIN THE AUTHORITY OF THE COURT AND SHOULD BE EMPLOYED TO PROTECT THE PUBLIC

What is more, this Court has the power to investigate Mr. Strojnik's conduct. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). The All Writs Act is a codification of this inherent power and provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Klay, supra,* 376 F.3d at 1099; see also 28 U.S.C. § 1651(a). This Act has been interpreted to provide federal courts with the inherent power to regulate activities of abusive litigants through imposition of carefully tailored pre-filing restrictions when appropriate. (*See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (noting that Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances") (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Thus, this Court is imbued with the power to regulate Strojnik's conduct.

As noted by the court in *Molski v. Mandarin Touch Rest*., 347 F. Supp. 2d 860, 868 (C.D. Cal. 2004), the current framework of the ADA encourages plaintiffs to engage in "shotgun litigation [that] undermines both the spirit and purpose of the ADA." *Id*. at 863 (*citing Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004)). Frustration with the perceived manipulation of the ADA to produce attorneys' fees led the Court two issue another opinion in *Molski v. Mandarin Touch Rest*., 359 F.Supp.2d 924, 926-27, 934, 937 (C.D.Cal.2005) [hereinafter *Molski II*] and condemn counsel for abusive and predatory litigation practices, declare their plaintiff a vexatious litigant, find counsel presented multiple excessive claims "bordering on extortionate shysterism," and urge a State Bar investigation and counsels' suspension or disbarment. *Molski II*, 359 F.Supp.2d at 926-27, 934, 937;

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

*see also, Doran v. Del Taco, Inc.*, 373 F. Supp. 2d 1028, 1030-1031 (C.D. Cal. 2005).

The court noted that the perceived legitimacy of the Court is also a victim of the scheme:

> The integrity of the bar is called into question by the well-publicized accounts of lawyers employing unethical tactics in the pursuit of their own financial gain. The legitimacy of the courts is also injured because the public may view the courts as complicit in allowing these shakedown schemes to continue. Most importantly, this type of litigation creates a backlash against disabled persons who rely on the ADA as a means of achieving equal access.

*Molski II*, 359 F.Supp.2d at 937.

Strojnik would not be barred entirely from ever filing a lawsuit if the motion is granted. That is not what is requested here. Rather, certain pre-filing conditions would serve as a clearinghouse for any legitimate claims that could be alleged. Strojnik is one person. If others followed his pattern without any consequences, the federal courts would be overwhelmed by litigation aimed at soliciting pre-trial settlements.

In furtherance of the Court's determination of this motion, it should consider opening discovery on this motion. Strojnik should be forced to reveal the amount of money has received in ADA litigation as a party, whether he has actually visited any of the places he has sued after filing his complaints, and he should be forced to reveal his pre-litigation tactics and communication methods with businesses—specifically with regard to any misrepresentations concerning his status as a licensed attorney. Most businesses, when threatened with protracted litigation and the prospect of a significant fee award to the plaintiff's attorney, quickly capitulate. *See Doran v. Del Taco, Inc.*, 373 F. Supp. 2d 1028, 1030 (C.D. Cal. 2005) ("Faced with costly litigation and a potentially drastic judgment against them, most businesses quickly settle.") Strojnik appears to be using his former license to his economic advantage in this unscrupulous manner.

## V. CONCLUSION

The court must act in the interest of the public at large and grant the Motion to Declare Peter Strojnik a Vexatious Litigant.

DATED: August 19, 2019

KLINEDINST PC

By: */s/Nadia P. Bermudez*
Nadia P. Bermudez
Lindsey N. Casillas
Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines