FILED
Nov 20 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ julieh  DEPUTY

Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

NUNC PRO TUNC
Nov 12 2019

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (Sr.),<br><br>Plaintiff,<br><br>vs.<br><br>EVANS HOTELS, LLC DBA THE LODGE AT TORREY PINES<br><br>Defendant. | Case No: 19-cv-00650-BAS-AHG<br><br>**NOTICE OF DECISION IN LEGALLY INDISTINGUISHABLE CASE REGARDING DEFENDANT'S MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT** |

In *Strojnik v. Hyatt International Corporation*, 19-cv-03006 (NC) (N.D. Cal.), the defense Counsel there, as the defense Counsel here, filed a motion to dismiss along with a vexatious litigant motion. *See* Docs. 8 and 9 in *Hyatt*. The jurisdictional allegations in *Hyatt* are virtually the same as the jurisdictional allegations here. The substantive allegations are obviously different with respect to (1) identify the Defendant, (2) actual and factual documentation of particular ADA violations, and (3) the dates of Plaintiff's personal encounter with the barriers.

The vexatious litigant motion in the *Hyatt* case is also legally indistinguishable from the same motions filed in this case.

The Court in *Hyatt* did not grant Defendant's Motion to Dismiss but instead noted that the facts in the Declaration of Peter Strojnik in support of the response to Defendant's

Motion to Dismiss state sufficient facts that, if incorporated in the Complaint, would satisfy jurisdictional requirements. The Court stated, Doc. 33 at pp 1-2[1]:

> In response to the motion, at ECF 16 (memorandum) and 19 (declaration of Mr. Strojnik), plaintiff provides evidence that he traveled to Carmel on April 7, 2019, and stayed at the La Playa Carmel By the Sea. He attests that he then visited Hyatt Carmel Highlands to "determine if *it* would be suitable for Declarant's mobility needs upon his return to Carmel." ECF 16 at p. 4. He attests that he documented through photographs ADA violations at Hyatt Carmel Highlands. *Id.* Further, he declares that he intends to lodge at Hyatt Carmel Highlands when it becomes fully compliant with accessibility requirements. *Id.*
>
> Plaintiff's response and declaration include many factual allegations that are not in the complaint. Under Fed. R. Civ. P. 15(a)(2), the Court should freely give leave to amend when justice so requires. Here, justice requires granting plaintiff leave to amend the complaint so that he may include factual details in support of his claimed standing, injury in fact, and deterrence from visiting the property. Accordingly, the Court grants plaintiff leave to file an amended complaint by November 15, 2019.

More importantly, however, the Court in *Hyatt* denied Defendant's vexatious litigant motion because "[t]he Court has not found this case to be frivolous or in bad faith." *Id.* at 2. As a result of lack of proof of this predicate to a vexatious litigant motion, the Court found that the vexatious motion was premature:

> Next, the Court considers Hyatt's motion to declare Mr. Strojnik a vexatious litigant and to require him to obtain Court permission before filing any future ADA cases in this judicial district. ECF 9. This motion is denied, without prejudice, as premature. At this moment, the Court has not found this case to be frivolous or in bad faith. If Hyatt prevails in this case and has a factual and legal basis to have the Court declare Mr. Strojnik a vexatious litigant, it may file a new motion within 14 days of an order dismissing the case. Mr. Strojnik would be entitled to respond in writing and to a hearing.

Obviously, since Plaintiff is the winner in this case, *see* Judgment at Doc 22, this Court cannot find "this case to be frivolous or in bad faith".

Plaintiff requests that the Curt consider the decision in *Hyatt* in order to assure consistency of reasoning and decisions in California's US Circuit Courts.

---

[1] Exhibit 1.

1 | RESPECTFULLY SUBMITTED this 6th day of November 2019.

2 | **PETER STROJNIK**

3 |

4 | Plaintiff

5 | The original of the foregoing mailed to the District Curt this 6th day of November, 2019;
6 | THENCE DISTRIBUTED THROUGH PACER.

7 | /s/

3

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>Plaintiff,<br><br>v.<br><br>HYATT INTERNATIONAL CORPORATION dba HYATT CARMEL HIGHLANDS,<br><br>Defendant. | Case No. 19-cv-03006 (NC)<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT; DENYING AS PREMATURE DEFENDANT'S MOTION TO DECLARE PLAINTIFF AS VEXATIOUS; AND CONTINUING CMC TO JAN. 15**<br><br>Re: ECF 8, 9 |

This is a pro se civil rights case under the Americans with Disabilities Act and California's Unruh Civil Rights Act and Disabled Persons Act. Plaintiff Peter Strojnik asserts that he is a disabled person who was discriminated against by the defendant Hyatt Carmel Highlands hotel located in Carmel, California. ECF 1, Complaint.

The first matter presented to the Court is Hyatt's motion to dismiss the case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). ECF 8. Hyatt's central argument is that Strojnik lacks standing because he never visited the hotel and suffered no injury in fact.

In response to the motion, at ECF 16 (memorandum) and 19 (declaration of Mr. Strojnik), plaintiff provides evidence that he traveled to Carmel on April 7, 2019, and stayed at the La Playa Carmel By the Sea. He attests that he then visited Hyatt Carmel Highlands to "determine if *it* would be suitable for Declarant's mobility needs upon his return to Carmel." ECF 16 at p. 4. He attests that he documented through photographs ADA violations at Hyatt Carmel Highlands. *Id.* Further, he declares that he intends to

Case 4:19-cv-03983-DMR   Document 32-1   Filed 11/01/2019   Page 2 of 2

1 lodge at Hyatt Carmel Highlands when it becomes fully compliant with accessibility
2 requirements. *Id.*

3     Plaintiff's response and declaration include many factual allegations that are not in
4 the complaint. Under Fed. R. Civ. P. 15(a)(2), the Court should freely give leave to amend
5 when justice so requires. Here, justice requires granting plaintiff leave to amend the
6 complaint so that he may include factual details in support of his claimed standing, injury in
7 fact, and deterrence from visiting the property. Accordingly, the Court grants plaintiff leave
8 to file an amended complaint by November 15, 2019.

9     Next, the Court considers Hyatt's motion to declare Mr. Strojnik a vexatious litigant
10 and to require him to obtain Court permission before filing any future ADA cases in this
11 judicial district. ECF 9. This motion is denied, without prejudice, as premature. At this
12 moment, the Court has not found this case to be frivolous or in bad faith. If Hyatt prevails
13 in this case and has a factual and legal basis to have the Court declare Mr. Strojnik a
14 vexatious litigant, it may file a new motion within 14 days of an order dismissing the case.
15 Mr. Strojnik would be entitled to respond in writing and to a hearing.

16     Finally, the Court CONTINUES the November 6 case management conference to
17 January 15, 2020 at 10:00 a.m., by phone. A joint updated CMC statement is due January
18 8. This case is referred to the ADR unit for assignment of a mediator, with mediation
19 requested to be completed within 90 days.

20     IT IS SO ORDERED.

21     Date: November 1, 2019

*/s/ Nathanael M. Cousins*
Nathanael M. Cousins
United States Magistrate Judge

2