Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsay N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
lcasillas@klinedinstlaw.com
(916) 444-7573/FAX (916) 444-7544

Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>    Plaintiff,<br><br>    v.<br><br>Evans Hotels, LLC dba The Lodge At Torrey Pines,<br><br>    Defendant.<br><br>Evans Hotels, LLC,<br><br>    Counter-Claimant,<br><br>    v.<br><br>Peter Strojnik (Sr.),<br><br>    Counter-Defendant. | Case No. 3:19-cv-00650-BAS-AHG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Courtroom:   4B<br>Judge:   Hon. Cynthia Bashant<br>Magistrate Judge: Hon. Allison H. Goddard<br>Complaint Filed:   April 05, 2019<br>Trial Date:   None set |

Case 3:19-cv-00650-BAS-AHG   Document 62   Filed 01/06/20   PageID.1026   Page 2 of 10

Counter-Claimant Evans Hotels, LLC ("Counter-Claimant" or "Evans") and Counter-Defendant Peter Strojnik (Sr.) ("Counter-Defendant" or "Strojnik") (Counter-Claimant and Counter-Defendant, collectively the "Parties"), by and through their undersigned counsel or in *pro per*, hereby submit this Joint Case Management Statement.

## 1. Jurisdiction and Service:

Counter-Claimant contends that the jurisdiction of this Court is invoked pursuant to the Court's order that supplemental jurisdiction exists over this matter, which is also related to: 3:19-cv-01446-BAS-AHG. All parties have been served.

## 2. Facts:

*Counter-Claimant Evans Hotels:* Counter-Defendant Strojnik has pursued three claims based on alleged violations of the Americans with Disabilities Act ("ADA") against Counter-Claimant Evans Hotels. The *first* claim for damages by Strojnik involved the Bahia Hotel, which was resolved before ligation commenced. In or around August 15, 2018, Strojnik sent a letter to the Bahia Resort Hotel, demanding a settlement in connection with alleged ADA related claims. Like many businesses facing those kinds of cases, Evans Hotels weighed the costs of defense as higher than payment of a settlement. However, in an effort to thwart future frivolous lawsuits by Strojnik, Evans Hotels conditioned settlement upon a variety of factors, including Strojnik's explicit promise not to patronize or enter any of Evans Hotels' properties without the written consent of Evans Hotels' General Counsel. Strojnik agreed in writing but nonetheless knowingly sued Evans Hotels two more times based on his "intent" to visit the Lodge and the Catamaran in the future.

Despite the non-patronage provision, a *second* ADA case (this one) was filed by Strojnik against the Lodge at Torrey Pines on April 5, 2019. [ECF No. 1.] Evans Hotels filed a Counter-Claim based on Strojnik's breach of a prior agreement that he not patronize the Lodge (or any Evans Hotels property) and for failure of him to

JOINT CASE MANAGEMENT STATEMENT

provide certain consulting services. Strojnik accepted an Offer of Judgment on his Complaint, but Evan Hotels' Counter-Claim was not dismissed [ECF No. 21.].

Strojnik then moved to dismiss the Counter-Claim—first, for lack of supplemental jurisdiction and, then, a second time for lack of subject matter jurisdiction. Both arguments were denied by the Court. The Court said: "Evans's counterclaims are plainly so related to the ADA claims Plaintiff raises against Evans for the alleged barriers Plaintiff alleges he encountered on December 8, 2018 at the Lodge that they form part of the same case or controversy." Strojnik has also failed to file an answer to the Counter-Claim though being required to do so by the Court months ago.

Therefore, as to the <u>first cause of action</u> for breach of the Settlement Agreement, Evans Hotels contends that Strojnik breached the Settlement Agreement by violating the non-patronage clause when he (or his agent) physically visited the Lodge. As to the <u>second cause of action</u>, for breach of the Consultant Agreement, Evans Hotels contends that Strojnik and Strojnik, P.C. breached the Consulting Agreement by failing to perform the services requested and for which payment was made.

*Strojnik* denies the allegations. Strojnik secured judgment against Evans on the ADA claim. Dkt. at 22. Strojnik asserts that the Court has no pendent jurisdiction because the claim on which it was based was resolved in Strojnik's favor. Strojnik further claims that the forum selection clause in the contract calls for the contract action to be brought exclusively in California state court.

