UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> EVANS HOTELS, LLC, <br><br> Defendant/Counter-Claimant. | Case No.: 3:19-cv-00650-BAS-AHG <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br><br> **[ECF No. 66]** |

This matter comes before the Court on Plaintiff's Motion for Sanctions Against Nadia Bermudez for Unauthorized Use of Plaintiff's E-Signature on Joint Case Management Statement. ECF No. 66. Plaintiff/Counter-Defendant Peter Strojnik, Sr. ("Plaintiff") seeks sanctions because, after the parties had agreed upon a completed Joint Case Management Statement, Nadia Bermudez, counsel for Defendant/Counter-Claimant Evans Hotels, LLC ("Defendant"), made an addition to the Statement detailing the parties' dispute about whether to stipulate to continuing an upcoming evidentiary hearing before the District Judge in this matter, and a related dispute about the independent medical evaluation ("IME") that the District Judge ordered Plaintiff to undergo. *Id.* at 2; *see also* ECF No. 62 ¶ 21.

Before Ms. Bermudez added the paragraph detailing the parties' dispute, she had requested Plaintiff's version of the document in Word format to make "changes to the

section on discovery." Plaintiff agreed, but requested "to see the final version before filing." ECF No. 66, Ex. 1. Although Ms. Bermudez did email her updated version to Plaintiff approximately a half-hour prior to filing it, Plaintiff argues her behavior is sanctionable because she included his signature without first receiving his approval of the additional paragraph or allowing him to include a response. Further, Plaintiff contends the additional paragraph is misleading and, in his Motion, he offers his own paragraph responding to Defendant's characterization of the dispute.

Having reviewed Plaintiff's Motion for Sanctions, the Court finds sanctions are not warranted. First, Plaintiff has not demonstrated any harm from Ms. Bermudez's addition of the paragraph. Specifically, Defendant states in the paragraph at issue that it "will need to file an ex parte motion seeking a change to the evidentiary date as well as confirming [Plaintiff's] IME date." ECF No. 62 ¶ 21. Defendant filed the anticipated ex parte motion on January 16, 2020. ECF No. 67. Therefore, the parties will each have an opportunity to be heard directly on that issue through ordinary motion practice before the District Judge. A Joint Case Management Statement, submitted to the Magistrate Judge for the purpose of scheduling discovery and pretrial deadlines, is not the appropriate vehicle to raise a dispute regarding the continuance of the evidentiary hearing or the IME in the first place. Thus, the Court did not and would not consider Defendant's characterization of the dispute therein for the purpose of addressing or resolving the dispute. Indeed, it is apparent from Defendant's filing of a separate motion on the dispute that it did not anticipate its added paragraph to operate as a formal motion on that issue. Now that Defendant has filed its motion, Plaintiff will have the opportunity to respond and be heard. Therefore, Plaintiff has not been prejudiced by his inability to include his responsive paragraph in the Joint Case Management Statement.

Second, Plaintiff offers no explanation or authority regarding the source or basis for his sanctions request. Instead, after describing the underlying issue regarding the Joint Case Management Statement, Plaintiff merely states, "Sanctions are warranted." ECF No. 66 at 3. Without more, it is difficult for the Court to analyze what sanctions should

issue or why. *See, e.g.*, Fed. R. Civ. P. 16(f) (authorizing sanctions against a party or attorney who fails to appear at a hearing, is substantially unprepared to participate or does not participate in good faith at a hearing, or fails to obey a court order); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) (finding that sanctions against an attorney for "reckless misstatements of law and fact," without more, are not justified under the Court's "inherent power[,]" but that such "inherent power" sanctions may issue if the Court "specifically finds bad faith or conduct tantamount to bad faith," or if recklessness is "combined with an additional factor such as frivolousness, harassment, or an improper purpose."). If Plaintiff's Motion is indeed meant to be premised on the Court's "inherent power" to sanction an attorney for making a reckless misstatement of fact coupled with an improper purpose, "[i]t is the moving party's burden to demonstrate that the party against whom it seeks sanctions acted with the requisite bad faith or improper purpose." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015). Plaintiff's conclusory statement that "[s]anctions are warranted" fails to meet that burden. Therefore, Plaintiff's Motion for Sanctions (ECF No. 66) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 21, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge