FILED

JAN 2 1 2020

CLERK U.S. DISTR. CT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

EVANS HOTELS, LLC,
                        Counter-Claimant,

vs.

PETER STROJNIK,
                        Counter-Defendant.

Case No: 3:19-cv-00650 BAS BGS

**OBJECTION TO EVANS' EX PARTE APPLICATION TO CONTINUE HEARING [67]**

**(Telephonic Argument Requested)**

**1.  Matter in Issue**

On July 22, 2019,  Evans authored a vexatious litigant motion [12] attempting to curtail Strojnik's First Amendment right to "petition the Government for a redress of grievances". By doing so, Evans is attempting to deny Strojnik "one of `the most precious of the liberties safeguarded by the Bill of Rights.'" *BE & K Constr. Co. v. NLRB,* 536 U.S. 516, 524, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (quoting *United Mine Workers v. Illinois Bar Assn.,* 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)).

From the very outset, Evans' Motion was a head scratcher.  Evans never offered any supporting evidence, never pointed to a case that lacked merit, never disclosed a controversy that was harassing in nature.

**2.  Independent Medical Examination**

An IME is designed to poke into the most private medical conditions of a person. It cannot be simply noticed like a deposition as Evans would have it. IME orders must be issued by "[t]he court where the action is pending" and must be based on a *"controversy"* in that action. *Schlagenhauf v. Holder,*  379 U.S. 104, 118-19 (1964).

But here the ADA action in which Strojnik's disability may have been an issue is no longer pending. Strojnik won the ADA action [22]. Evans did not request the IME in the ADA action and ultimately lost the case.

Here, the IME is designed to support Strojnik's allegations of ADA disability in unnamed *other* actions. Federal Rules of Civil Procedure and *Schlagenhauf* do not permit such fishing expedition.

An IME requires an order from the Court that "specif[ies] the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." 35(a)(2)(B) There is no such order in place. When a request for such order is made, Strojnik will require time to respond and object. One must remember that the term "disability" is a term of legal art, not a medical term. *See* 2008 ADA Amendment Act and 28 CFR 36.105. One must also remember that this Court already has an ADA expert, the Honorable Judge Bashant. As the 2nd Circuit Court of Appeals correctly noted, each courtroom comes equipped with a "legal expert," called a judge, and it is her province alone to decide the relevant legal standard. *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2nd Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).

Nonetheless, at the hearing on December 10, 2019 [56], on Bermudez' last second Hail Mary pass, the Court granted Bermudez' request for an IME. But this did not obviate the need to comply with the Federal Rules of Civil Procedure.

While the propriety of an IME to discover a party's medical condition relevant to other cases is unauthorized - and a serious concern worthy of current objection - it is not Strojnik's main concern. Strojnik's main concern is that Evans' need for a continuance is based on its own failure to conduct minimal due diligence to discern Dr. Greenfield availability *prior* to listing him as one of 3 potential IME's or, even worse, it knew that Dr. Greenfield would be unavailable[1].

The timing of the haring and the procedure for selectin the IME were designed to permit Evans to select physicians who would be actually able to conduct an IME prior to

---

[1] Evans is no stranger to crafty litigation strategies. *See, e.g., Motion For Sanctions Against Nadia Bermudez For Unauthorized Use Of Plaintiff's E-Signature On Joint Case Management Statement* [66]

the hearing. But it was not to be. On January 16, 2020, Ms. Bermudez donned a black robe and issued the following edict[2]:

Strojnik v. Evans - IME

**Nadia P. Bermudez**
to me, Lindsey, Sonja, Marjorie ▾

Wed, Jan 15, 11:44 AM (19 hours ago)

Dear Mr. Strojnik,

This is to advise you that we have reserved your IME to take place on March 9, 2020 to provide you the maximum amount of time to make travel plans to San Diego, California. Additionally, I would ask that you reconsider stipulating to continuing the Evidentiary Hearing to accommodate Dr. Greenfield's availability. Please advise as soon as possible.

Yours very truly,
Nadia P. Bermudez

**Nadia P. Bermudez**
Shareholder

Biography | Website | Locations

### 3. Prejudice to Strojnik

With every passing day, the chilling effect of Evans' Motion creeps up Strojnik's spine. The prejudice to Strojnik is palpable. Evans wants to curtail Strojnik's right to bring civil rights actions in this court. But Strojnik's right to seek judicial intervention is one of the highest and most essential privileges of citizenship and is granted and protected by the Federal Constitution. *Chambers v. Balt. & Ohio R.R. Co.*, 207 U.S. 142, 148, 28 S.Ct. 34, 52 L.Ed. 143 (1907). Evans' vexatious litigant motion by itself has a chilling and threatening effect on this right and Strojnik is entitled to dispel it with haste.

### CONCLUSION AND PRAYER FOR RELIEF

Strojnik respectfully requests that the Court deny Evans' motion, modify its minute entry order [56] and not issue an IME order.

---

[2] Ms. Bermudez explanation for scheduling the IME for March 9 ("to provide you with the maximum amount of time to make travel plans to San Diego") is utter nonsense. Strojnik was available for the IME at any time, Monday through Friday, Saturdays and Sundays, 24/7, no matter the weather, mornings at 3 am, in San Diego or in Timbuktu.

DATED this 16th day of January, 2020.

**PETER STROJNIK**

Plaintiff

Mailed this 16th day of January, 2020 to:

The clerk of the Court

And mailed and e-mailed to:

Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
nbermudez@klinedinstlaw.com
Lawyer for Evans

/s/

4