Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

NUNC PRO TUNC
1/23/20

FILED
Jan 24 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ Julieo   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

EVANS HOTELS, LLC,
    Counter-Claimant,

vs.

PETER STROJNIK,
    Counter-Defendant.

PETER STROJNIK,
    Counter-Counter-Claimant,

v.

EVANS HOTELS, LLC,
    Counter-Counter-Defendant

Case No: 3:19—cv-0650 BAS BGS

**STROJNIK'S ANSWER TO COUNTERCLAIM AND COUNTER-COUNTERCLAIM**

**JURY TRIAL REQUESTED**

### FOREWORD

Although it does not appear that the Court has yet ruled on [44] Renewed Motion to Dismiss Counterclaim for Lack of Supplemental Jurisdiction, *see* [56], Strojnik files this Answer and Counter-Counterclaim pursuant to the Order [64] dated 01/09/2020.

### ANSWER TO COUNTERCLAIM [11]

1. Answering the allegations in ¶¶ 1, 6, 18, 20, 26, 27, 29, 33, 34, 35, 36, 39, 40, 41, Strojnik denies the same.

2. Answering allegations in ¶¶ 2, 4, 20, 21, 2, 23, Strojnik is without sufficient information or current memory to admit or deny the same and, therefore denies the same.

3. Answering the allegations in ¶¶ 3, 5, 7, 8, 9, 10, 11 (except there were no threats), 12, 13, 14, 15, 16, 17, 19, 24, 25, 28, 30, 32, 38, Strojnik admits the same.

4. Strojnik denies each and every allegation not specifically admitted herein.

5. For his affirmative defenses, Strojnik alleges (1) lack of subject-matter jurisdiction; (2) improper venue; (3) failure to join a party under Rule 19 and (4) mitigation of damages.

## COMPULSORY COUNTER-COUNTERCLAIM

1. Strojnik and Evans entered into a Confidential Agreement on October 10, 2018.

2. The confidential agreement provided, in part:

> This Confidential Settlement Agreement and General and Special Release of all Claims ("Agreement") is entered into by and between Peter Strojnik ("Strojnik") on the one hand, and BH Partnership, L.P., a California limited partnership, dba the Bahia Resort Hotel and Evans Hotels LLC, a California limited liability company on another hand (together, "Evans"), on the other hand, which are each referred to herein as a "Party" and collectively as the "Parties."

> 2. Release. Strojnik fully and forever releases and discharges Evans, as well as their present and former parents, subsidiaries, affiliates, partners, shareholders, auditors, experts, owners, divisions, stockholders, heirs, executors, predecessors, assigns, officers, directors, agents, employees, members, assignees, transferees, insurers, accountants, attorneys and representatives and all persons acting by, though, under or in concert with them, or any of them (collectively, the "Evans Releasees"), of and from any and all liability, claims, manner of action or actions, cause or causes of action, in law or in equity, and any suits, debts, liens, contracts, agreements, promises, liabilities, relief, demands, damages, statutory or punitive damages, losses, costs and expenses, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, of any kind or nature whatsoever that were or that could have been alleged in any court or other forum and were in existence as of the date of this Agreement relating to Strojnik's stay at Bahia Resort Hotel ("Released Claims").

> 7. Confidentiality. The Parties expressly incorporate the protections of applicable state law, including, but not limited to, California Evidence Code § 1152. Each Party agrees that the terms of this Agreement will be kept confidential and will not be disclosed to any third party, except (i) as required in response to a court order or subpoena, after giving prior notice to the other Party and sufficient time for that Party to object to such disclosure, if possible; (ii) to a governmental entity in connection with a tax audit or to comply with a tax obligation. Notwithstanding the foregoing, each party may disclose to third parties that the matter has settled. The Agreement and its terms, however, shall not be disclosed by any party to any third party except as provided herein.

> 16. **Miscellaneous.** This Agreement shall be construed, enforced, and administered in accordance with the laws of the State of California, without giving effect to any choice or conflict of law provision. Any claim or action arising out of or relating to this Agreement, or an alleged breach thereof, shall be brought in the courts of the State of California in each case located in City of San Diego, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding. In the event of any litigation concerning this Agreement, the prevailing party shall be entitled to, in addition to any other relief that may be granted, reasonable attorneys' fees and costs.

