Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

NUNC PRO TUNC
1/23/20

FILED

Jan 24 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ Julieo        DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case No: 3:19—cv-0650 BAS BGS

EVANS HOTELS, LLC,
                    Counter-Claimant,

vs.

PETER STROJNIK,
                    Counter-Defendant.

**MOTION TO COMPEL**

## CERTIFICATION

Strojnik certifies that he has attempted to discuss discovery issues raised by the current Motion with Ms. Bermudez on January 2o and 21, 2020. Ms. Bermudez could not find a 5-minute period to discuss the matter with Strojnik. Since the time is short, the positions clearly adverse[1] and a discussion futile, the Motion is filed now.

## MOTION

On July 22, 2019 Evans authored a vexatious litigant motion [12]. At the hearing on December 10, 2019 [56], Evans requested an IME pursuant to discovery rule 35. The request was granted. In Court's sound application of reciprocity, equal protection and due process, the Court equally permitted Strojnik to conduct discovery against Evans[2].

Strojnik issued his discovery requests to Evans on December 14, 2019. Strojnik's discovery request was designed to discover evidence Evans has or claims to have regarding

---

[1] Bermudez claimed that while Evans is entitled to discovery under FRCP 35, Strojnik was not entitled to reciprocal discovery from Strojnik. Strojnik disagreed.

[2] As best recalled, following Strojnik's request that Evans respond to Strojnik's discovery, the Court stated, paraphrasing, "That is why we have discovery".

1  its Motion [12] so that Strojnik could meat such evidence at the February 19, 2020
2  evidentiary hearing.

3  Evans provided absolutely no responsive information, instead objecting to every
4  last one of Strojnik's discovery request, each objection parroting the previous
5  objection. Exhibit 1.  Pursuant to FRCP 37(a)(4), Evans' responses are evasive and
6  incomplete and "must be treated as a failure to disclose, answer or respond".

7  Evans never filed for a Rule 37(d)(2) protective order.

8  **RELIEF REQUESTED**

9  Fed. R. Civ. P. 37(d) authorizes the court to issue sanctions when a party fails to
10  serve answers to properly served interrogatories or requests for inspection of
11  documents. Fed.R.Civ.P. 37(d)(1)(A). The Court may impose a broad range of
12  sanctions, including "prohibiting the disobedient party from supporting or opposing
13  designated claims or defenses, or from introducing designated matters into evidence, "
14  "staying further proceedings" until the party has complied with discovery
15  requirements, and "dismissing the action or proceeding in whole or in part."
16  Fed.R.Civ.P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. Proc. 37(b)(2)(A)(i)-
17  (vi)); *see also, e.g., Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir.
18  1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its
19  discretion, to impose a wide range of sanctions when a party fails to comply with the
   rules of discovery.") (internal citations omitted).

20  Strojnik does not seek sanctions. Strojnik seeks an order of this Court directing
21  Evans to answer the discovery, fully and completely, by no later than February 1, 2020.
22  Strojnik insists on conducting the haring on February 19, 2020.

23  Alternatively, Strojnik seeks an order prohibiting Evans from introduction of
24  any evidence regarding the subject matter of any of Strojnik's discovery requests.

25  **CONCLUSION AND PRAYER FOR RELIEF**

26  Strojnik requests an Order requiring Evans to fully, completely and non-evasively
27  answer Strojnik's discovery no later than February 1, 2020.

28

2

1    DATED this 21st day of January, 2020.

2                                    **PETER STROJNIK**

3

4                                    Plaintiff

5

6    Mailed this 21st day of January, 2020 to the clerk of the Court.

7    And to:

8    Nadia P. Bermudez, Bar No. 216555

9    KLINEDINST PC
     501 West Broadway, Suite 600

10   San Diego, California 92101
     nbermudez@klinedinstlaw.com

11   Lawyer for Evans

12
     /s/
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  Nadia P. Bermudez, Bar No. 216555
2  KLINEDINST PC
   501 West Broadway, Suite 600
3  San Diego, California 92101
   (619) 239-8131/FAX (619) 238-8707
4  nbermudez@klinedinstlaw.com
5
   Lindsay N. Casillas, Bar No. 269688
6  KLINEDINST PC
7  801 K Street, Suite 2100
   Sacramento, California 95814
8  lcasillas@klinedinstlaw.com
9  (916) 444-7573/FAX (916) 444-7544
10
   Attorneys for Defendant and Counter-
11 Claimant, EVANS HOTELS, LLC,
   erroneously sued as dba The Lodge At
12 Torrey Pines
13
14            **UNITED STATES DISTRICT COURT**
15          **SOUTHERN DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| 17  Peter Strojnik (Sr.), | Case No. 3:19-cv-00650-BAS-AHG |
| 18              Plaintiff, | **EVANS HOTELS' RESPONSE TO DISCOVERY SET ONE** |
| 19      v. | |
| 20  Evans Hotels, LLC dba The Lodge At Torrey Pines, | |
| 21 | Courtroom:       4B |
| 22              Defendant. | Judge:       Hon. Cynthia Bashant |
| | Magistrate Judge: Hon. Allison H. Goddard |
| | Complaint Filed:  April 05, 2019 |
| 23  Evans Hotels, LLC, | Trial Date:    None set |
| 24              Counter-Claimant, | |
| 25      v. | |
| 26  Peter Strojnik (Sr.), | |
| 27              Counter-Defendant. | |
| 28 | |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

PROPOUNDING PARTY:      PETER STROJNIK

RESPONDING PARTY:       EVANS HOTELS, LLC

SET NUMBER:             ONE

COMES NOW EVANS HOTELS, LLC ("Responding Party"), and hereby responds to PETER STROJNIK's ("Propounding Party") Discovery, Set One, as follows:

## PRELIMINARY STATEMENT

As to each and every request contained in Propounding Party's Discovery, Set One, Responding Party states the following:

1.    These responses are made pursuant to the Federal Rules of Civil Procedure and are based upon information presently known by Responding Party. It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions. Responding Party reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these responses as warranted thereby. These responses are made in a good faith effort to supply as much information and specification as is presently known, but shall not prejudice Responding Party in relation to further discovery, research, or analysis.

2.    Each response herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

3.    No incidental or implied admissions are intended by the responses made herein. The fact that Responding Party has answered or objected to any interrogatory is not an admission that Responding Party admits the existence of any "facts" set forth or assumed by such request.

