UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> EVANS HOTELS, LLC, <br><br> Defendant/Counter-Claimant. | Case No.: 3:19-cv-00650-BAS-AHG <br><br> **ORDER:** <br><br> **(1) DENYING AS MOOT MOTION TO COMPEL; and** <br><br> **(2) SETTING DEADLINE FOR BOTH PARTIES TO PRODUCE EVIDENCE ON WHICH THEY WILL RELY DURING EVIDENTIARY HEARING** <br><br> **[ECF No. 74]** |

On January 24, 2020, Plaintiff/Counter-Defendant Peter Strojnik, Sr. ("Plaintiff") filed a Motion to Compel concerning Defendant/Counter-Claimant Evans Hotels, LLC's ("Defendant") objections to Plaintiff's December 14, 2019 discovery requests. ECF No. 74. Plaintiff's service of the discovery requests followed on the heels of the December 10, 2019 Motion Hearing before presiding District Judge Cynthia A. Bashant on several motions, including Defendant's Motion for an Order Declaring Plaintiff a Vexatious Litigant and Motion for Sanctions (ECF No. 12) ("Vexatious Litigant Motion"). *See* ECF Nos. 56, 58. During the Motion Hearing, the Court ordered that it would set an evidentiary hearing on the Vexatious Litigant Motion. Additionally, the Court ordered Plaintiff to submit to an Independent Medical Examination ("IME") to develop additional evidence for the evidentiary hearing, since the Vexatious Litigant Motion rests primarily on Defendant's contention that Plaintiff made a false allegation in the Complaint that he was disabled. ECF No. 58 at 4-5, 10-13. The Court also stated that it would be appropriate for the parties to engage in limited discovery of the evidence that would be at issue during the evidentiary hearing. *Id.* at 13, 17-18. The evidentiary hearing is currently set for April 10, 2020. *See* ECF Nos. 70, 77.

Plaintiff filed his Motion to Compel on January 24, 2020. ECF No. 74. Because Plaintiff filed his Motion to Compel without first following the Court's Civil Pretrial Procedures, the Court stayed the deadline for Defendant to respond to the motion and set a Telephonic Status Conference on February 12, 2020 to discuss the discovery dispute. ECF No. 75. Additionally, the Court required the parties to comply with its discovery dispute requirements by sending an email to chambers describing the dispute by February 10, 2020. *Id.* In that email, defense counsel took the position taken in response to the vast majority of Plaintiff's December 14, 2019 discovery requests, namely, that the Court's allowance of early discovery during the Motion Hearing was limited to two topics: "1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair;

and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred." However, as explained during the conference, the transcript of the Motion Hearing before Judge Bashant does not support such a limited view of the discovery permitted. The undersigned understands the permitted discovery to extend to all evidence on which each side intends to rely during the evidentiary hearing, which in turn concerns the merits of Defendant's Vexatious Litigant Motion.

Therefore, as stated during the conference, the Court **ORDERS** the parties to produce to one another: (1) a statement setting forth all facts that support the producing party's contention that the Vexatious Litigant Motion should, or should not, be granted; and (2) all evidence on which the producing party may rely during the evidentiary hearing currently set for April 10, 2020 no later than **February 26, 2020**.

Based on this ruling, Plaintiff's Motion to Compel (ECF No. 74) is **DENIED as moot**. To the extent Plaintiff's discovery requests go beyond the bounds of discovery related to the Vexatious Litigant Motion and the evidentiary hearing on that motion, the Court will not address them at this time for two reasons. First, the Motion to Compel presents no argument in support of compelling responses to those requests unrelated to the Vexatious Litigant Motion. Second, Plaintiff must follow Judge Goddard's Civil Pretrial Procedures to properly raise additional discovery disputes with the Court, and thus any other disputes at issue in the Motion to Compel are premature.[1]

---

[1] During the February 12 conference, Plaintiff specifically raised a request to take Defendant's 30(b)(6) deposition and asked that the Court address that request in this Order so that the denial could be appealed to the District Judge. However, Plaintiff makes no such request in the Motion to Compel. *See generally* ECF No. 74. This issue thus appears to be a brand new dispute without any underlying motion practice. Nor have the parties met and conferred or otherwise complied with Judge Goddard's Civil Pretrial Procedures with respect to this dispute. Additionally, the Court finds that a 30(b)(6) deposition of Defendant's representative is not necessary to prepare for the evidentiary hearing on the Vexatious Litigant Motion. Accordingly, the Court **DENIES** Plaintiff's oral motion as premature.

Notwithstanding the above analysis, Defendant is cautioned that Judge Bashant's limitation of the "early discovery" permitted during the December 10, 2019 Motion Hearing was a limitation set prior to the parties' December 16, 2019 deadline to meet and confer pursuant to Rule 26(f) in preparation for the January 8, 2020 Case Management Conference, and prior to the entry of the corresponding Scheduling Order on January 9, 2020. *See* ECF Nos. 49, 63, 64. Therefore, any discovery requests propounded after the parties met and conferred pursuant to Rule 26(f) are not limited by Judge Bashant's ruling and are subject only to the limitations of Rule 26(b).

**IT IS SO ORDERED.**

Dated:  February 13, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge