Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsay N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
lcasillas@klinedinstlaw.com

Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>　　　　Plaintiff,<br><br>v.<br><br>Evans Hotels, LLC dba The Lodge At Torrey Pines,<br><br>　　　　Defendant.<br><br>Evans Hotels, LLC,<br><br>　　　　Counter-Claimant,<br><br>v.<br><br>Peter Strojnik (Sr.),<br><br>　　　　Counter-Defendant. | Case No. 19-cv-0650-BAS-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNAUTHORIZED AND UNTIMELY COUNTER-CLAIM PURSUANT TO RULE 12(f) OR ALTERNATIVELY MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e)**<br><br>Date:　　　　　April 6, 2020<br>Courtroom:　　　4B<br>Judge:　　　　Hon. Cynthia Bashant<br>Magistrate Judge: Hon. Allison H. Goddard<br>Complaint Filed: April 05, 2019<br>Trial Date:　　　March 23, 2021<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Peter Strojnik ("Strojnik"), a serial pro se litigant, filed an untimely Counter-Claim against Evans Hotels, LLC, dba The Lodge at Torrey Pines ("Evans Hotels"). The Counter-Claim was filed over five months late and should be dismissed and/or stricken pursuant to Federal Rules of Civil Procedure, Rule 12(f). Further, Strojnik's four-page Counter-Claim is vague, unintelligible, and fails to allege any identifiable cause of action. Thus, Evans Hotels respectfully submits the following memorandum of points and authorities in support of its motion to dismiss Strojnik's untimely and unauthorized Counter-Claim. [ECF # 72.] Or alternatively, Evans Hotels seeks an order for a more definite statement of Strojnik's Counter-Claim. The following motion is made in accordance with Federal Rules of Civil Procedure, Rules 12(f) and 12(e).

## I.   PROCEDURAL HISTORY

Strojnik, an Arizona resident, has pursued various claims against Evans Hotels (including another case presently pending before this Court, Case No.: 3:19cv1446-BAS-AHG) and other claims filed in the Southern District of California against dozens of other businesses. [ECF #12.] Evans Hotels, therefore, filed a Motion to Declare Strojnik a Vexatious Litigant, which is pending before the Court. [ECF #12.]

By way of background, in this matter, Strojnik filed a Complaint against Evans Hotels on April 8, 2019 [ECF #1, amended at ECF #3], which was disposed of by way of a Rule 68 Offer of Judgment in the amount of $500. [ECF #22.]

Evans Hotels' Counter-Claim to the original Complaint was filed and served on July 19, 2019. [ECF #11.] As a result, Strojnik's answer was due no later than August 12, 2019. Months later, Strojnik had not filed an answer to Evans Hotels' Counter-Claim. Therefore, he was ordered by Judge Allison H. Goddard to file an Answer to Evans Hotels' Counter-Claim. (EFC #56 ["Plaintiff has not yet filed an Answer to the counter-claim, nor has he provided initial disclosures to Defendant.

/ / /

As the Court ruled during the CMC, Plaintiff's Answer and initial disclosures are due no later than January 22, 2020."].)

When Strojnik finally filed his answer on January 22, 2020, he included with it an unauthorized Counter-Claim. [ECF #72.] Strojnik did not seek leave to file an untimely Counter-Claim, nor should such leave be granted.

## II.   LEGAL STANDARD

Strojnik's untimely and unauthorized Counter-Claim should be dismissed on the following legal bases:

First, Federal Rules of Civil Procedure, Rule 13(a) requires a party defending against any claim to bring as a compulsory counterclaim a claim that — "at the time of its service — the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Here, Strojnik failed to do so by August 12, 2019, when his answer became due. Discretion to strike the challenged pleading lies entirely within the court's sound discretion and the moving party need not demonstrate prejudice to be afforded the relief requested under Rule 12(f). (*See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (rev'd on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994)); *California v. United States*, 512 F.Supp. 36, 38 (N.D. Cal. 1981). Therefore, the Court may strike the Counter-Claim on the basis of it being immaterial pursuant to Rule 12(f), and for failure to seek leave of court.[1]

Alternatively, the Court must address the substandard pleading. Federal Rules of Civil Procedure, Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The

///

---

[1] This is yet another example of Strojnik's abusive and time-wasting litigation tactics described in the motion to declare him a vexatious litigant.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired…"

### III. STROJNIK'S COUNTER-CLAIM IS UNAUTHORIZED AND UNTIMELY

Ordinarily, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Evans Hotels' Counter-Claim to the original Complaint was filed and served on July 19, 2019. [ECF #11.] Strojnik therefore had until August 12, 2019 to file an Answer and Counter-Lim. Because Strojnik filed his Answer on January 22, 2020 [ECF #72] and only after the Court ordered him to file an Answer, his Counterclaim is untimely and it should be dismissed by the Court pursuant to Fed.R.Civ.P. Rule 12(f).

### IV. STROJNIK'S COUNTER-CLAIM IS VAGUE AND UNINTELLIGIBLE

Federal Rules of Civil Procedure, Rule 8(e) requires that each averment of a pleading be "simple, concise and direct." Where the requirements of sufficiently identifying critical elements of a claim are not met, a motion for a more definitive statement is proper to allow a defendant to be put on notice of the wrongful conduct charged so it can intelligently frame its response. *Anderson v. District Bd. of Tr. of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

Not only was Strojnik's Counter-Claim untimely, it is hopelessly vague and unintelligible. Nowhere does it clearly assert a cause of action. [ECF #72, pp. 2-5] For example, the Counterclaim includes a prayer for judgment based on Evans Hotels' alleged "defamation" [ECF, p. 5:5-6] and breach of contract allegations [ECF #72, p. 2:10-3:4; 5:3-4], but no clear alleged cause of action exists. Strojnik also seeks punitive damages but fails to identify any cause of action that would support the relief requested. [ECF, p. 5:7] Unless Strojnik can articulate the basis of the causes of action he seeks to bring, and under what statutes or on what

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

grounds, Evans Hotels cannot reasonably be required to frame a response to Strojnik's allegations. Without any clearly identifiable causes of action, it would be almost impossible to guess at the appropriate affirmative defenses to allege.

Simply stated, Strojnik's Counter-Claim is so vague and lacking in specificity that it fails to inform Evans Hotels of the basis of the claims being asserted against it. Evans Hotels cannot understand the basis of what it is being accused of, let alone form a responsive pleading to the Counter-Claim. As such, if the Court does not order a dismissal of the untimely Counter-Claim, the court should order Strojnik to file a more definite statement pursuant to Federal Rules of Civil Procedure, Rule Rule 12(e).

## V.   CONCLUSION

Peter Strojnik, a serial pro se litigant, is overwhelming the federal Courts with frivolous litigation. This is after he was disbarred by the Arizona State Bar for filing fraudulent litigation under the Americans with Disabilities Act [See, ECF # 12.]. The court should dismiss the Counter-Claim and make all appropriate rulings to address Strojnik's frivolous and time-wasting conduct.

KLINEDINST PC

DATED: February 14, 2020   By:   /S/ Nadia P. Bermudez
Nadia P. Bermudez
Lindsey N. Casillas
Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

18293641.2