UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> EVANS HOTELS, LLC, <br><br> Defendant/Counter-Claimant. | Case No.: 3:19-cv-00650-BAS-AHG <br><br> **ORDER DENYING MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE** <br><br> **[ECF No. 90]** |

This matter comes before the Court on Plaintiff's Motion to Continue ENE (ECF No. 90), filed *nunc pro tunc* on February 26, 2020. Plaintiff seeks to continue the Early Neutral Evaluation Conference ("ENE") currently set for March 4, 2020 in this case because he has arranged to be out of the country on that date. *Id.* The Court's order rescheduling the ENE for March 4, 2020 was issued on January 3, 2020, after Plaintiff requested to appear for the January 13, 2020 ENE telephonically due to significant pain making it "medically difficult if not impossible [for Plaintiff] to travel from his home in Phoenix to San Diego." *See* ECF No. 60. Because in-person appearances are required for ENEs, the Court continued the ENE rather than granting the request. ECF No. 61.

Parties seeking to continue an ENE must demonstrate good cause. *See* Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). "Good cause" is a non-rigorous standard that has been construed broadly across

procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Additionally, the initial order resetting the ENE and CMC in this case following transfer to the undersigned sets forth several specific requirements for requests to continue an ENE, which are also included in Magistrate Judge Allison H. Goddard's Civil Pretrial Procedures. These requirements include: (1) the request must be made by joint motion no later than seven calendar days before the affected date; (2) the request must state the original deadline or date of the ENE; (3) the request must state the number of previous requests for continuances; (4) the movant must make a showing of good cause for the request; (5) the motion must state whether the request is opposed and why; (6) the motion must set forth whether the requested continuance will affect other case management dates; and (7) the request must include a declaration from the party seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met. *See* ECF No. 42 at 4; Chmb.R. at 2. These requirements were incorporated into each order resetting the ENE thereafter. *See* ECF Nos. 49 at 3; 57 at 2; 61 at 3.

Plaintiff failed to comply with any of the above requirements. Plaintiff's *ex parte* motion is two sentences in length: "Plaintiff has previously arranged to be out of the country between March 2nd and March 14, 2020. Therefore, he respectfully requests a continuance of the ENE to a time convenient to the Court." ECF No. 90. Despite the deficient filing, in light of Plaintiff's *pro se* status and in an effort to ascertain whether Plaintiff could provide additional information to demonstrate good cause to continue the ENE due to a pre-planned vacation, chambers staff contacted Plaintiff and defense counsel by email on February 28, 2020 to ask whether the request was opposed, and, if so, whether Plaintiff had booked the vacation before the Court issued its January 3, 2020 order resetting the ENE to March 4, 2020. Defense counsel confirmed that the request was opposed.

Plaintiff initially refused to provide any information to the Court to confirm the booking date, but eventually provided a screenshot showing that the vacation was booked on January 22, 2020. Although Plaintiff noted that the trip was planned prior to booking, Plaintiff did not explain either in his motion or in his subsequent communications with the Court why he waited until February 25, 2020 to mail the motion seeking a continuance. Whether or not Plaintiff had already tentatively planned a vacation for early March before learning of the January 3rd order rescheduling the ENE for March 4, 2020, Plaintiff proceeded to finalize the booking on January 22 in spite of the conflicting ENE date, and then waited more than a month after booking to notify the Court that he could not appear by way of a cursory *ex parte* motion that ignored all of the Court's requirements for seeking continuances. In other words, Plaintiff failed to show diligence, which is an essential component of establishing good cause.

Indeed, Plaintiff's communications with the Court indicate a complete disregard for the expectation that a litigant should make a diligent effort to appear for hearing dates at all. However, the "good cause" standard requiring the Court to consider the diligence of the party seeking a continuance is dictated by the Federal Rules of Civil Procedure and is applied to all litigants and counsel equally. Plaintiff has failed to meet that standard here. Therefore, Plaintiff's Motion to Continue ENE (ECF No. 90) is **DENIED**. Should Plaintiff fail to appear for the ENE, the Court will order Plaintiff to show cause why he should not face sanctions pursuant to Fed. R. Civ. P. 16(f).

**IT IS SO ORDERED.**

Dated: March 2, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3
3:19-cv-00650-BAS-AHG