Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff / Counterdefendant,<br><br>v.<br><br>EVANS HOTELS, LLC,<br><br>Defendant / Counterclaimant | Case No: 3:19-cv-00650-BAS AHG<br><br>**PLAINTIFF'S RESPONSE TO OSC [93]**<br><br>and<br><br>**28 U.S.C. §351 COMPLAINT AGAINST MAGISTRATE ALLISON GODDARD** |

## BACKGROUND

Plaintiff is a retired, disabled veteran, and an immigrant. Plaintiff spends his time traveling about. While traveling in the United States he "tests"[1] places of lodging for ADA compliance.

In the matter before the Court, Plaintiff filed a claim against Defendant pursuant to 28 C.F.R. §302(e) and ADAAG, noting that Defendant's place of public accommodation displayed at least 23 clearly identified barriers to accessibility. Dkt. at 3. Defendant answered and countersued for breach of contract [11]. Defendant also filed a Motion to Declare Plaintiff a vexatious litigant[12].

Defendant offered judgment on the ADA related claims. Plaintiff accepted the offer[18], resulting in a judgment in Plaintiff's favor [22]. Only state court claims and the vexatious litigant motion remained.

---

[1] *See Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017)

1  On December 10, 2019, the Court ordered Plaintiff to submit to an Independent
2  Medical Evaluation [56]. The parties agreed that the scope of the IME would be:

> Whereas, the scope of Dr. Greenfield examination shall be to determine whether Mr. Strojnik's condition(s) fall within the definitions of "disability" pursuant to 2008 ADA Amendment Act and 28 C.F.R. 36.105 and assess impact and limitations on major life activities related thereto as related to allegations of obstacles or ADA violations in complaint. [82]

Contrary to the express scope of the examination, Plaintiff learned that Ms. Casillas, one of defense counsel, improperly advised Dr. Greenfield that the scope of the examination was unrelated to the ADA definition of "disability" [88]:

> Dr. Greenfield entered the examination room timely. [Dr. Greenfield and Plaintiff] exchanged introductory pleasantries. [Plaintiff] asked [Dr. Greenfield] whether he was aware of the scope of the examination and [Dr. Greenfield] responded that Ms. Casillas requested that he conduct an orthopedic examination. He stated that he was unaware of the dispute requiring the IME.
>
> [Plaintiff] responded that this was an ADA examination of "disability" as defined by the 2008 ADA Amendment Act and 28 C.F.R. 36.105. [Plaintiff] offered Dr. Greenfield a copy of Dkt. No. 82, *Second Stipulation to Change Date of Physical Examination* and we together read the following provision:
>
> > date. Whereas, the scope of Dr. Greenfield examination shall be to determine whether Mr. Strojnik's condition(s) fall within the definitions of "disability" pursuant to 2008 ADA Amendment Act and 28 C.F.R. 36.105 and assess impact and limitations on major life activities related thereto as related to allegations of obstacles or ADA violations in complaint.
>
> Dr. Greenfield confided that he was an orthopedic surgeon and not an ADA disability expert. [Plaintiff] explained that the term "disability" under the ADA is a word of legal art and that it is not synonymous with the medical term "disability". In order to more clearly understand the scope of the term "disability" [Plaintiff] offered [Dr. Greenfield] a copy of the 2008 ADA Amendment Act and a copy of 28 C.F.R. 36.104…

Evidentiary hearing on Defendant's vexatious litigant motion is currently scheduled for March 24, 2020. Plaintiff looks forward to the hearing.

On January 21, 2020, Plaintiff filed his Answer and Counterclaim to Defendant's breach of contract claim.

## MAGISTRATE GODDARD'S UNATTAINABLE ORDER AND THREAT OF SANCTIONS FOR NON-COMPLIANCE

Early Neutral Evaluation was scheduled for March 4, 2020. Plaintiff timely moved to continue the ENE because he would be out of the country between March 2 and March 13, 2020. Dkt. at 90. [90] Emails, including ex-parte emails, were exchanged between Plaintiff, counsel for Defendant and Magistrate Goddard. Exhibit 1.

