Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsay N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
lcasillas@klinedinstlaw.wcom
(916) 444-7573/FAX (916) 444-7544

Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>    Plaintiff,<br><br>v.<br><br>Evans Hotels, LLC dba The Lodge At Torrey Pines,<br><br>    Defendant.<br><br>Evans Hotels, LLC,<br><br>    Counter-Claimant,<br><br>v.<br><br>Peter Strojnik (Sr.),<br><br>    Counter-Defendant. | Case No. 3:19-cv-00650-BAS-AHG<br><br>**DEFENDANT, EVANS HOTELS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND DOCUMENTS & REQUEST FOR SANCTIONS PURSUANT TO RULE 37 Re; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**NO ORAL ARGUMENT**<br><br>Courtroom:       4B<br>Judge:               Hon. Cynthia Bashant<br>Magistrate Judge: Hon. Allison H. Goddard<br>Complaint Filed: April 05, 2019<br>Tril Date:           March 23, 2021 |

TO: PLAINTIFF, PETER STROJNIK (SR.) IN PROPRIA PERSONA:

PLEASE TAKE NOTICE that as soon as this matter may be heard by the Honorable Cynthia Bashant in Courtroom 4B located at 221 West Broadway, San Diego, CA 92101, Defendant, EVANS HOTELS, LLC, through its counsel, will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling Plaintiff PETER STROJNIK SR. to:

1. Produce documents and provide full and complete responses to Defendant's Request for Production of Documents, Set One;
2. Provide full and complete responses to EVANS HOTEL, LLC's First Set of Interrogatories; and
3. Provide further responses to EVANS HOTELS, LLC's First Set of Requests for Admission, Nos. Nos. 1, 5, 25-31, 33, 34, and 35.

Evans Hotels further requests monetary sanctions in connection with this discovery misconduct pursuant to Rule 37.

This motion is based on this Notice of Motion and Motion, the Declaration of Nadia P. Bermudez in this support of this motion to compel, any reply filed in support, the court file for this case, and any other oral and documentary evidence as may be presented at the time of the hearing of this motion.

KLINEDINST PC

DATED: April 8, 2020        By: _____/s/ Nadia P. Bermudez_____
                                 Nadia P. Bermudez
                                 Lindsey N. Casillas
                                 Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Peter Strojnik ("Strojnik"), a serial litigant, has failed to respond to Evans Hotels, LLC's ("Evans Hotels") discovery requests. Therefore, an order is sought to compel compliance. Evans Hotels requests that Strojnik:

1. Produce documents and provide full and complete responses to Defendant's Request for Production of Documents, Set One;
2. Provide full and complete responses to Evans Hotels' First Set of Interrogatories; and
3. Provide further responses to Evans Hotels' First Set of Requests for Admission Nos. 1, 5, 25-31, 33, 34, and 35; and

Evans Hotels further request that this court issue monetary sanctions in connection with this discovery misconduct pursuant to Rule 37.

### II. BACKGROUND

#### A. Discovery Requests Properly Made.

On January 23, 2020, Evans Hotels served on Strojnik: (1) Requests for Production of Documents, (2) Interrogatories and (3) Requests for Admission. Strojnik's responses were due by February 27, 2020. (See, Declaration of Nadia P. Bermudez, Esq. ["Bermudez Decl."] filed concurrently, ¶3, Exs. A-C.)

As of the date of this motion, Strojnik has failed to respond to the: (1) Requests for Production of Documents and (2) Interrogatories. Further, Strojnik's responses to the Requests for Admission Nos. 1, 5, 25-31, 33, 34, and 35 are deficient and contain meritless objections. (See, Bermudez Decl. ¶4, Ex. D.)

The information requested in these discovery requests is relevant to the legal dispute between the parties as well as the motion to declare Strojnik a vexatious litigant, which will be heard by the court on May 13, 2020. (See, Bermudez Decl. ¶4.)

///

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

### B. Meet and Confer Efforts Were Exhausted/Excused

Using a series of excuses, Strojnik refused to be available to meet and confer regarding this discovery for the entire month of March, and then again through April 16. (See, Bermudez Decl. ¶6.) Because the hearing on the motion to declare Strojnik a vexatious litigant is scheduled for May 13, 2020, time is of the essence. (See, Bermudez Decl. ¶6.) As such, on March 31, 2020, Evans Hotels sought to be relieved from pre-motion meet and confer. The Court subsequently authorized the filing of this motion on April 1, 2020. (ECF #100.)