**3.   Legal Issues:**

*<u>Counter-Claimant Evans Hotels:</u>* Counter-Claimant has identified the following as the principal disputed points of law: All legal issues are in dispute. This is a standard breach of contract case with no novel legal issues.

*Strojnik* agrees.

///

### 4. Motions:

*Counter-Claimant Evans Hotels:* Evans Hotels intends to file a Motion for Summary Judgment. Additionally, Counter-Claimant filed a Motion to Declare Strojnik a Vexatious Litigant, which is pending before the Court. The details of the status of the motion are as follows: Counter-Defendant Peter Strojnik, a disbarred attorney from Arizona, lost his license to practice law based on his filing of thousands of baseless ADA lawsuits. Strojnik is now targeting businesses in California, Texas, Hawaii, New Mexico and Puerto Rico with dozens of frivolous ADA claims. Accordingly, Evans Hotels (Braemar Partnership) filed a motion to declare Strojnik a vexatious litigant in this case. The matter was heard on December 10, 2019. At that hearing, the Court scheduled a further evidentiary hearing regarding the motion to declare Strojnik a vexatious litigant for February 19, 2020 to hear further evidence on two topics: 1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether Strojnik impersonated a lawyer[1] in seeking an earlier settlement from the Counter-Claimant Evans Hotels. Also at that hearing, Judge Bashant ordered Strojnik to undergo an Independent Medical Examination to test his alleged disabilities in advance of the evidentiary hearing. Pursuant to Judge Bashant's Order, Evans Hotels provided Strojnik with three potential IME examiners and Strojnik selected one. However, the IME examiner selected by Strojnik does not have availability to perform the IME until February 19th at the earliest. Therefore, Evans Hotels seeks to have the evidentiary hearing continued to occur no sooner than four

---

[1] Strojnik continues to use "Strojnik PC" (his law firm's name which should be defunct, but is not) in his communications with Counter-Claimant and contends that his communications are subject to "confidentiality" and are "privileged."

weeks after the IME to give the parties time to obtain the IME report.

*Strojnik* notes that he is the prevailing party on the ADA claim, Dkt. at 22. Ms. Bermudez continues her scandalous and impertinent[2] narrative as a furtive reconnaissance mission. She seeks to determine whether the memorable observation by the Honorable Judge Melinda Harmon apply here. In *Gilkerson v. Chasewood Bank*, 1 F.Supp .3d 570, 596-97 (S.D. Tex., 2014), Judge Harmon displayed the courage to state what civil rights litigants know from experience:

> Testers have been an accepted and successful means of enforcing civil rights statutes under the Fair Housing Act and Title VII of the Civil Rights Act of 1964, although **a number of courts addressing Title III cases have been skeptical, and even hostile**. *See* Lee, *Giving Disabled Testers Access to Federal Courts,* 19 Va. J. Soc. Pol'y & L. at 321–23; Johnson, *Testers Standing up for Title III of the ADA,* 59 Case W. Res. L.Rev. at 689–702. "As a result of both the Attorney General's limited resources and the limited remedies available to Title III plaintiffs, 'most suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.' " *Betancourt v. Federated Dept. Stores,* 732 F.Supp. 2d 693, 701 (W.D.Tex.2010) *quoting Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007). (Emphasis supplied.)

Evans' strategy is not subtle. She is aware of a significant social undercurrent of segregationist hostile skepticism. By adding irrelevant and scurrilous disparagement she is simply attempting to awaken a potentially fertile ground.

**5. Amendment of Pleadings:**

*Counter-Claimant Evans Hotels:* Counter-Claimant does not intend to file any amendments to the pleadings at this time.

*Strojnik* may file amended pleadings.

///

---

[2] Allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone. *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005)

**6.     Evidence Preservation:**

The parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI"). The parties do not believe that this case has significant ESI.

**7.     Disclosures:**

*Counter-Claimant Evans Hotels:* Counter-Claimant Evans Hotels has served its Initial Disclosures.

**8.     Discovery:**

*Counter-Claimant Evans Hotels' Scope of Discovery:* Evans Hotels intends to take the deposition of Strojnik and basic written discovery, including Request for Admissions, Requests for Production of Documents and Interrogatories. Additionally, for purposes of the Motion to Declare Strojnik a vexatious litigant, the Court has authorized an Independent Medical Examination in advance of the evidentiary hearing. Consistent with Judge Bashant's Order, Evans Hotels provided Strojnik with three potential IME examiners and Strojnik selected one. However, the IME examiner selected by Strojnik does not have availability to perform the IME until February 19th at the earliest which is the same date the evidentiary hearing is currently scheduled for. Therefore, Evans Hotels seeks to continue the evidentiary hearing to occur no sooner than four weeks after the IME to give the parties time to obtain the IME report.