3. Evans breached ¶¶ 7 and 16 of the Confidential Agreement by disclosing the Settlement Agreement in the present action and by bringing the action in Federal Court and not in a court of the State of California.

4. Evans brought the action in the Federal Court and not in the State Court, on information and belief, for a three prong purpose, all of which breach of the good faith and fair dealing covenant implicit in the Settlement Agreement:

   a. First, knowing that it had no defense to the primary ADA action that it new it would lose, as indeed it did, *see* Judgement against Evans at Dkt. at 22, so that it could maintain a baseless vexatious litigant action, *see* Dkt. at 12, and

   b. Second, knowing that it had no defense to the primary ADA action that it new it would lose, as indeed it did, *see* Judgement against Evans at Dkt. at 22, to permit it to defame Strojnik and paint him in a false light; and

   c. Third, knowing that it had no defense to the primary ADA action that it new it would lose, as indeed it did, *see* Judgement against Evans at Dkt. at 22, to retaliate, coerce or intimidate Strojnik in violation of 42 USC 12203 and 28CFR36.206.

5. In furtherance of its illicit breach of the specific terms of the Settlement Agreement and the covenant of good faith and fair dealing, Evans submitted to the Court irrelevant and false light Requests for Judicial Notice [Dkt. at 12-4 and 23-2] which were incomplete and designed to disparage, besmirch and defame Strojnik without disclosing that:

   a. Strojnik, as lawyer, filed 1,700± cases in Arizona and earned $1.2M± in lawyer's fees and donated every penny of those fees to a 501(c)(3) civil rights organization for the disabled; and

   b. That the SBA did not like Strojnik donating so much money to a charitable organization; and

    c. That Strojnik resigned from the State Bar of Arizona on October 24, 2018 for the reason that his "continuing association with the State Bar is inconsistent with [his] core principles of morality and fair play"; and

    d. The SBA did not like his resignation demanding instead that Strojnik consent to disbarment; and

    e. That Strojnik, desperate to dissociate himself from the segregationist SBA, did so and then filed a lawsuit against the SBA, *see Strojnik v. SBA* (US DC Ariz. 2:19-cv-02704-DJH).

6. The defamatory statements by Evan were not offered to achieve the objects of the litigation nor did they have any connection or logical relation to the action.

7. Strojnik has been damaged by Evans breach of the Settlement Agreement and otherwise as alleged above in the following particulars and amounts:

    a. Strojnik's standing in the ADA civil rights community has been significantly damaged in an amount to be proven to the jury, but in no event less than $50,000; and

    b. By wrongfully filing the breach of contract claim in Federal Court, Strojnik has incurred costs, expenses and damages in an amount to be proven to a jury, but in no event less than additional $50,000; and

    c. By filing a reckless vexatious litigant action, Evans has chilled Strojnik's first amendment right to redress and his continuing actions as a civil rights tester in an amount to be proven to a jury, but in no event less than additional $50,000; and

    d. By its retaliation, coercion or intimidation of Strojnik in violation of 42 USC 12203 and 28CFR36.206, Evans has further chilled and frightened Strojnik from the exercise of his first amendment right to redress and his continuing actions as a civil rights tester in an amount to be proven to a jury, but in no event less than additional $50,000.

8. Evans actions were intentional, oppressive and improper entitling Strojnik to punitive damages sufficient to deter this and other ADA defendants from similar actions in the future.

WHEREFORE, Strojnik prays for the following relief:

    A. For judgment finding that Evans has breached ¶¶ 2, 7 and 16 of the Settlement Agreement; and

    B. For judgment that Evans' actions constitute defamation not protected by the litigation privilege; and

    C. For a finding that Strojnik is entitled to punitive damages; and

    D. For costs, expenses and attorney's fees in an amount to be proven at trial; and

    E. For overall damages in an amount to be proven to the jury but in no event less than $500,000.

DATED this 21st day of January, 2020.

**PETER STROJNIK**

_[signature]_
Plaintiff

The original mailed to the District Court this 21st day of January, 2020.

Copy mailed this 21st day of January, 2020 to:

Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
nbermudez@klinedinstlaw.com
Lawyer for Evans

/s/