## GENERAL OBJECTIONS

A.    Responding Party objects to all interrogatories and requests that attempt

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    to require Responding Party to provide information not within its possession,

2    custody, or control, or within the possession, custody, or control of any of its

3    representatives, employees, agents, or attorneys.

4        B.     The absence of an objection that an interrogatory or request is

5    irrelevant is not intended to be a waiver of that objection and Responding Party

6    reserves the right to object on relevancy grounds at any stage of these proceedings.

7        C.     Responding Party has responded to these interrogatories and requests to

8    the extent of his/her/its current knowledge and available information. However,

9    Responding Party's discovery and investigation in preparation for trial of this matter

10    has not been completed as of the date of these responses, and therefore Responding

11    Party does not purport to state anything more than the information presently known

12    to or discovered by it. Responding Party specifically reserves the right to

13    supplement, modify, or amend its responses or to present additional information at a

14    later date.

15        D.     Responding Party has based its responses upon the assumption that

16    Propounding Party did not intend to seek information protected against discovery by

17    the attorney-client privilege or the attorney work product doctrine. To the extent

18    any interrogatory or request or any part thereof is intended to elicit such

19    information, Responding Party objects thereto and asserts the protection and

20    privileges provided thereby to the fullest extent.

21        E.     Responding Party objects to Propounding Party's interrogatories which

22    attempt to require Responding Party to identify "each and every" fact, conversation,

23    agreement, person, or any other things, and "all" persons with knowledge and

24    documents, on the grounds that such interrogatories are unduly burdensome,

25    oppressive, and overbroad.

26        F.     Responding Party objects to these interrogatories to the extent they

27    utilize the word "identify" in such a manner as to render the interrogatory unduly

28    burdensome, oppressive, and overbroad.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1       G.     Responding Party objects to these interrogatories and requests on the

2  grounds they are unduly burdensome and oppressive to the extent the interrogatories

3  and requests require Responding Party to state specific facts, documents,

4  conversations, agreements, meetings, and personal knowledge upon which

5  Responding Party bases a denial of an abstract, vague, general and

6  incomprehensible assertion by Responding Party.  In many cases, it is difficult, if

7  not impossible, to prove a negative or a nonexistence, particularly when Responding

8  Party is given no specific facts to refute.  Accordingly, Responding Party reserves

9  its right to introduce any additional information when and if Propounding Party

10  makes specific supported assertions.

11       H.     Responding Party further objects to the interrogatories and requests on

12  the grounds they are unduly burdensome and oppressive in that they are repetitive.

13  Responding Party's investigation of the facts and information is continuing.

14  Responding Party's responses are based solely upon the information and documents

15  known to date.  Further discovery may lead to the discovery of additional

16  information and documents that are responsive to these requests.  The right to

17  amend and/or supplement these responses based upon additional discovery is

18  expressly asserted.

19       I.     All objections relating to foundation, competency, opinion, privileges,

20  relevance, materiality, and admissibility are expressly reserved until the time of trial.

21       J.     Responding Party objects to the interrogatories and requests on the

22  grounds that they seek information and documents available from public sources or

23  third parties that are equally accessible to Propounding Party.

24       K.    The requests seek production of communications between Responding

25  Party and its counsel and as such are overbroad.  These communications are

26  protected by the attorney-client privilege and attorney work product doctrine.  These

27  privileges are absolute.  Responsive, privileged documents and information will not

28  be produced.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    Referencing and expressly incorporating each of these general objections,

2  Responding Party hereby responds as follows:

### RESPONSES TO DISCOVERY

### I.

### WITH RESPECT TO YOUR VEXATIOUS LITIGANT MOTION

### REQUEST TO ADMIT 1:

7    Admit that YOU[1] conducted a prefiling factual and legal inquiry relating to

8  YOUR VEXATIOUS LITIGANT MOTION[2].

9

10    ADMIT_____          DENY_____

### RESPONSE TO REQUEST TO ADMIT 1:

12    Responding Party objects to this request as premature. Pursuant to Rule

13  26(d)(1) a party may not seek discovery from any source before the parties have

14  conferred as required by Rule 26(f) and these requests were served prior to the

15  parties meeting and conferring. While at the hearing on December 10, 2019 the

16  Court made a ruling from the bench allowing for early discovery. Such discovery

17  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

18  the complaint claiming that he was disabled and unable to access defendant's hotels

19  from his wheelchair when in fact he had been videotaped briskly walking without

20  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

21  he suggested he was a lawyer upon sending demand letters when in fact he has been

22  disbarred. This request addresses neither topic. Responding Party objects to this

23  request as the definition of YOU is overbroad, harassing, and seeks information

24  subject to the attorney client privilege. Responding Party therefore objects to this

25  request as it seeks information which is protected by the attorney-client privilege

26

27  [1] Pronoun "you" is defined as Evans Hotels, LLC. dba The Lodge At Torrey Pines,
its agents and employees, including lawyers.

28  [2] Defined as Dkt. 12 in this matter.

1  and/or work product doctrine. Responding Party also objects to this request on the

2  grounds that it requires Responding Party to make an improper legal conclusion.

3  Additionally, Responding Party objects to this request as seeks information

4  concerning communications subject to the protections of Cal. Civil Code section 47.

5  **INTERROGATORY 1:**

6      State the findings and conclusions of all prefiling factual and legal inquiries

7  relating to YOUR VEXATIOUS LITIGANT MOTION.

8  **RESPONSE TO INTERROGATORY 1:**

9      Responding Party objects to this interrogatory as premature. Pursuant to Rule

10  26(d)(1) a party may not seek discovery from any source before the parties have

11  conferred as required by Rule 26(f) and these interrogatories were served prior to

12  the parties meeting and conferring. While at the hearing on December 10, 2019 the

13  Court made a ruling from the bench allowing for early discovery. Such discovery

14  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

15  the complaint claiming that he was disabled and unable to access defendant's hotels

16  from his wheelchair when in fact he had been videotaped briskly walking without

17  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

18  he suggested he was a lawyer upon sending demand letters when in fact he has been

19  disbarred. This interrogatory addresses neither topic. Responding Party also objects

20  to this interrogatory as it seeks information which is protected by the attorney-client

21  privilege and/or work product doctrine. Responding Party also objects to this

22  interrogatory on the grounds that it requires Responding Party to make an improper

23  legal conclusion. Additionally, Responding Party objects to this interrogatory as

24  seeks information concerning communications subject to the protections of Cal.