Motions to continue, particularly where no prejudice to either party results, have been traditionally granted as a matter of courtesy[2].

On the day of Plaintiff's departure abroad – and without timely email notice to him - Magistrate Goddard denied Plaintiff's request for continuance [91]. While Plaintiff was knowingly unable to attend, Magistrate Allisson Goddard nonetheless held the ENE with just the Defendant [92]:

> Minute Entry for proceedings held before Magistrate Judge Allison H. Goddard: Early Neutral Evaluation Conference held on 3/4/2020. Plaintiff Peter Strojnik failed to appear. **The Court waited 30 minutes and continued the conference.** Order to issue. (Defendant Attorney Nadia Bermudez). (All non-registered users served via U.S. Mail Service)(no document attached) (kxm) (Emphasis supplied]

Magistrate Goddard then issued the OSC why Plaintiff should not be found in contempt for not personally attending the ENE in San Diego while in the middle of the Atlantic Ocean [93]. Magistrate Goddard further ordered Defendant to submit a statement of costs and fees for the time spent waiting for the unattainable ENE:

> No later than **March 20, 2020**, Defendant's counsel shall file and serve a declaration detailing (1) the attorney's fees, including the hourly rate, that Defendant incurred for its counsel to prepare for and attend the ENE, plus related expenses (listed separately); (2) the travel time for Defendant's

---

[2] Plaintiff became a lawyer in 1980 until his resignation from the State Bar of Arizona in 2019. However, since the rules of the SBA do not permit resignations, Plaintiff consented to amicable disbarment.

In his 40 years as a litigation lawyer, Plaintiff has not once encountered a denial for a continuance of a matter that conflicted with previously arranged and paid for vacation schedules.

representative to attend the ENE; and (3) any expenses incurred by Defendant's representative to attend the ENE. *Id.*

Magistrate Goddard's action in conducting the ENE at a time she knew Plaintiff would be in the middle of the Atlantic Ocean, followed by actually holding a unilateral ENE with only Defense Counsel, waiting for ½ hour for Plaintiff to teleport from the middle of the Atlantic Ocean to San Diego [92] and then ordering Defense Counsel to submit a fees and costs request is highly unusual. Plaintiff is mystified. Even after countless hours attempting to assign a plausibly benevolent motive to Magistrate Goddard's artful setup, Plaintiff cannot find one.

In light of Plaintiff's inability to be physically present at the ENE while also sailing in the middle of the Atlantic Ocean, Magistrate Allisson Goddard also stated:

> Therefore, Plaintiff Peter Strojnik, Sr. is **ORDERED** to appear **in person** on **March 24, 2020** at **1:30 PM** to **SHOW CAUSE** why the Court should not impose sanctions against him under Fed. R. Civ. P. 16(f) for failing to appear for the ENE, in violation of the Court's Mandatory Procedures set forth in its initial Order setting the ENE and its subsequent Order resetting the ENE for March 4, 2020. *See* ECF No. 42 at 2 (requiring personal attendance)…The Show Cause Hearing will take place in **Courtroom 14 A** in the James M. Carter and Judith N. Keep United States Courthouse, located at 333 West Broadway, San Diego, California 92101. **Failure to appear for the Show Cause Hearing shall constitute an independent basis for sanctions.** (Emphasis supplied) *Id.*

The answer to the first part – why Magistrate Goddard should not impose sanctions is rather straight forward: Plaintiff cannot be two places at the same time. There is no need for personal appearance. It was Magistrate Goddard who set up the circumstance leading to her threat of sanctions, not Plaintiff.

The threat that Magistrate Goddard would find Plaintiff in contempt if he does not appear at the OSC on March 24, 2020 is likewise curious: Magistrate Goddard is – or should be – fully aware that Plaintiff has a previously scheduled hearing at the same time and *in the same matter* before the Honorable Judge Bashant [84].

This is the second instance Magistrate Goddard knowingly ordered an unattainable appearance.

## MAGISTRATE GODDARD'S ACTIONS SHOW UNPRECEDENTED BIAS

Magistrate Goddard's unattainable order, threats of contempt for not fulfilling the unattainable order, the creation of impossible circumstance for Plaintiff's attendance at the ENE, and holding the futile ENE for the apparent purpose of *increasing* monetary sanctions against Plaintiff does not reflect well on the District Court. *See* Fed. R. Civ. P. 1.