### III. LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. Fed.R.Civ.P. 37(a)(3)(B). The party opposing discovery bears the burden of resisting disclosure. *Miller v. Pancucci,* 141 F.R.D. 292, 299 (C.D.Cal.1992). Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Additionally, the moving party carries the burden of informing the court: (1) which discovery requests are the subject of his motion to compel; (2) which of the defendants' responses are disputed; (3) why the responses are deficient; (4) the reasons defendants' objections are without merit; and (5) the relevance of the requested information to the prosecution of his action. See, e.g., Brooks v. Alameida, No. CIV S–03–2343–JAM–EFB P, 2009 WL 331358, at *2 (E.D.Cal. Feb.10, 2009) Lastly, when deciding whether to grant a motion to compel a

response to a discovery request or interrogatory, the court considers the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the burden or expense of production. *Barnes v. D.C.*, 289 F.R.D. 1 (D.D.C. 2012). As noted below, Strojniks' responses are effectively boilerplate, if not marginally better, and his objections should have been argued with specificity. See Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D.Cal.1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.")

For the reasons set forth below, the motion to compel should be granted.

## IV. ARGUMENT

### A. Court Should Compel Responses to Evans Hotels' Interrogatories Without Objection.

As to the Interrogatories, no responses of any kind have been received from Strojnik. (Bermudez Decl. ¶4, Ex. A.) Each of the interrogatories is relevant to this matter and require a response.

A party may serve interrogatories that relate to any matter within the scope of Rule 26(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a). "The grounds for objecting to an interrogatory must be stated with specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b). An interrogatory not objected to within 30 days after the responding party has been served is waived, unless the court, for good cause, excuses the waiver. Fed. R. Civ. P. 33(b)(4). The waiver is effective "even in situations where a party had a proper objection to a discovery request." Reliance Ins. Co. v. Core Carriers, Inc., 2008 WL 2414041 *3 (M.D. Fla. June 11, 2008).

Strojnik neither objected nor responded to any of Defendant's interrogatories. (Bermudez Decl. ¶4.) As such, an order to compel responses to the interrogatories without objections is appropriate.

///
KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

### B. Court Should Compel Responses to Requests for Production Without Objection.

As to the Requests for the Production of Documents, no responses of any kind have been received. (Bermudez Decl. ¶4, Ex. B.) Each of the requests is relevant to this matter and require a response.

A party may request the production of any document within the scope of Rule 26(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Rule 34 requires that objections to RFPs be timely and the grounds be stated with specificity. See Fed. R. Civ. P. 34(b)(2). "A party who fails to file timely objections [to discovery requests] waives all objections." Ramirez v. County of L.A., 231 F.R.D. 407, 409 (C.D. Cal 2005) (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 506 U.S. 948 (1992)).

Plaintiff again fails to provide any explanation or justification for his failure to respond to Defendant's requests for relevant documents. (Bermudez Decl. ¶4, Ex. B.) As such, an order to compel responses to the requests for production of documents without objections is appropriate.

### C. Court Should Compel Responses to Requests for Admissions Nos. 1, 5, 25-31, 33, 34, and 35 And/Or Deem These Requests Admitted.

Rule 36 of the Federal Rules of Civil Procedure states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)." Fed. R. Civ. P. 36(a). Subsection (a)(4) requires one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter despite making a reasonable inquiry. See Fed. R. Civ. P. 36(a)(4). Alternatively, a party may object to a requested admission. See Fed. R. Civ. P.

36(a)(5) (stating that "the grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial").

Additionally, on December 10, 2019, Judge Cynthia Bashant expressly authorized the parties to engage in discovery relative to the vexatious litigant motion. (See, Bermudez Decl. ¶5, Ex. E.)

Each of the Requests for Admissions Nos. 1, 5, 25-31, 33, 34, and 35 require a further response:

| Request for Admission | Strojnik's Response | Why the Objection Should Be Overruled |
|---|---|---|
| RFA NO. 1: Admit Strojnik, P.C. is a "domestic professional corporation" whose business type is identified with the State of Arizona as: "Legal Services." | OBJECTION: Outside of scope of allowable discovery pursuant to Fed. R. Civ. P. 26(b)(1) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |
| RFA NO. 5: Admit that on or about October 10, 2018 YOU agreed to "provide the type of accessibility information that a mobility disadvantaged guest may wish to review on a booking website or from an in house booking agent." | No response. | No response was provided. A response should be compelled. |
| RFA NO. 25: Admit YOU did not visit The Lodge at Torrey Pines while using a wheelchair. | ADMIT that I did not visit the Lodge at Torrey Pines at relevant times. | A further response, admission or denial, is required. |
| RFA NO. 26: Admit YOU did not visit the Catamaran Resort Hotel while using a wheelchair. | OBJECT: Fed. R. Civ. P. 26(a)(1)(D) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |
| RFA NO. 27: Admit YOU did not visit The Lodge at Torrey Pines while using any mobility assistance device. | ADMIT that I did not visit the Lodge at Torrey Pines at relevant times. | A further response, admission or denial, is required. |
| RFA NO. 28: Admit YOU did not visit the Catamaran Resort Hotel while using any mobility assistance device. | OBJECT: Fed. R. Civ. P. 26(a)(1)(D) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |

| Request for Admission | Strojnik's Response | Why the Objection Should Be Overruled |
|---|---|---|
| RFA NO. 29: Admit that you are the "President/CEO" of Strojnik, P.C. | OBJECT: Fed. R. Civ. P. 26(a)(1)(D) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |
| RFA NO. 30: Admit that after May 2019, you have corresponded with third parties using the corporate name Strojnik, P.C. (aka Strojnik PC or Strojnik, PC) in connection with any alleged violations of the Americans with Disabilities Act. | OBJECT: Fed. R. Civ. P. 26(a)(1)(D) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |
| RFA NO. 31: Admit that after May 2019, you have collected settlement funds deposited in bank accounts belonging to Strojnik, P.C. (aka Strojnik PC or Strojnik, PC) in connection with any alleged violations of the Americans with Disabilities Act. | OBJECT: Fed. R. Civ. P. 26(a)(1)(D) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |
| RFA NO. 33: Admit that the business email address that you used as a practicing attorney prior to your disbarment was: "ps@strojnik.com." | OBJECT: Fed. R. Civ. P. 26(a)(1)(D) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |
| RFA NO. 34: Admit that Strojnik, P.C. was formed by you on April 18, 2011. | OBJECT: Fed. R. Civ. P. 26(a)(1)(D | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |
| REQUEST FOR ADMISSION NO. 33: Admit that you have taken no steps to dissolve Strojnik, P.C. | OBJECT: Fed. R. Civ. P. 26(a)(1)(D) | This objection is meritless. The RFA is relevant and straight-forward and requires a response. |

(See, Bermudez Decl. ¶4, Ex. D)

As such, an order to compel responses to these Requests for Admissions without objections is appropriate.

///

///

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

8    Case No. 3:19-cv-00650-BAS-AHG
DEFENDANT, EVANS HOTELS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## V. THE COURT SHOULD AWARD MONETARY SANCTIONS TO EVANS HOTELS

Strojnik, an Arizona resident, is no ordinary *pro se* litigant. As noted in the motion to declare Strojnik a vexatious litigant pending before this court, Strojnik has filed dozens of ADA lawsuits against businesses all over the United States. (ECF # 12.) Strojnik was previously disbarred from the practice of law in Arizona in connection with his filing of fraudulent ADA litigation. (ECF # 12, Request for Judicial Notice [Exhibits 3-5].) Strojnik also filed a bizarre and meritless complaint about the Magistrate Judge assigned to this matter. (ECF # 99.)

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (internal citations omitted). Under Rule 37(d)(3), a noncompliant party may be ordered to pay the other party's "reasonable expenses" caused by the discovery abuse. Fed. R. Civ. P. 37(d)(3). Reasonable expenses under Rule 37 may include "actual costs incurred as a result of the misconduct." Fosselman v. Gibbs, 2010 WL 1446661, *1 (N.D. Cal. Apr. 7, 2010).

The Court has previously issued an order to show cause against Strojnik in connection with his failure to appear at a noticed Early Neutral Evaluation conference. (ECF # 91.) Such ongoing discovery misconduct must be addressed by the Court. Here, Evans Hotels seeks the amount of at least $2,000 for attorney's fees incurred in connection with the filing of this motion and all related preparation. (Bermudez Decl. ¶7.) This requested amount is highly reasonable and justified under Rule 37.

///
///
///
///

DEFENDANT, EVANS HOTELS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES AND DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## VI. CONCLUSION

For the reasons set forth above, the motion to compel should be granted and the court should issue monetary sanctions against Strojnik.

KLINEDINST PC

DATED: April 8, 2020

By: /s/ Nadia P. Bermudez
Nadia P. Bermudez
Lindsey N. Casillas
Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

18359781.1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101