*Strojnik's Scope of Discovery:* Strojnik propounded discovery on Evans on December 14, 2019 relating to vexatious litigant motion. Based on the fact that Evans never had any basis for filing the vexatious litigant motion, and thus truthful answers to Strojnik's discovery would confirm lack of all pre-filing due diligence, Strojnik expects Evans not to respond. With respect to the independent medical examination, the Court is yet to issue a Rule 35 Order.

Strojnik propounded discovery on Evans on December 14, 2019 relating to vexatious litigant motion. Based on the fact that Evans never had any basis for filing

the vexatious litigant motion, and thus truthful answers to Strojnik's discovery would confirm lack of all pre-filing due diligence, Strojnik expects Evans not to respond.

### 9. Related Cases:

*Counter-Claimant Evans Hotels:* This case is related to: 3:19-cv-01446-BAS-AHG.

*Strojnik* disagrees that 3:19-cv-01446-BAS-AHG is related.

### 10. Relief:

*Counter-Claimant Evans Hotels:* Counter-Claimant Evans Hotels seeks monetary damages, plus costs and fees.

### 11. Settlement:

An ENE was initially scheduled for January 8, 2020, but it has been continued. Statements were filed on January 3, 2020.

### 12. Consent to Magistrate Judge for all Purposes:

The Parties do not consent to a Magistrate Judge for all purposes.

### 13. Other References:

Not applicable.

### 14. Narrowing of Issues:

*Counter-Claimant Evans Hotels:* Evans Hotels contends that the Consultant Agreement and Settlement Agreement should be stipulated to as authentic and admissible.

*Strojnik* disagrees and requires all evidence authenticated and admissible under federal rules of evidence.

### 15. Scheduling:

| PROPOSED DATES: | *Counter-Claimant Evans* | *Counter-Defendant Strojnik* |
|---|---|---|
| *Expert Disclosures* | June 2020. | |
| *Discovery Cut-Off* | August 2020. | |
| *Motion Cut-Off* | September 2020. | |
| *Pre-Trial Conference* | October 2020. | |

| *Trial* | November 2020. | |

**16. Trial:**

*Counter-Claimant Evans Hotels:* Counter-Claimant contends that this will be a 2 day trial before the Court. *Strojnik* agrees.

**17. Disclosure of Non-Party Interested Entities or Persons:**

*Counter-Claimant Evans Hotels:* Counter-Claimant contends that this will be a 2 day trial before the Court. *Strojnik* agrees.

**18. Professional Conduct:**

Only Counter-Claimant is represented by counsel.

**19. Class Actions:**

Not applicable.

**20. Patent Cases:**

Not applicable.

**21. Other Matters:**

*Counter-Claimant Evans Hotels:*  As noted above, Judge Bashant ordered Strojnik to undergo an Independent Medical Examination which cannot be performed until February 19th at the earliest.  Therefore, Evans Hotels seeks to have the evidentiary hearing continued to occur no sooner than four weeks after the IME to give the parties time to obtain the IME report.  Strojnik has refused to stipulate to continuing the evidentiary hearing and has refused to provide a selected date of the three offered for his IME.  Accordingly, Evans Hotels will need to file an ex parte motion seeking a change to the evidentiary hearing date as well as confirming Strojnik's IME date.

KLINEDINST PC

DATED: January 6, 2020    By: /s/Nadia P. Bermudez
Nadia P. Bermudez
Lindsey N. Casillas
Attorneys for Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

DATED: January 6, 2020    By: /s/Peter Strojnik
Peter Strojnik
Counter-Defendant

18212417.1

# CERTIFICATE OF SERVICE

**Stroinik Sr. v. Evans Hotels, LLC, et al.**
**Case No. 3:19-cv-00650-BAS-AHG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On January 6, 2020, I served true copies of the following document(s) described as **JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

| Peter Strojnik (Sr.)<br>7847 N. Central Avenue<br>Phoenix, Arizona 85020 | Telephone: (602) 524-6602<br>Email: ps@strojnik.com<br>Plaintiff, in Pro Per |
|---|---|

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 6, 2020, at San Diego, California.

*/s/ Sonja L. Hill*
Sonja L. Hill