25  Civil Code section 47.

26  / / /

27  / / /

28  / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    **REQUEST TO PRODUCE 1:**

2         Produce all WRITINGS, RECORDINGS and PHOTOGRAPHS[3] relative to

3    prefiling factual and legal inquiry.

4    **RESPONSE TO REQUEST TO PRODUCE 1:**

5         Responding Party objects to this request as premature.  Pursuant to Rule

6    26(d)(1) a party may not seek discovery from any source before the parties have

7    conferred as required by Rule 26(f) and these requests were served prior to the

8    parties meeting and conferring.  While at the hearing on December 10, 2019 the

9    Court made a ruling from the bench allowing for early discovery.  Such discovery

10   was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

11   the complaint claiming that he was disabled and unable to access defendant's hotels

12   from his wheelchair when in fact he had been videotaped briskly walking without

13   the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

14   he suggested he was a lawyer upon sending demand letters when in fact he has been

15   disbarred.  This request addresses neither topic.  Responding Party also objects to

16   this request as it seeks information which is protected by the attorney-client

17   privilege and/or work product doctrine.  Additionally, Responding Party objects to

18   this request as seeks information concerning communications subject to the

19   protections of Cal. Civil Code section 47.  Responding Party also objects to this

20   request as vague, ambiguous, and overbroad.

21   **REQUEST TO ADMIT 2:**

22        Admit that YOUR prefiling legal and factual inquiry disclosed the existence

23   of no PLAINTIFF[4]'s claims that were both (1) numerous and (2) patently without

24   merit.

25   ///

26

27   [3] As defined in Rule 1001 of the Fed. R. Evid.

28   [4] Plaintiff means Peter Strojnik acting in his personal capacity and not as a lawyer
     for a party.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  ADMIT_____        DENY_____

2  **RESPONSE TO REQUEST TO ADMIT 2:**

3      Responding Party objects to this request as premature.  Pursuant to Rule

4  26(d)(1) a party may not seek discovery from any source before the parties have

5  conferred as required by Rule 26(f) and these requests were served prior to the

6  parties meeting and conferring.  While at the hearing on December 10, 2019 the

7  Court made a ruling from the bench allowing for early discovery.  Such discovery

8  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

9  the complaint claiming that he was disabled and unable to access defendant's hotels

10  from his wheelchair when in fact he had been videotaped briskly walking without

11  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

12  he suggested he was a lawyer upon sending demand letters when in fact he has been

13  disbarred.  This request addresses neither topic.  Responding Party objects to this

14  request as the definition of YOU noted in Request to Admit 1 (which appears to be

15  subsumed in this request's reference to YOUR) is overbroad, harassing, and seeks

16  information subject to the attorney client privilege.  Responding Party therefore

17  objects to this request as it seeks information which is protected by the attorney-

18  client privilege and/or work product doctrine.  Responding Party also objects to this

19  request on the grounds that it requires Responding Party to make an improper legal

20  conclusion.  Additionally, Responding Party objects to this request as seeks

21  information concerning communications subject to the protections of Cal. Civil

22  Code section 47.  Responding Party also objects to this request as vague,

23  ambiguous, and overbroad.

24  **INTERROGATORY 2:**

25      If you denied the preceding Request to Admit 2, disclose YOUR legal and

26  factual findings that any of PLAINTIFF's claims were both  (1) numerous and (2)

27  patently without merit.

28  / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**RESPONSE TO INTERROGATORY 2:**

Responding Party objects to this interrogatory as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) and these interrogatories were served prior to the parties meeting and conferring. While at the hearing on December 10, 2019 the Court made a ruling from the bench allowing for early discovery. Such discovery was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred. This interrogatory addresses neither topic. Responding Party objects to this request as the definition of YOU noted in Request to Admit 1 (which appears to be subsumed in this interrogatory's reference to YOUR) is overbroad, harassing, and seeks information subject to the attorney client privilege. Responding Party therefore objects to this request as it seeks information which is protected by the attorney-client privilege and/or work product doctrine. Responding Party also objects to this interrogatory on the grounds that it requires Responding Party to make an improper legal conclusion. Additionally, Responding Party objects to this interrogatory as seeks information concerning communications subject to the protections of Cal. Civil Code section 47. Responding Party also objects to this request as vague, ambiguous, and overbroad.

**REQUEST TO PRODUCE 2:**

Produce all WRITINGS, RECORDINGS and PHOTOGRAPHS relative to your findings referenced in the preceding Interrogatory 2.

**RESPONSE TO REQUEST TO PRODUCE 2:**

Responding Party objects to this request as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  conferred as required by Rule 26(f) and these requests were served prior to the
2  parties meeting and conferring.  While at the hearing on December 10, 2019 the
3  Court made a ruling from the bench allowing for early discovery.  Such discovery
4  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in
5  the complaint claiming that he was disabled and unable to access defendant's hotels
6  from his wheelchair when in fact he had been videotaped briskly walking without
7  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether
8  he suggested he was a lawyer upon sending demand letters when in fact he has been
9  disbarred.  This request addresses neither topic. Responding Party also objects to
10  this request as it seeks information which is protected by the attorney-client
11  privilege and/or work product doctrine.  Additionally, Responding Party objects to
12  this request as seeks information concerning communications subject to the
13  protections of Cal. Civil Code section 47.
14  **REQUEST TO ADMIT 3:**
15      Admit that you were aware at the time of the filing of YOUR VEXATIOUS
16  LITIGANT MOTION that, if granted, it would encroach upon PLAINTIFF's 1st
17  Amendment right to redress.
18
19      ADMIT_____          DENY_____
20  **RESPONSE TO REQUEST TO ADMIT 3:**
21      Responding Party objects to this request as premature.  Pursuant to Rule
22  26(d)(1) a party may not seek discovery from any source before the parties have
23  conferred as required by Rule 26(f) and these requests were served prior to the
24  parties meeting and conferring.  While at the hearing on December 10, 2019 the
25  Court made a ruling from the bench allowing for early discovery.  Such discovery
26  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in
27  the complaint claiming that he was disabled and unable to access defendant's hotels
28  from his wheelchair when in fact he had been videotaped briskly walking without

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1 the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

2 he suggested he was a lawyer upon sending demand letters when in fact he has been

3 disbarred. This request addresses neither topic. Responding Party also objects to

4 this request as it seeks information which is protected by the attorney-client

5 privilege and/or work product doctrine. Responding Party also objects to this

6 request on the grounds that it requires Responding Party to make an improper legal

7 conclusion. Additionally, Responding Party objects to this request as seeks

8 information concerning communications subject to the protections of Cal. Civil

9 Code section 47.

10 **REQUEST TO ADMIT 4:**

11     Admit that YOUR VEXATIOUS LITIGANT MOTION, if granted, would

12 interfere with or intimidate PLAINTIFF in filing prospective ADA litigation.