Magistrate Goddard's actions, however, confirm the dangerous pattern of evolution in ADA civil rights cases. Even though disability discrimination falls in the same category as discrimination based on the basis of sex, color, national origin, religion or age, *see* 42 U.S.C. § 12102(a), the treatment of disabled individuals by some jurists is evocative of the memorable observation by the Honorable Judge Melinda Harmon. In *Gilkerson v. Chasewood Bank*, 1 F.Supp.3d 570, 596-97 (S.D. Tex., 2014), Judge Harmon displayed the courage to state what disability civil rights litigants know from experience:

> Testers have been an accepted and successful means of enforcing civil rights statutes under the Fair Housing Act and Title VII of the Civil Rights Act of 1964, although **a number of courts addressing Title III cases have been skeptical, and even hostile**. *See* Lee, *Giving Disabled Testers Access to Federal Courts,* 19 Va. J. Soc. Pol'y & L. at 321–23; Johnson, *Testers Standing up for Title III of the ADA,* 59 Case W. Res. L.Rev. at 689–702. "As a result of both the Attorney General's limited resources and the limited remedies available to Title III plaintiffs, 'most suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.'" *Betancourt v. Federated Dept. Stores,* 732 F.Supp. 2d 693, 701 (W.D.Tex.2010) *quoting Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007). (Emphasis supplied.)

Ableist advocates' strategy is not subtle. They are aware of a significant social undercurrent of the hostile skepticism to ADA litigation espoused by ADA segregationists' places of public accommodation. By continuous filing of baseless, scurrilous and irrelevant motions, defendants simply attempt to awaken a potentially fertile skeptical and hostile ground.

Defendant found such fertile ground in Magistrate Goddard.

## POLICY

Of the three branches of government, the Judiciary remains the last governmental stalwart of impartiality and public trust. Attacks on its independence by the legislative branch, e.g. Senator Schumer's attack on the impartiality of the Supreme Court[3], or the Executive's counterattack, are designed to debase Judicial independence to the gutter level of political discourse. Even more dangerous to the public trust is the ableist seduction from within. The preservation of integrity and independence of the Judiciary is paramount[4].

Judge Harmon's recognition of skeptical hostility to ADA plaintiffs by some district courts justifiably raises the level of ADA plaintiffs' wariness. A district court's skepticism of plaintiff's credibility raises plaintiff's skepticism of the district court's impartiality.

Indeed, Magistrate Goddard can no longer be trusted as a fair, fairness, independent and impartial jurist. *See* Code of Conduct for United States Judges at Cannons 1, 2 and 3. *See also Judicial Conduct and Disability Act OF 1980 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings,* 28 U.S.C. §351.

## CONCLUSION AND PRAYER FOR RELIEF

As indicated above, Plaintiff's response to Magistrate Goddard's OSC to explain his inability to teleport from the middle of the ocean to San Diego is simple: He cannot teleport. While Plaintiff can restate this reason in person, such is unnecessary. Second, Plaintiff requires Magistrate Goddard to check the Court's own schedule before ordering to appear for her OSC when she is aware that Plaintiff will be conducting another hearing

---

[3] "I want to tell you, Gorsuch. I want to tell you, Kavanaugh. You have released the whirlwind and you will pay the price!" Schumer said. "You won't know what hit you if you go forward with these awful decisions."

[4] **Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary**
An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

in the very same case. Third, Plaintiff requests that Magistrate Goddard recuse herself from further association with this case. Lastly, Plaintiff requests that the Honorable Larry Alan Burns, chief Judge of this District, investigate the allegations of Magistrate Goddard's misdemeanors pursuant to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §351 *et seq.* and the Code of Conduct for United States Judges Cannons 1, 2 and 3

DATED this 16th day of March 2020.