13

14     ADMIT_____          DENY_____

15 **RESPONSE TO REQUEST TO ADMIT 4:**

16     Responding Party objects to this request as premature. Pursuant to Rule

17 26(d)(1) a party may not seek discovery from any source before the parties have

18 conferred as required by Rule 26(f) and these requests were served prior to the

19 parties meeting and conferring. While at the hearing on December 10, 2019 the

20 Court made a ruling from the bench allowing for early discovery. Such discovery

21 was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

22 the complaint claiming that he was disabled and unable to access defendant's hotels

23 from his wheelchair when in fact he had been videotaped briskly walking without

24 the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

25 he suggested he was a lawyer upon sending demand letters when in fact he has been

26 disbarred. This request addresses neither topic. Responding Party also objects to

27 this request as it seeks information which is protected by the attorney-client

28 privilege and/or work product doctrine. Responding Party also objects to this

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  request on the grounds that it requires Responding Party to make an improper legal

2  conclusion.  Additionally, Responding Party objects to this request as seeks

3  information concerning communications subject to the protections of Cal. Civil

4  Code section 47.

5

6                                                    **II.**

7         **WITH RESPECT TO YOUR REQUESTS FOR JUDICIAL NOTICE**

8  **REQUEST TO ADMIT 5:**

9         Admit that YOU conducted a prefiling factual and legal inquiry relative to

10  YOUR REQUESTS FOR JUDICIAL NOTICE[5].

11

12     ADMIT_____          DENY_____

13  **RESPONSE TO REQUEST TO ADMIT 5:**

14         Responding Party objects to this request as premature.  Pursuant to Rule

15  26(d)(1) a party may not seek discovery from any source before the parties have

16  conferred as required by Rule 26(f) and these requests were served prior to the

17  parties meeting and conferring.  While at the hearing on December 10, 2019 the

18  Court made a ruling from the bench allowing for early discovery.  Such discovery

19  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

20  the complaint claiming that he was disabled and unable to access defendant's hotels

21  from his wheelchair when in fact he had been videotaped briskly walking without

22  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

23  he suggested he was a lawyer upon sending demand letters when in fact he has been

24  disbarred.  This request addresses neither topic.  Responding Party objects to this

25  request as the definition of YOU noted in Request to Admit 1 is overbroad,

26

27  [5] Defined as all requests for judicial notice you filed in this case and attached

28  exhibits, including without limitation Dkt. 12-4 with exhibits, Dkt. 22-3 with exhibits and Dkt. 25-1.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1 | harassing, and seeks information subject to the attorney client privilege.

2 | Responding Party therefore objects to this request as it seeks information which is

3 | protected by the attorney-client privilege and/or work product doctrine. Responding

4 | Party also objects to this request on the grounds that it requires Responding Party to

5 | make an improper legal conclusion. Additionally, Responding Party objects to this

6 | request as seeks information concerning communications subject to the protections

7 | of Cal. Civil Code section 47. Responding Party objects to this request as irrelevant

8 | to any party's claim and disproportionate to the needs of the case.

9 | **REQUEST TO ADMIT 6:**

10 | Admit that YOUR prefiling factual and legal inquiry disclosed – or that you

11 | were independently aware of –the following 9th Circuit Decisions: *Lee v. City of*

12 | *L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,

13 | 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Ruiz v. City of Santa Maria*, 160 F.3d 543,

14 | 548 n.13 (9th Cir. 1998) *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.

15 | 2012) *Rieckborn v. Jefferies LLC*, 81 F.Supp.3d 902, 913 (N.D. Cal. 2015).

16 |

17 | ADMIT_____          DENY_____

18 | **RESPONSE TO REQUEST TO ADMIT 6:**

19 | Responding Party objects to this request as premature. Pursuant to Rule

20 | 26(d)(1) a party may not seek discovery from any source before the parties have

21 | conferred as required by Rule 26(f) and these requests were served prior to the

22 | parties meeting and conferring. While at the hearing on December 10, 2019 the

23 | Court made a ruling from the bench allowing for early discovery. Such discovery

24 | was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

25 | the complaint claiming that he was disabled and unable to access defendant's hotels

26 | from his wheelchair when in fact he had been videotaped briskly walking without

27 | the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

28 | he suggested he was a lawyer upon sending demand letters when in fact he has been

1  disbarred. This request addresses neither topic. Responding Party objects to this

2  request as the definition of YOU noted in Request to Admit 1 (which appears to be

3  subsumed in this request's reference to YOUR) is overbroad, harassing, and seeks

4  information subject to the attorney client privilege. Responding Party therefore

5  objects to this request as it seeks information which is protected by the attorney-

6  client privilege and/or work product doctrine. Responding Party also objects to this

7  request on the grounds that it requires Responding Party to make an improper legal

8  conclusion. Additionally, Responding Party objects to this request as seeks

9  information concerning communications subject to the protections of Cal. Civil

10  Code section 47. Responding Party objects to this request as irrelevant to any

11  party's claim and disproportionate to the needs of the case.

12  **REQUEST TO ADMIT 7:**

13      Admit that YOUR prefiling factual and legal inquiry disclosed – or that you

14  were independently aware of – current 9th Circuit law that the Court cannot take

15  judicial notice of (1) the findings of fact in another case or (2) the truth of any

16  statements in another case.