**PETER STROJNIK**

Plaintiff

The original mailed to the Clerk of the District Court this 16th day of March 2020 and to:

The Honorable Larry Alan Burns
Chief Judge of the United States District Court for the District of Southern California
United States Courthouse
333 West Broadway
San Diego, CA 92101

Courtesy copies distributed by e-mail to:

Nadia P. Bermudez and Lindsay Casillas
nbermudez@klinedinstlaw.com
lcasillas@klinedinstlaw.com
Lawyers for Evans

/s/

# EXHIBIT 1



Peter Strojnik <ps@strojnik.com>

## Motion to Continue ENE

8 messages

---

**CASDdb_efile Goddard** <efile_Goddard@casd.uscourts.gov>           Fri, Feb 28, 2020 at 4:34 PM
To: Peter Strojnik <ps@strojnik.com>
Cc: "nbermudez_klinedinstlaw.com" <nbermudez@klinedinstlaw.com>, "Lindsey N. Casillas" <LCasillas@klinedinstlaw.com>

Mr. Strojnik,

We are in receipt of your Motion to Continue the upcoming ENE (attached). As set forth in Judge Goddard's initial order setting the ENE and CMC filed on September 30, 2019, requests to continue an ENE must be made by joint motion. Your motion does not indicate whether Defendant agrees to the request. I have CC'ed defense counsel here to determine whether the motion is opposed by Defendant. Judge Goddard also requires that you provide the Court with documentation of the trip and when it was booked and paid for to show that it was planned prior to the Court's resetting of the ENE on January 3, 2020.

Thank you,

**Kathleen Mayer**

Law Clerk to the Honorable Allison H. Goddard

United States District Court

Southern District of California

Chambers: (619) 557-6162

x3512


**19-cv-00650.pdf**
90K

---

**Nadia P. Bermudez** <NBermudez@klinedinstlaw.com>                 Fri, Feb 28, 2020 at 4:54 PM
To: CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
Cc: Peter Strojnik <ps@strojnik.com>, "Lindsey N. Casillas" <LCasillas@klinedinstlaw.com>, Kathy Aragon <karagon@klinedinstlaw.com>

Judge Goddard,

We oppose the application/motion, which does not comport with the prior order regarding this ENE.  We respectfully request that the court rule on this motion in sufficient time so that defense counsel can notify her client.

Yours very truly,

Nadia Bermudez

**Nadia P. Bermudez**
Shareholder

Biography | Website | Locations



**Klinedinst San Diego**

501 W Broadway, Suite 600
San Diego, CA 92101

IRVINE, CA
LOS ANGELES, CA          (619) 239-8131 Phone
SACRAMENTO, CA           (619) 238-8707 Fax
SAN DIEGO, CA
SEATTLE, WA

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential, or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution, or copying of this e-mail. If you believe that you have received this e-mail in error and did not want to receive the same, please immediately contact the sender by reply e-mail, telephone, or facsimile to be removed from future emails.

On Feb 28, 2020, at 3:34 PM, CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov> wrote:

[Quoted text hidden]
<19-cv-00650.pdf>

---

**Peter Strojnik** <ps@strojnik.com>                                      Fri, Feb 28, 2020 at 5:31 PM
To: "Nadia P. Bermudez" <NBermudez@klinedinstlaw.com>
Cc: CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>, "Lindsey N. Casillas" <LCasillas@klinedinstlaw.com>, Kathy Aragon <karagon@klinedinstlaw.com>

Dear Judge Goddard:

The initial notice was issued on September 30, 2019 and then rescheduled several times, see [57] and [61]. The last rescheduling occurred on January 3, 2020 [61] ("Therefore, in the interest of efficiency and fairness to both sides, the Court will **CONTINUE** the ENE to **March 4, 2020** at **9:30 AM**") (Emphasis in original.) Since PS receives Court's orders by mail, the precise date of receipt is unknown.

In the meantime we had been diligently navigating through available times for the anticipated vacation and before the newly rescheduled ENE made it on the calendar, the vacation was booked.





**Guest Ticket Booklet**

**11 NIGHT ULTIMATE CARIBBEAN CRUISE
CELEBRITY REFLECTION 02 MAR 2020**

**PETER STROJNIK**

The name of the cruise companion is blacked out to protect privacy.

I regret that Ms. Bermudez declines to consent to the continuation of the ENE.