17

18      ADMIT_____       DENY_____

19  **RESPONSE TO REQUEST TO ADMIT 7:**

20      Responding Party objects to this request as premature. Pursuant to Rule

21  26(d)(1) a party may not seek discovery from any source before the parties have

22  conferred as required by Rule 26(f) and these requests were served prior to the

23  parties meeting and conferring. While at the hearing on December 10, 2019 the

24  Court made a ruling from the bench allowing for early discovery. Such discovery

25  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

26  the complaint claiming that he was disabled and unable to access defendant's hotels

27  from his wheelchair when in fact he had been videotaped briskly walking without

28  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  he suggested he was a lawyer upon sending demand letters when in fact he has been
2  disbarred. This request addresses neither topic. Responding Party objects to this
3  request as the definition of YOU noted in Request to Admit 1 (which appears to be
4  subsumed in this request's reference to YOUR) is overbroad, harassing, and seeks
5  information subject to the attorney client privilege. Responding Party therefore
6  objects to this request as it seeks information which is protected by the attorney-
7  client privilege and/or work product doctrine. Responding Party also objects to this
8  request on the grounds that it requires Responding Party to make an improper legal
9  conclusion. Additionally, Responding Party objects to this request as seeks
10  information concerning communications subject to the protections of Cal. Civil
11  Code section 47. Responding Party objects to this request as irrelevant to any
12  party's claim and disproportionate to the needs of the case.

13  **REQUEST TO ADMIT 8:**

14  Admit that you expected the Court to read YOUR REQUESTS FOR

15  JUDICIAL NOTICE, including Exhibits.

16

17  ADMIT_____          DENY_____

18  **RESPONSE TO REQUEST TO ADMIT 8:**

19  Responding Party objects to this request as premature. Pursuant to Rule

20  26(d)(1) a party may not seek discovery from any source before the parties have

21  conferred as required by Rule 26(f) and these requests were served prior to the

22  parties meeting and conferring. While at the hearing on December 10, 2019 the

23  Court made a ruling from the bench allowing for early discovery. Such discovery

24  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

25  the complaint claiming that he was disabled and unable to access defendant's hotels

26  from his wheelchair when in fact he had been videotaped briskly walking without

27  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

28  he suggested he was a lawyer upon sending demand letters when in fact he has been

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  disbarred. This request addresses neither topic. Responding Party also objects to

2  this request as it seeks information which is protected by the attorney-client

3  privilege and/or work product doctrine.

4  **INTERROGATORY 3:**

5       State whether it was your intent in filing YOUR REQUESTS FOR

6  JUDICIAL NOTICE, in whole or in part, that the Court becomes aware of the

7  contents of the exhibits thereto.

8  **RESPONSE TO INTERROGATORY 3:**

9       Responding Party objects to this interrogatory as premature. Pursuant to Rule

10  26(d)(1) a party may not seek discovery from any source before the parties have

11  conferred as required by Rule 26(f) and these interrogatories were served prior to

12  the parties meeting and conferring. While at the hearing on December 10, 2019 the

13  Court made a ruling from the bench allowing for early discovery. Such discovery

14  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

15  the complaint claiming that he was disabled and unable to access defendant's hotels

16  from his wheelchair when in fact he had been videotaped briskly walking without

17  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

18  he suggested he was a lawyer upon sending demand letters when in fact he has been

19  disbarred. This interrogatory addresses neither topic. Responding Party also objects

20  to this interrogatory as it seeks information which is protected by the attorney-client

21  privilege and/or work product doctrine. Responding Party also objects to this

22  interrogatory on the grounds that it requires Responding Party to make an improper

23  legal conclusion. Additionally, Responding Party objects to this interrogatory as

24  seeks information concerning communications subject to the protections of Cal.

25  Civil Code section 47.

26  / / /

27  / / /

28  / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

### III.

### WITH RESPECT TO IDENTIFICATION AS A LAWYER

**REQUEST TO ADMIT 9:**

Admit that PLAINTIFF has never identified himself as a practicing lawyer in connection with this case.

ADMIT_____          DENY_____

**RESPONSE TO REQUEST TO ADMIT 9:**

Responding Party objects to this request as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) and these requests were served prior to the parties meeting and conferring. However, at a hearing on December 10, 2019 the Court made a ruling from the bench allowing for early discovery. Such discovery was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred. This request may be understood to be directed to the second topic. Therefore, subject to and without waiving the aforementioned objections, Responding Party responds as follows:

Deny.

**INTERROGATORY 4:**

If you denied the preceding Request to Admit 9, please IDENTIFY[6] each occasion in which PLAINTIFF identified himself as a practicing lawyer in connection with this case.

---

[6] Identify means to disclose the date, time, occasion and identification of any person to whom **PLAINTIFF** identified himself as a Member of the State Bar of Arizona.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**RESPONSE TO INTERROGATORY 4:**

Responding Party objects to this interrogatory as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) and these interrogatories were served prior to the parties meeting and conferring. However, at a hearing on December 10, 2019 the Court made a ruling from the bench allowing for early discovery. Such discovery was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred. This request may be understood to be directed to the second topic. Therefore, subject to and without waiving the aforementioned objections, Responding Party responds as follows:

Plaintiff continues to use "Strojnik PC" (his law firm's name) in his communications with Counter-Claimant and contends that his communications are subject to "confidentiality" and are "privileged." Strojnik PC is registered in Arizona as providing legal services as of the date of these responses, including after the disbarment of Peter Strojnik. According to the Arizona Corporation Commission, Strojnik PC's director and president is Peter Strojnik at 2375 E. Camelback Rd., Ste. 600, Phoenix, AZ 85016.

**REQUEST TO PRODUCE 3:**

With respect to all occasions in which PLAINTIFF identified himself as a practicing lawyer in connection with this case, please produce all WRITINGS, RECORDINGS and PHOTOGRAPHS relative to it.