Beginning tomorrow, I will no longer attend to the e-mails and may have limited access to same during the cruize.

I hope all the best to everyone and a nice weekend!
[Quoted text hidden]

--
Cordially,



Peter Strojnik
STROJNIK
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: 602-524-6602
e-mail ps@strojnik.com
Twitter: @strojnikpeter

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments.

CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>    Fri, Feb 28, 2020 at 5:55 PM

To: Peter Strojnik <ps@strojnik.com>, "nbermudez_klinedinstlaw.com" <nbermudez@klinedinstlaw.com>
Cc: CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>, "Lindsey N. Casillas" <LCasillas@klinedinstlaw.com>, Kathy Aragon <karagon@klinedinstlaw.com>

Mr. Strojnik,

Your email does not provide the documentation requested. Please provide documentation to the Court showing the date you booked and paid for this vacation. Failure to appear for a scheduled hearing will likely result in sanctions.

[Quoted text hidden]

---

**Peter Strojnik** <ps@strojnik.com>  Fri, Feb 28, 2020 at 6:14 PM
To: CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
Cc: "nbermudez_klinedinstlaw.com" <NBermudez@klinedinstlaw.com>, "Lindsey N. Casillas" <LCasillas@klinedinstlaw.com>, Kathy Aragon <karagon@klinedinstlaw.com>

[Quoted text hidden]

**2 attachments**



image001.png
109K



image001.png
109K

---

**Peter Strojnik** <ps@strojnik.com>  Fri, Feb 28, 2020 at 6:15 PM
To: CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
Cc: "nbermudez_klinedinstlaw.com" <NBermudez@klinedinstlaw.com>, "Lindsey N. Casillas" <LCasillas@klinedinstlaw.com>, Kathy Aragon <karagon@klinedinstlaw.com>

I did not pay for the booking. My companion did.
[Quoted text hidden]

---

**CASDdb_efile Goddard** <efile_Goddard@casd.uscourts.gov>  Fri, Feb 28, 2020 at 6:31 PM
To: Peter Strojnik <ps@strojnik.com>, CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
Cc: "nbermudez_klinedinstlaw.com" <nbermudez@klinedinstlaw.com>, "Lindsey N. Casillas" <LCasillas@klinedinstlaw.com>, Kathy Aragon <karagon@klinedinstlaw.com>

Mr. Strojnik,

I will rephrase for clarity. Please provide documentation of **when the vacation was booked and paid for**, regardless of who paid for it. The image you have provided gives no indication of when the vacation was booked and paid for.

To further clarify, the reason behind this requirement is so that Judge Goddard can determine whether you have established good cause, based on a pre-planned vacation, to grant your ex parte and rather late request to continue a hearing that has been on the calendar for 8 weeks as of today (and, taking into account the delay in mailing, known to you for approximately 7 weeks before you prepared your motion). With that understanding of the purpose of the request in mind, hopefully you can provide documentation that will shed light on that inquiry even if my phrasing has been imprecise in some way. When providing the documentation to the Court, **you may redact any personal information and need not include defense counsel on the email.**

[Quoted text hidden]
[Quoted text hidden]

> [Quoted text hidden]
>> [Quoted text hidden]
>> [Quoted text hidden]
>>> The name of the cruise companion is blacked out to protect privacy.
>> [Quoted text hidden]
>> [Quoted text hidden]

---

**Peter Strojnik** <ps@strojnik.com>                                          Fri, Feb 28, 2020 at 8:10 PM
To: CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>

Dear Judge Goddard:

Here is the requested information. Of course, you know as well as anyone that payment is made *after* vacation plans are made and, as I said above, this did not make it to my calendar until *after* the ENE made it to my calendar.



I find your inquisition demeaning and disturbing, something I have not experienced since 5th grade. Do you treat all your litigants with such distrust and disrespect?

The question is of course rhetorical.

Roger and out.
[Quoted text hidden]

Peter Strojnik
7847 N Central Avenue
Phoenix, Arizona 85020

Clerk of Court
United States District Court
Southern District of California
333 West Broadway, Ste 420
San Diego, CA  92101