**RESPONSE TO REQUEST TO PRODUCE 3:**

Responding Party objects to this request as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  conferred as required by Rule 26(f) and these requests were served prior to the
2  parties meeting and conferring. However, at a hearing on December 10, 2019 the
3  Court made a ruling from the bench allowing for early discovery. Such discovery
4  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in
5  the complaint claiming that he was disabled and unable to access defendant's hotels
6  from his wheelchair when in fact he had been videotaped briskly walking without
7  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether
8  he suggested he was a lawyer upon sending demand letters when in fact he has been
9  disbarred. This request may be understood to be directed to the second topic.
10 Therefore, subject to and without waiving the aforementioned objections,
11 Responding Party responds as follows:
12     Responding Party will not produce these documents as the documents sought
13 are already in the possession of Plaintiff
14                                   **IV.**
15              **WITH RESPECT TO PLAINTIFF'S DISABILITY**
16 **REQUEST TO ADMIT 10:**
17     Admit that you have no reason to believe that PLAINTIFF is not DISABLED
18 as defined in the 2008 ADA Amendment Act and 28 CFR 36.105.
19
20     ADMIT_____          DENY_____
21 **RESPONSE TO REQUEST TO ADMIT 10:**
22     Responding Party objects to this request as premature. Pursuant to Rule
23 26(d)(1) a party may not seek discovery from any source before the parties have
24 conferred as required by Rule 26(f) and these requests were served prior to the
25 parties meeting and conferring. However, at a hearing on December 10, 2019 the
26 Court made a ruling from the bench allowing for early discovery. Such discovery
27 was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in
28 the complaint claiming that he was disabled and unable to access defendant's hotels

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1 | from his wheelchair when in fact he had been videotaped briskly walking without
2 | the need of any mobility aids, much less the need for a wheelchair; and 2.) whether
3 | he suggested he was a lawyer upon sending demand letters when in fact he has been
4 | disbarred.  This request may be understood to be directed to the first topic.
5 | Responding Party also objects to this request on the grounds that it requires
6 | Responding Party to make an improper legal conclusion.  Responding Party
7 | additionally objects to this request as overbroad.  Responding Party further objects
8 | to this request on the grounds that it requires that Responding Party offer an expert
9 | opinion which Responding Party may not be qualified to make.  Subject to and
10 | without waiving the aforementioned objections, Responding Party responds as
11 | follows:

12 | Deny.  Discovery in continuing and Responding Party specifically reserves
13 | the right to supplement this response.

14 | **INTERROGATORY 5:**

15 | If you denied the preceding Request to Admit 10, state all factual bases for
16 | your refusal to admit.

17 | **RESPONSE TO INTERROGATORY 5:**

18 | Responding Party objects to this interrogatory as premature.  Pursuant to Rule
19 | 26(d)(1) a party may not seek discovery from any source before the parties have
20 | conferred as required by Rule 26(f) and these interrogatories were served prior to
21 | the parties meeting and conferring.  However, at a hearing on December 10, 2019
22 | the Court made a ruling from the bench allowing for early discovery. Such
23 | discovery was only permitted on two topics: 1.) whether Mr. Strojnik made false
24 | allegations in the complaint claiming that he was disabled and unable to access
25 | defendant's hotels from his wheelchair when in fact he had been videotaped briskly
26 | walking without the need of any mobility aids, much less the need for a wheelchair;
27 | and 2.) whether he suggested he was a lawyer upon sending demand letters  when in
28 | fact he has been disbarred.  This interrogatory may be understood to be directed to

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1 the first topic. Responding Party also objects to this interrogatory on the grounds

2 that it requires Responding Party to make an improper legal conclusion.

3 Responding Party further objects to this request on the grounds that it requires that

4 Responding Party offer an expert opinion which Responding Party may not be

5 qualified to make. Subject to and without waiving the aforementioned objections,

6 Responding Party responds as follows:

7        Responding Party has been videotaped briskly walking without the need of

8 any mobility aids, much less the need for a wheelchair. Discovery in continuing and

9 Responding Party specifically reserves the right to supplement this response.

10 **REQUEST TO PRODUCE 4:**

11        If you denied the preceding Request to Admit 10, produce all WRITINGS,

12 RECORDINGS and PHOTOGRAPHS relating to your denial.

13 **RESPONSE TO REQUEST TO PRODUCE 4:**

14        Responding Party objects to this request as premature. Pursuant to Rule

15 26(d)(1) a party may not seek discovery from any source before the parties have

16 conferred as required by Rule 26(f) and these requests were served prior to the

17 parties meeting and conferring. However, at a hearing on December 10, 2019 the

18 Court made a ruling from the bench allowing for early discovery. Such discovery

19 was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

20 the complaint claiming that he was disabled and unable to access defendant's hotels

21 from his wheelchair when in fact he had been videotaped briskly walking without

22 the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

23 he suggested he was a lawyer upon sending demand letters when in fact he has been

24 disbarred. This request may be understood to be directed to the first topic.

25 Responding Party also objects to this interrogatory on the grounds that it requires

26 Responding Party to make an improper legal conclusion. Responding Party further

27 objects to this request on the grounds that it requires that Responding Party offer an

28 expert opinion which Responding Party may not be qualified to make. Subject to

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  and without waiving the aforementioned objections, Responding Party responds as

2  follows:

3      Responding Party will produce the identified video.  Discovery in continuing

4  and Responding Party specifically reserves the right to supplement this response.

5

6                                  **V.**

7                    **WITH RESPECT TO COUNTERCLAIM**

8  <u>**REQUEST TO ADMIT 11:**</u>

9      Admit that the settlement agreement which is the subject matter of YOUR

10 Counterclaim contains the following provision:

11

> 16.    Miscellaneous.  This Agreement shall be construed, enforced, and administered in accordance with the laws of the State of California, without giving effect to any choice or conflict of law provision.  Any claim or action arising out of or relating to this Agreement, or an alleged breach thereof, shall be brought in the courts of the State of California in each case located in City of San Diego, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding.  In the event of any litigation concerning this Agreement, the prevailing party shall be entitled to, in addition to any other relief that may be granted, reasonable attorneys' fees and costs.

16

17      ADMIT_____        DENY_____

18 <u>**RESPONSE TO REQUEST TO ADMIT 11:**</u>

19      Responding Party objects to this request as premature.  Pursuant to Rule

20 26(d)(1) a party may not seek discovery from any source before the parties have

21 conferred as required by Rule 26(f) and these requests were served prior to the

22 parties meeting and conferring.  While at the hearing on December 10, 2019 the

23 Court made a ruling from the bench allowing for early discovery. Such discovery

24 was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

25 the complaint claiming that he was disabled and unable to access defendant's hotels

26 from his wheelchair when in fact he had been videotaped briskly walking without

27 the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

28 he suggested he was a lawyer upon sending demand letters when in fact he has been

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  disbarred. This request addresses neither topic. Responding Party objects to this
2  request as the definition of YOU noted in Request to Admit 1 (which appears to be
3  subsumed in this request's reference to YOUR) is overbroad, harassing, and seeks
4  information subject to the attorney client privilege. Responding Party therefore
5  objects to this request as it seeks information which is protected by the attorney-
6  client privilege and/or work product doctrine.

7  **REQUEST TO ADMIT 12:**

8  Admit that **YOU** were aware of the above provision when **YOU** filed **YOUR**
9  counterclaim.

10

11  ADMIT_____          DENY_____

12  **RESPONSE TO REQUEST TO ADMIT 12:**

13  Responding Party objects to this request as premature. Pursuant to Rule
14  26(d)(1) a party may not seek discovery from any source before the parties have
15  conferred as required by Rule 26(f) and these requests were served prior to the
16  parties meeting and conferring. While at the hearing on December 10, 2019 the
17  Court made a ruling from the bench allowing for early discovery. Such discovery
18  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in
19  the complaint claiming that he was disabled and unable to access defendant's hotels
20  from his wheelchair when in fact he had been videotaped briskly walking without
21  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether
22  he suggested he was a lawyer upon sending demand letters when in fact he has been
23  disbarred. This request addresses neither topic. Responding Party objects to this
24  request as the definition of YOU noted in Request to Admit 1 (which appears to be
25  subsumed in this request's reference to YOUR) is overbroad, harassing, and seeks
26  information subject to the attorney client privilege. Responding Party therefore
27  objects to this request as it seeks information which is protected by the attorney-
28  client privilege and/or work product doctrine.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  **REQUEST TO ADMIT 13:**

2      Admit that the Counterclaim **YOU** brought in this matter is not a

3  **COMPULSORY COUNTERCLAIM[7].**

4

5      ADMIT_____        DENY_____

6  **RESPONSE TO REQUEST TO ADMIT 13:**

7      Responding Party objects to this request as premature.  Pursuant to Rule

8  26(d)(1) a party may not seek discovery from any source before the parties have

9  conferred as required by Rule 26(f) and these requests were served prior to the

10  parties meeting and conferring.  While at the hearing on December 10, 2019 the

11  Court made a ruling from the bench allowing for early discovery.  Such discovery

12  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

13  the complaint claiming that he was disabled and unable to access defendant's hotels

14  from his wheelchair when in fact he had been videotaped briskly walking without

15  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

16  he suggested he was a lawyer upon sending demand letters when in fact he has been

17  disbarred.  This request addresses neither topic. Responding Party also objects to

18  this request as it requires Responding Party to make an improper legal conclusion.

19  Responding Party objects to this request as the definition of YOU noted in Request

20  to Admit 1 is overbroad, harassing, and seeks information subject to the attorney

21  client privilege.  Responding Party therefore objects to this request as it seeks

22  information which is protected by the attorney-client privilege and/or work product

23  doctrine.

24  ///

25

26  [7] As analyzed by the Honorable Virginia K. Demarchi in her Order Granting

27  Plaintiff's Motion to Dismiss Counterclaim appended as Exhibit 1 to Notice of

28  Decision in Legally Indistinguishable Case Regarding Supplemental Jurisdiction, Dkt. 54.

# VI.

## WITH RESPECT TO WITNESSES AND EXHIBITS

**INTERROGATORY 6:**

Identify all witnesses and disclose each witness' anticipated testimony in any hearing on **YOUR VEXATIOUS LITIGANT MOTION.**

**RESPONSE TO INTERROGATORY 6:**

Responding Party objects to this interrogatory as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) and these interrogatories were served prior to the parties meeting and conferring. While at the hearing on December 10, 2019 the Court made a ruling from the bench allowing for early discovery. Such discovery was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred. This interrogatory addresses neither topic. Responding Party also objects to this interrogatory as it seeks information which is protected by the attorney-client privilege and/or work product doctrine.

**REQUEST TO PRODUCE 5:**

Produce all **WRITINGS, RECORDINGS** and **PHOTOGRAPHS** you reviewed in connection with responding to this Discovery Request.

**RESPONSE TO REQUEST TO PRODUCE 5:**

Responding Party objects to this request as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) and these requests were served prior to the parties meeting and conferring. While at the hearing on December 10, 2019 the Court made a ruling from the bench allowing for early discovery. Such discovery

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1 │ was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in
2 │ the complaint claiming that he was disabled and unable to access defendant's hotels
3 │ from his wheelchair when in fact he had been videotaped briskly walking without
4 │ the need of any mobility aids, much less the need for a wheelchair; and 2.) whether
5 │ he suggested he was a lawyer upon sending demand letters when in fact he has been
6 │ disbarred.  This request addresses neither topic.  Responding Party also objects to
7 │ this request as it seeks information which is protected by the attorney-client
8 │ privilege and/or work product doctrine.

9 │ **REQUEST TO PRODUCE 6:**

10 │      Produce all **WRITINGS, RECORDINGS** and **PHOTOGRAPHS** you
11 │ intend to introduce in any hearing on **YOUR VEXATIOUS LITIGANT**
12 │ **MOTION.**

13 │ **RESPONSE TO REQUEST TO PRODUCE 6:**

14 │      Responding Party objects to this request as premature.  Pursuant to Rule
15 │ 26(d)(1) a party may not seek discovery from any source before the parties have
16 │ conferred as required by Rule 26(f) and these requests were served prior to the
17 │ parties meeting and conferring.  While at the hearing on December 10, 2019 the
18 │ Court made a ruling from the bench allowing for early discovery.  Such discovery
19 │ was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in
20 │ the complaint claiming that he was disabled and unable to access defendant's hotels
21 │ from his wheelchair when in fact he had been videotaped briskly walking without
22 │ the need of any mobility aids, much less the need for a wheelchair; and 2.) whether
23 │ he suggested he was a lawyer upon sending demand letters when in fact he has been
24 │ disbarred.  This request addresses neither topic.  Responding Party also objects to
25 │ this request as it seeks information which is protected by the attorney-client
26 │ privilege and/or work product doctrine.

27 │ / / /
28 │ / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# VII.

## GENERAL

**INTERROGATORY 7:**

Please **DISCLOSE**[8] any communications between **YOU** and any person relative to **PLAINTIFF**.

**RESPONSE TO INTERROGATORY 7:**

Responding Party objects to this interrogatory as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) and these interrogatories were served prior to the parties meeting and conferring. While at the hearing on December 10, 2019 the Court made a ruling from the bench allowing for early discovery. Such discovery was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred. This interrogatory addresses neither topic. Responding Party objects to this request as the definition of YOU noted in Request to Admit 1 is overbroad, harassing, and seeks information subject to the attorney client privilege. Responding Party therefore objects to this request as it seeks information which is protected by the attorney-client privilege and/or work product doctrine. Responding Party objects to this request as harassing, overbroad, and vague and ambiguous as to time. Additionally, Responding Party objects to this interrogatory as seeks information concerning communications subject to the protections of Cal. Civil Code section 47.

/ / /

---

[8] Disclose means to identify date, place and time of any communication between **YOU** and any other person and the precise content of such communication.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**REQUEST TO PRODUCE 7:**

Produce all **WRITINGS, RECORDINGS** and **PHOTOGRAPHS** relative to any communication between **YOU** and any person regarding **PLAINTIFF.**

**RESPONSE TO REQUEST TO PRODUCE 7:**

Responding Party objects to this request as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) and these requests were served prior to the parties meeting and conferring. While at the hearing on December 10, 2019 the Court made a ruling from the bench allowing for early discovery. Such discovery was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred. This request addresses neither topic. Responding Party objects to this request as harassing, overbroad, and vague and ambiguous as to time. Responding Party objects to this request as the definition of YOU noted in Request to Admit 1 is overbroad, harassing, and seeks information subject to the attorney client privilege. Responding Party therefore objects to this request as it seeks information which is protected by the attorney-client privilege and/or work product doctrine. Additionally, Responding Party objects to this request as seeks information concerning communications subject to the protections of Cal. Civil Code section 47.

**INTERROGATORY 8:**

With respect to any Request to Admit you denied, please state the factual and legal bases for **YOUR** denial.

**RESPONSE TO INTERROGATORY 8:**

Responding Party objects to this interrogatory as premature. Pursuant to Rule 26(d)(1) a party may not seek discovery from any source before the parties have

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  conferred as required by Rule 26(f) and these interrogatories were served prior to

2  the parties meeting and conferring.  While at the hearing on December 10, 2019 the

3  Court made a ruling from the bench allowing for early discovery.  Such discovery

4  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

5  the complaint claiming that he was disabled and unable to access defendant's hotels

6  from his wheelchair when in fact he had been videotaped briskly walking without

7  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

8  he suggested he was a lawyer upon sending demand letters when in fact he has been

9  disbarred.  This interrogatory addresses neither topic.  Responding Party objects to

10  this request as the definition of YOU noted in Request to Admit 1 (which appears to

11  be subsumed in this request's reference to YOUR) is overbroad, harassing, and seeks

12  information subject to the attorney client privilege.  Responding Party therefore

13  objects to this request as it seeks information which is protected by the attorney-

14  client privilege and/or work product doctrine.  Additionally, Responding Party

15  objects to this interrogatory as seeks information concerning communications

16  subject to the protections of Cal. Civil Code section 47.

17  **REQUEST TO PRODUCE 8:**

18       With respect to any Request to Admis[sic] you denied, please produce all

19  **WRITINGS, RECORDINGS** and **PHOTOGRAPHS** supporting your denial.

20  **RESPONSE TO REQUEST TO PRODUCE 7:**

21       Responding Party objects to this request as premature.  Pursuant to Rule

22  26(d)(1) a party may not seek discovery from any source before the parties have

23  conferred as required by Rule 26(f) and these requests were served prior to the

24  parties meeting and conferring.  While at the hearing on December 10, 2019 the

25  Court made a ruling from the bench allowing for early discovery.  Such discovery

26  was only permitted on two topics: 1.) whether Mr. Strojnik made false allegations in

27  the complaint claiming that he was disabled and unable to access defendant's hotels

28  from his wheelchair when in fact he had been videotaped briskly walking without

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  the need of any mobility aids, much less the need for a wheelchair; and 2.) whether

2  he suggested he was a lawyer upon sending demand letters when in fact he has been

3  disbarred. This request addresses neither topic. Responding Party also objects to

4  this request as it seeks information which is protected by the attorney-client

5  privilege and/or work product doctrine. Additionally, Responding Party objects to

6  this request as seeks information concerning communications subject to the

7  protections of Cal. Civil Code section 47.

8

9                                 KLINEDINST PC

10

11

12  DATED:  January 16, 2020          By:    /s/Nadia P. Bermudez

13                                            Nadia P. Bermudez
                                            Lindsey N. Casillas
14                                          Attorneys for Defendant and Counter-
                                            Claimant, EVANS HOTELS, LLC,
15                                          erroneously sued as dba The Lodge At
                                            Torrey Pines
16

17  18222011.1

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    **VERIFICATION**

2    I have read the foregoing EVANS HOTELS' RESPONSE TO DISCOVERY,

3    SET ONE and know its contents.

4    I am General Counsel for EVANS HOTELS, LLC, a party to this action, and

5    am authorized to make this verification for and on its behalf, and I make this

6    verification for that reason. The matters stated in the foregoing document are true of

7    my own knowledge.

8    I declare under penalty of perjury under the laws of the State of California

9    that the foregoing is true and correct.

10    Executed on January 15, 2020, at ____San Diego____, California.

11

12

13    Julia De Beers

14    General Counsel

15    EVANS HOTELS, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1                                        Case No. 3:19-cv-00650-BAS-AHG
EVANS HOTELS' RESPONSE TO DISCOVERY SET ONE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## CERTIFICATE OF SERVICE

**Stroinik Sr. v. Evans Hotels, LLC, et al.**
**Case No. 3:19-cv-00650-BAS-AHG**

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On January 16, 2020, I served true copies of the following document(s) described as **EVANS HOTELS' RESPONSE TO DISCOVERY SET** on the interested parties in this action as follows:

| Peter Strojnik (Sr.) | Telephone: (602) 524-6602 |
|---|---|
| 7847 N. Central Avenue | Email: ps@strojnik.com |
| Phoenix, Arizona 85020 | Plaintiff, in Pro Per |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 16, 2020, at San Diego, California.

_____
Sonja L. Hill

1