INDEX OF EXHIBITS

| EXHIBIT NO. | PAGES |
|---|---|
| Exhibit A | 1-13 |
| Exhibit B | 14-21 |
| Exhibit C | 22-41 |
| Exhibit D | 42-50 |
| Exhibit E | 51-56 |

# EXHIBIT A

Exhibit A
000001

1  Nadia P. Bermudez, Bar No. 216555
2  KLINEDINST PC
   501 West Broadway, Suite 600
3  San Diego, California 92101
   (619) 239-8131/FAX (619) 238-8707
4  nbermudez@klinedinstlaw.com

5
6  Lindsey N. Casillas, Bar No. 269688
   KLINEDINST PC
7  801 K Street, Suite 2100
   Sacramento, California 95814
8  lcasillas@klinedinstlaw.com
9  (916) 444-7573/FAX (916) 444-7544

10
   Attorneys for Defendant and Counter-
11 Claimant, EVANS HOTELS, LLC,
   erroneously sued as dba The Lodge At
12 Torrey Pines

13

14              **UNITED STATES DISTRICT COURT**

15           **SOUTHERN DISTRICT OF CALIFORNIA**

16

17 Peter Strojnik (Sr.),                    Case No. 3:19-cv-00650-BAS-AHG

18         Plaintiff,                        **REQUEST FOR PRODUCTION OF**
                                             **DOCUMENTS TO PLAINTIFF**
19         v.

20 Evans Hotels, LLC dba The Lodge
   At Torrey Pines,
21
           Defendant.                        Courtroom:  4B
22 _____           Judge:      Hon. Cynthia Bashant
                                             Magistrate Judge: Hon. Allison H. Goddard
23 Evans Hotels, LLC,                        Complaint Filed:  April 05, 2019
                                             Trial Date:  None set
24         Counter-Claimant,

25         v.

26 Peter Strojnik (Sr.),

27         Counter-Defendant.
   _____
28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

                                1                Case No. 3:19-cv-00650-BAS-AHG

Exhibit A
000002

1    EVANS HOTELS, LLC ("Propounding Party") requests that PETER

2  STROJNIK, SR. ("Responding Party") produce the following documents within

3  thirty days of the service of these requests for production of documents, pursuant to

4  the provisions of Rule 34 of the Federal Rules of Civil Procedure.

5    Defendant demands that within thirty (30) days of service of these requests,

6  Plaintiff produce the documents described below in electronic format to Klinedinst

7  PC, located at 501 West Broadway, Suite 600, San Diego, California 92101.

8  Pursuant to Federal Rules of Civil Procedure, Rule 34, Defendant requests that all

9  responsive documents be produced electronically in the manner as described below:

10    **PRODUCTION METHOD**

11    **Hard Copy Documents:**

12    All hard copy documents shall be scanned as single-page TIFF images with

13  an .opt image cross-reference file and a delimited database load file (i.e. .dat). The

14  database load file should contain the following fields: "BATES BEG," "BATES

15  END," "PAGES," "PRODUCTION VOLUME," "CUSTODIAN," and "OCR."

16  The documents should be logically unitized (*i.e.*, distinct documents shall not be

17  merged into a single record, and single documents shall not be split into multiple

18  records) and be produced in the order in which they are kept in the usual course of

19  business. If an original document contains color to understand the meaning or

20  content of the document, the document shall be produced as single-page, **300 DPI**

21  **JPG images with JPG compression and a high quality setting as to not degrade**

22  **the original image**. Multi-page OCR text for each document should also be

23  provided. The OCR software shall maximize text quality over process speed.

24  Settings such as "auto-skewing" and "auto-rotation" should be turned on during the

25  OCR process.

26    **Electronically Stored Information (ESI)**

27    a.    Format: Electronically stored information ("ESI") should be produced

28  in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Exhibit A
000003

1 | exception of spreadsheet type files, source code, audio and video files, which should

2 | be produced in native format.  TIFFs should show any and all text and images which

3 | would be visible to the reader using the native software that created the document.

4 | For example, TIFFs of e-mail messages should include the BCC line.  PowerPoint

5 | documents shall be processed with hidden slides and all speaker notes unhidden, and

6 | shall be processed to show both the slide and the speaker's notes on the TIFF image.

7 | If an original document contains color, the document should be produced as single-

8 | page, 300 DPI JPG images with JPG compression and a high quality setting as to

9 | not degrade the original image.  Parties are under no obligation to enhance an image

10 | beyond how it was kept in the usual course of business.

11 |      b.   <u>Native Files</u>:  If a document is produced in native, a single-page, Bates

12 | stamped image slip sheet stating the document has been produced in native format

13 | should also be provided.  Each native file should be named according to the Bates

14 | number it has been assigned, and should be linked directly to its corresponding

15 | record in the load file using the NATIVE FILE field.  To the extent that either party

16 | believes that specific documents or classes of documents, not already identified

17 | within this protocol, should be produced in native format, the parties should meet

18 | and confer in good faith.

19 |      c.   <u>PDF File Productions</u>:  Electronically Stored Information ("ESI")

20 | produced in PDF format must be unitized at the document level, i.e., each PDF

21 | should represent a distinct document; a single PDF cannot contain multiple

22 | documents.  Each page of the PDF should be stamped with a unique Bates number.

23 | Parent-child relationships (the association between e-mails and attachments) should

24 | be preserved.  E-mail attachments should be consecutively produced with the parent

25 | email record.  All PDF files must have optical character recognition (OCR) applied

26 | through the entire document, with the exception of redacted portions.  A cross-

27 | reference file must be provided, to include the following data for each distinct

28 | document:  Beg Bates, End Bates, Beg Bates Attach, Bates End Attach, Doc Date,

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  Doc Type, Doc From, Doc To, Doc Name, Custodian and Text.

2      d.    <u>De-Duplication</u>:  Each party shall remove exact duplicate documents

3  based on MD5 hash values, at the family level.  Attachments should not be

4  eliminated as duplicates for purposes of production, unless the parent e-mail and all

5  attachments are also duplicates.  An e-mail that includes content in the BCC or other

6  blind copy field shall not be treated as a duplicate of an e-mail that does not include

7  content in those fields, even if all remaining content in the e-mail is identical.

8  Removal of near-duplicate documents and e-mail thread suppression is not

9  acceptable.  De-duplication should be done across the entire collection (global de-

10  duplication) and the CUSTODIAN field should list each custodian, separated by a

11  semicolon, who was a source of that document and the ORIGINAL FOLDER

12  PATH field will list each file path, separated by a semicolon, that was a source of

13  that document.  Should the CUSTODIAN or ORIGINAL FOLDER PATH metadata

14  fields produced become outdated due to rolling productions, an overlay file

15  providing all the custodians and file paths for the affected documents should be

16  produced prior to substantial completion of the document production.

17      e.    <u>Metadata</u>:  All ESI shall be produced with a delimited, database load

18  file that contains the metadata fields listed in Table 1 below.  The metadata

19  produced should have the correct encoding to enable preservation of the documents'

20  original language.

21  **TABLE I – ESI Metadata Fields**

| FIELD NAME | DESCRIPTION |
|---|---|
| Attachment List | List of attachments |
| Author | Author of document |
| Bates Beg | Beginning Bates number of document |
| Bates Beg Attach | Beginning Bates number of attachment |
| Bates End | Ending Bates number of document |
| Bates End Attach | Ending Bates number of attachment |
| Comments | For Microsoft documents (ppt speaker notes, cell comments) |
| Custodian | Individual who had custody of the document |
| Date Created | Date and time document was created (Ex. 01/01/2001 17:00) |
| Date Last Modified | Date and time the document was last modified (Ex. |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

| | 01/01/2001 17:00) |
|---|---|
| Date Received | Date and time email was received (Ex. 01/01/2001 17:00) |
| Date Sent | Date and time email was sent (Ex. 01/01/2001 17:00) |
| Document Extension | File extension of document (.msg, .docx, .xlsx, etc.) |
| Email BCC | Blind-copied recipients of email |
| Email CC | Copied recipients of email |
| Email From | Sender of email |
| Email Subject | Subject line of email |
| Email To | Recipient of email |
| Extracted Text | Relative file path of text file |
| File Name | File name |
| Group Identifier | Unique number that groups parent email and attachments |
| Last Saved By | Individual whom last modified the document |
| MD5 Hash | MD5 Hash Value |
| Native File | Relative file path of native file |
| Original Folder Path | Original file path where file was kept (by client) |
| Pages | Number of pages per document |
| Parent Document ID | Parent control number or parent Bates stamp number (this field should only be populated to children, not to the parent itself) |

f.  <u>OCR/Extracted Text</u>:  Each line in an email header shall appear on a separate line in the extracted text/OCR.  Email header text shall not wrap.

g.  <u>Exception Report</u>:  The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

h.  <u>Redactions</u>:  If documents that the parties have agreed to produce in native format need to be redacted, the parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

i.  <u>Technology Assisted Review</u>:  Predictive coding/technology assisted review shall not be used for the purpose of culling documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

j.  <u>Family Relationships</u>:  Family relationships shall be maintained for all responsive records, unless a claim of privilege is being asserted.  Families refer to

Exhibit A
000006

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  connected records, such as an email (the "parent") with its corresponding

2  attachments (the "children"). If family relationships are severed due to privilege,

3  Plaintiff shall provide a privilege log including all requested information as set forth

4  in the following section titled "Privileged Content," in addition to the corresponding

5  Group Identifier to identify the broken familial relationship from the privilege log.

6  ## DELIVERY METHOD

7      Defendant's preferred method of transmittal of all responsive documents is

8  via File Transfer Protocol (FTP). If Plaintiff does not have access to this method of

9  transit, any media on which documents are produced must be encrypted to maximize

10  the security of information in transit. In such cases, Plaintiff shall transmit the

11  encryption key or password to Defendant, under separate cover, contemporaneously

12  with sending the encrypted media.

13  ## PRIVILEGED CONTENT

14      If any document requested is claimed to be privileged, pursuant to Code of

15  Civil Procedure section 2031.240, you are required to specify the following for each

16  document:

17      a)    The name, occupation and capacity of the individual from whom the

18  privileged document emanated;

19      b)    The name, occupation and capacity of the individual(s) to whom the

20  allegedly privileged document was directed;

21      c)    The date the document bears;

22      d)    The title of the document or subject line of the document claimed to be

23  privileged, if not privileged content itself;

24      e)    A brief description of the nature and contents of the document claimed

25  to be privileged; and

26      f)    The privilege claimed and its basis in law.

27  ## DEFINITIONS

28      1.    "DOCUMENT" or "DOCUMENTS" are intended to mean "documents

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

6

Case No. 3:19-cv-00650-BAS-AHG
REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIER

1  and other tangible things" and shall include, without limitation, originals and copies

2  (carbon, photographic, microfilm or otherwise) of all documents, correspondence,

3  writings as defined by section 250 of the California Evidence Code, papers,

4  agreements, memoranda, reports, notes, diaries, inter-office and/or intra-office

5  corporate communications, <u>email or other ESI (as defined below)</u>, messages,

6  telegrams, telex communications, letters, ledgers, photographs, pictures, drawings,

7  sketches, analytical data, data sheets, video tapes, publications, catalog sheets or

8  addenda, instructions, brochures, pamphlets, recordings (tape, disk, belt or any other

9  type), invoices, work assignments, work records, worksheets, devices and any other

10  writings, printed and/or typewritten matter, including drafts, or other physical

11  objects in your custody, care or possession.  The fact that information is contained in

12  an electronic (as opposed to printed) form, does not exclude the information from

13  this definition.  All forms of recorded information are covered by the term

14  "DOCUMENT" or "DOCUMENTS."  However, production of duplicate copies of

15  the same documents is requested only if the original or copies contain some

16  material, handwritten or otherwise, that is not on the other copies or original in

17  compliance with Code of Civil Procedure section 2031.280(d)(2).

18      2.      "ESI" or "Electronically Stored Information" are defined as

19  information stored in an electronic means (Code of Civil Procedure section

20  2016.020(e)) shall include media such as text messages, call history logs, cellphone

21  app data, social media posts (such as Facebook, Instagram, SnapChat, LinkedIn,

22  Pinterest, Google+, etc.), microblogs and blogs (such as Twitter, Wordpress,

23  Blogger, Tumbler, etc.), video data (YouTube, Vimeo, etc.), CRM data (SalesForce,

24  Pipedrive, Infusionsoft, Zoho, etc.), instant messaging data (AOL IM, Slack, Gchat,

25  etc.), Microsoft Word documents, Microsoft Excel spreadsheets, voicemails, emails

26  (Outlook, Lotus Notes, Gmail, Yahoo Mail), and all other electronically stored

27  documents.

28      3.      "ADA" means "Americans with Disabilities Act."

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    **REQUEST FOR PRODUCTION OF DOCUMENTS**

2    **REQUEST FOR PRODUCTION NO. 1:**

3        All DOCUMENTS related to any impairment affecting YOUR mobility in the

4    last 5 years.

5    **REQUEST FOR PRODUCTION NO. 2:**

6        Any DOCUMENTS related to Evans Hotels, LLC.

7    **REQUEST FOR PRODUCTION NO. 3:**

8        Any DOCUMENTS related to the Bahia Resort Hotel.

9    **REQUEST FOR PRODUCTION NO. 4:**

10       Any DOCUMENTS related to The Lodge at Torrey Pines.

11   **REQUEST FOR PRODUCTION NO. 5:**

12       Any DOCUMENTS related to the Catamaran Resort Hotel.

13   **REQUEST FOR PRODUCTION NO. 6:**

14       Any ESI related to Evans Hotels, LLC.

15   **REQUEST FOR PRODUCTION NO. 7:**

16       Any ESI related to the Bahia Resort Hotel.

17   **REQUEST FOR PRODUCTION NO. 8:**

18       Any ESI related to The Lodge at Torrey Pines.

19   **REQUEST FOR PRODUCTION NO. 9:**

20       Any ESI related to the Catamaran Resort Hotel.

21   **REQUEST FOR PRODUCTION NO. 10:**

22       Any DOCUMENTS related to consulting services YOU performed for Evans

23   Hotels, LLC.

24   **REQUEST FOR PRODUCTION NO. 11:**

25       Any ESI related to consulting services YOU performed for Evans Hotels,

26   LLC.

27   **REQUEST FOR PRODUCTION NO. 12:**

28       Any records related to communications with Evans Hotels, LLC.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  **REQUEST FOR PRODUCTION NO. 13:**

2      Any records related to communications with the Bahia Resort Hotel.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      Any records related to communications with The Lodge at Torrey Pines.

5  **REQUEST FOR PRODUCTION NO. 15:**

6      Any records related to communications with the Catamaran Resort Hotel.

7  **REQUEST FOR PRODUCTION NO. 16:**

8      Any records related to visits to  the Bahia Resort Hotel.

9  **REQUEST FOR PRODUCTION NO. 17:**

10      Any records related to visits to The Lodge at Torrey Pines.

11  **REQUEST FOR PRODUCTION NO. 18:**

12      Any records related to visits to the Catamaran Resort Hotel.

13  **REQUEST FOR PRODUCTION NO. 19:**

14      Any DOCUMENTS referring to ADA compliance that YOU have sent within

15  the past two years to businesses in San Diego County.

16  **REQUEST FOR PRODUCTION NO. 20:**

17      Any DOCUMENTS in which YOU demanded money and that YOU sent

18  within the past two years to businesses in San Diego County.

19  **REQUEST FOR PRODUCTION NO. 21:**

20      Any DOCUMENTS that included a draft complaint and that YOU sent within

21  the past two years to businesses in San Diego County.

22  **REQUEST FOR PRODUCTION NO. 22:**

23      Any DOCUMENTS within your possession, custody, or control that contain

24  the phrase "courtesy notice".

25  **REQUEST FOR PRODUCTION NO. 23:**

26      Any DOCUMENTS within your possession, custody, or control that contain

27  the phrase "ADA tester".

28

**REQUEST FOR PRODUCTION NO. 24:**

Any DOCUMENTS within your possession, custody, or control that contain the phrase "suggest you consult with an attorney".

**REQUEST FOR PRODUCTION NO. 25:**

All medical records related to each disability that YOU have experienced within the last five years.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all correspondence sent to any person or business in California mentioning Strojnik, PC or Strojnik, P.C.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all emails sent to any person or business in California, mentioning Strojnik, PC or Strojnik, P.C.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all documents mentioning Strojnik, PC or Strojnik, P.C. created after May 2019.

**REQUEST FOR PRODUCTION NO. 29:**

Any DOCUMENTS referring to ADA compliance that YOU have sent to businesses in California.

**REQUEST FOR PRODUCTION NO. 30:**

Any DOCUMENTS referring to or constituting settlements regarding ADA compliance with businesses in California.

**REQUEST FOR PRODUCTION NO. 31:**

Any DOCUMENTS referring to or constituting lawsuits YOU filed regarding ADA compliance with businesses in California.

**REQUEST FOR PRODUCTION NO. 32:**

Any DOCUMENTS referring to or related to any of YOUR hotel stays in California in the last 2 years.

///

Case No. 3:19-cv-00650-BAS-AHG
REQUEST FOR PRODUCTION OF DOCUMENTS FOR JANTIEE

Exhibit A
000011

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**REQUEST FOR PRODUCTION NO. 33:**

Any DOCUMENTS referring to or related to your allegation that you have donated "$1.2M+ in lawyer's fees" as described in paragraph 5(a) of your Counter Claim.

KLINEDINST PC

DATED: January 23, 2020

By: _____
Nadia P. Bermudez
Lindsey N. Casillas
Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

18219377.1

## CERTIFICATE OF SERVICE

**Stroinik Sr. v. Evans Hotels, LLC, et al.**
**Case No. 3:19-cv-00650-BAS-AHG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On January 23, 2020, I served true copies of the following document(s) described as **REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** on the interested parties in this action as follows:

| | |
|---|---|
| Peter Strojnik (Sr.)<br>7847 N. Central Avenue<br>Phoenix, Arizona 85020 | Telephone:  (602) 524-6602<br>Email: ps@strojnik.com<br>Plaintiff, in Pro Per |

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 23, 2020, at San Diego, California.

_Sonja L. Hill_
Sonja L. Hill

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1

Exhibit A
000013

# EXHIBIT B

Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsey N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
lcasillas@klinedinstlaw.com
(916) 444-7573/FAX (916) 444-7544

Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.), | Case No. 3:19-cv-00650-BAS-AHG |
| Plaintiff, | **INTERROGATORIES TO PLAINTIFF** |
| v. | |
| Evans Hotels, LLC dba The Lodge At Torrey Pines, | Courtroom:      4B |
| Defendant. | Judge:           Hon. Cynthia Bashant |
| | Magistrate Judge: Hon. Allison H. Goddard |
| Evans Hotels, LLC, | Complaint Filed:  April 05, 2019 |
| Counter-Claimant, | Trial Date:       None set |
| v. | |
| Peter Strojnik (Sr.), | |
| Counter-Defendant. | |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1

Exhibit B
000015

1   EVANS HOTELS, LLC ("Propounding Party") requests that PETER

2   STROJNIK, SR. ("Responding Party") answer the following interrogatories, in

3   writing, within thirty days of the service of these interrogatories, pursuant to the

4   provisions of Rule 33 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

6   In answering these interrogatories, you are required to furnish all information

7   available to you, including without limitation, information in the possession of your

8   agents, attorneys and investigators and not merely such information as may be

9   known of your own personal knowledge.

10   If you cannot answer the following interrogatories in full after exercising due

11   diligence to secure the information to do so, so state, and answer to the extent

12   possible, specifying your inability to answer the remainder, and stating whatever

13   information or knowledge you have concerning the unanswered portion.

**DEFINITIONS**

15   1.    **"YOU"** or **"YOUR"** means Peter Strojnik, Sr., and/ or Strojnik P.C.

16   2.    As used herein, **"IDENTIFY,"** when used in reference to a

17   DOCUMENT, means identify: (i) the title of the document or a reasonable

18   description; (ii) the person or entity that drafted or generated the document (if

19   known); the date the document was drafted; (iii) the number of pages; and (iv) any

20   recipients of the document disclosed on its face.

21   3.    As used herein, **"IDENTIFY,"** when used in reference to a person or

22   business, means identify: (i) the person or business's name; (ii) the person's last

23   known residential address(es); (iii) the person's last known business addresses; and

24   (iv) the person's' last known business, cellular and residential telephone numbers.

25   4.    As used herein, **"DOCUMENT"** or **"DOCUMENTS"** are intended to

26   mean "documents and other tangible things" and shall include, without limitation,

27   originals and copies (carbon, photographic, microfilm or otherwise) of all

28   documents, correspondence, papers, agreements, memoranda, reports, notes, diaries,

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-00650-BAS-AHG
INTERROGATORIES TO PLAINTIFF

Exhibit B
000016

inter-office and/or intra-office corporate communications, email or other electronic communication or data, messages, telegrams, telex communications, letters, ledgers, photographs, pictures, drawings, sketches, analytical data, data sheets, video tapes, publications, catalog sheets or addenda, instructions, brochures, pamphlets, recordings (tape, disk, belt or any other type), invoices, work assignments, work records, worksheets, devices and any other writings, printed and/or typewritten matter, including drafts, or other physical objects in your custody, care or possession.  The fact that information is contained in an electronic (as opposed to printed) form, does not exclude the information from this definition.  All forms of recorded information are covered by the term "DOCUMENTS." However, production of duplicate copies of the same documents is requested only if the original or copies contain some material, handwritten or otherwise, that is not on the other copies or original.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY any medical professional YOU have consulted with concerning any impairment affecting YOUR mobility in the last 5 years.

**INTERROGATORY NO. 2:**

State each date YOU consulted with any person at Evans Hotels concerning ADA compliance.

**INTERROGATORY NO. 3:**

IDENTIFY each person YOU consulted with at Evans Hotels concerning ADA compliance.

**INTERROGATORY NO. 4:**

Describe all services YOU have performed for Evans Hotels in connection with the Consulting Agreement YOU entered into with Evans Hotels dated October 10, 2018.

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Exhibit B
000017

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  **INTERROGATORY NO. 5:**

2      State each date YOU provided Evans Hotels with "the type of accessibility

3  information that a mobility disadvantaged guest may wish to review on a booking

4  website or from an in house booking agent."

5  **INTERROGATORY NO. 6:**

6      IDENTIFY all persons employed by Strojnik, P.C. (aka "Strojnik PC" or

7  "Strojnik, PC") in the last 3 years.

8  **INTERROGATORY NO. 7:**

9      List each date any person visited The Lodge at Torrey Pines at YOUR request

10  or direction.

11  **INTERROGATORY NO. 8:**

12      IDENTIFY each person YOU requested or directed to visit The Lodge at

13  Torrey Pines.

14  **INTERROGATORY NO. 9:**

15      IDENTIFY each person YOU requested or directed to book a room for YOU

16  at The Lodge at Torrey Pines.

17  **INTERROGATORY NO. 10:**

18      List each date YOU visited The Lodge at Torrey Pines.

19  **INTERROGATORY NO. 11:**

20      List each date any person visited the Catamaran Resort Hotel at YOUR

21  request or direction.

22  **INTERROGATORY NO. 12:**

23      IDENTIFY each person YOU requested or directed to visit the Catamaran

24  Resort Hotel.

25  **INTERROGATORY NO. 13:**

26      IDENTIFY each person YOU requested or directed to book a room for YOU

27  at the Catamaran Resort Hotel.

28  / / /

Exhibit B
000018

**INTERROGATORY NO. 14:**

List each date YOU visited the Catamaran Resort Hotel.

**INTERROGATORY NO. 15:**

If your response to each Request for Admission served with these interrogatories is not an unqualified admission, state all facts upon which you base each individual response.

**INTERROGATORY NO. 16:**

Describe each barrier at The Lodge at Torrey Pines that YOU contend violates the ADA.

**INTERROGATORY NO. 17:**

For each barrier listed in YOUR response to the immediately preceding interrogatory, describe how that barrier relates to YOUR disabilities.

**INTERROGATORY NO. 18:**

Describe each barrier at The Catamaran Resort that YOU contend violates the ADA.

**INTERROGATORY NO. 19:**

For each barrier listed in YOUR response to the immediately preceding interrogatory, describe how that barrier relates to YOUR disabilities.

**INTERROGATORY NO. 20:**

List all hotels in San Diego County that YOU have stayed at overnight within the 12 months.

**INTERROGATORY NO. 21:**

For each hotel YOU listed in response to the immediately preceding interrogatory, state the purpose of YOUR stay.

**INTERROGATORY NO. 22:**

Identify all businesses that YOU have sent letters to within the last 2 years regarding ADA compliance.

///

Exhibit B
000019

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**INTERROGATORY NO. 23:**

Describe all pre-litigation settlements that YOU have reached with businesses in San Diego County within the past two years.

**INTERROGATORY NO. 24:**

IDENTIFY any medical professional YOU have consulted with concerning any non-mobility related disability in the last five years.

**INTERROGATORY NO. 25:**

Describe each disability that YOU have experienced within the last five years.

KLINEDINST PC

DATED: January 22, 2020          By: _____
                                        Nadia P. Bermudez
                                        Lindsey N. Casillas
                                        Attorneys for Defendant and Counter-
                                        Claimant, EVANS HOTELS, LLC,
                                        erroneously sued as dba The Lodge At
                                        Torrey Pines

18219271.1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

6

Exhibit B
000020

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## CERTIFICATE OF SERVICE

**Stroinik Sr. v. Evans Hotels, LLC, et al.**
**Case No. 3:19-cv-00650-BAS-AHG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On January 23, 2020, I served true copies of the following document(s) described as **INTERROGATORIES TO PLAINTIFF** on the interested parties in this action as follows:

| Peter Strojnik (Sr.) | Telephone: (602) 524-6602 |
| 7847 N. Central Avenue | Email: ps@strojnik.com |
| Phoenix, Arizona 85020 | Plaintiff, in Pro Per |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 23, 2020, at San Diego, California.



Sonja L. Hill

Exhibit B
000021

# EXHIBIT C

Exhibit C
000022

1  Nadia P. Bermudez, Bar No. 216555
2  KLINEDINST PC
   501 West Broadway, Suite 600
3  San Diego, California 92101
4  (619) 239-8131/FAX (619) 238-8707
   nbermudez@klinedinstlaw.com
5
6  Lindsey N. Casillas, Bar No. 269688
   KLINEDINST PC
7  801 K Street, Suite 2100
   Sacramento, California 95814
8  lcasillas@klinedinstlaw.com
9  (916) 444-7573/FAX (916) 444-7544

10 Attorneys for Defendant and Counter-
11 Claimant, EVANS HOTELS, LLC,
   erroneously sued as dba The Lodge At
12 Torrey Pines

13

14            UNITED STATES DISTRICT COURT

15          SOUTHERN DISTRICT OF CALIFORNIA

16

17 Peter Strojnik (Sr.),                Case No. 3:19-cv-00650-BAS-AHG

18          Plaintiff,                  **REQUEST FOR ADMISSIONS TO PLAINTIFF**

19     v.

20 Evans Hotels, LLC dba The Lodge
   At Torrey Pines,

21          Defendant.                  Courtroom:  4B
22 _____             Judge:      Hon. Cynthia Bashant
                                        Magistrate Judge: Hon. Allison H. Goddard
23 Evans Hotels, LLC,                   Complaint Filed:  April 05, 2019
                                        Trial Date:  None set
24          Counter-Claimant,

25     v.

26 Peter Strojnik (Sr.),

27          Counter-Defendant.

28

                                    1                    Case No. 3:19-cv-00650-BAS-AHG
                                                         REQUEST FOR ADMISSION TO PLAINTIFF

Exhibit C
000023

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Defendant EVANS HOTELS, LLC requests that Plaintiff PETER

STROJNIK, SR., admit within 30 days after service of these Request for

Admissions, Set One, that each matter of fact set forth below is true pursuant to

Federal Rules of Civil Procedure, Rule 36, as follows:

## DEFINITIONS

1.    "**YOU**" or "**YOUR**" means Peter Strojnik, Sr. and/or Strojnik, P.C.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit Strojnik, P.C. is a "domestic professional corporation" whose business

type is identified with the State of Arizona as: "Legal Services."

**REQUEST FOR ADMISSION NO. 2:**

Admit Exhibit A attached hereto is a true and authentic copy of the genuine

original Settlement Agreement YOU entered into with Evans Hotels on or about

October 10, 2018.

**REQUEST FOR ADMISSION NO. 3:**

Admit that on or about October 10, 2018 YOU agreed not to "visit, patronize,

appear on, call, or otherwise come onto the property of Evans Hotels or any of its

corporate affiliates (including The Lodge at Torrey Pines, the Bahia Resort Hotel,

and the Catamaran Resort Hotel) for any purpose without the prior written consent

of Evans, confirmed in writing by Evans' General Counsel."

**REQUEST FOR ADMISSION NO. 4:**

Admit Exhibit B is a true and authentic copy of the genuine original

Consulting Agreement YOU entered into with Evans Hotels on or about October 10,

2018.

**REQUEST FOR ADMISSION NO. 5:**

Admit that on or about October 10, 2018 YOU agreed to "provide the type of

accessibility information that a mobility disadvantaged guest may wish to review on

Exhibit C
000024

1 | a booking website or from an in house booking agent."

2 | **REQUEST FOR ADMISSION NO. 6:**

3 | Admit that on or about October 10, 2018 you agreed to consult with Evans

4 | Hotels' General Counsel Ms. De Beers regarding ADA compliance.

5 | **REQUEST FOR ADMISSION NO. 7:**

6 | Admit that on or about October 10, 2018 YOU acknowledged that in

7 | connection with the Consulting Agreement that YOU would receive access to

8 | confidential information.

9 | **REQUEST FOR ADMISSION NO. 8:**

10 | Admit that on or about October 10, 2018 YOU agreed "not disclose to anyone

11 | without the Evans Entities' written permission, the nature or content of any oral or

12 | written communication, nor any information gained from the inspection of any

13 | record(s) or document(s) submitted to Strojnik . . . ."

14 | **REQUEST FOR ADMISSION NO. 9:**

15 | Admit Evans Hotels paid YOU $3,000 for YOUR consulting services.

16 | **REQUEST FOR ADMISSION NO. 10:**

17 | Admit that after signing the Consultant Agreement, YOU did not consult with

18 | Evans Hotels' General Counsel regarding ADA compliance.

19 | **REQUEST FOR ADMISSION NO. 11:**

20 | Admit Exhibit C attached hereto is a true and authentic copy of the genuine

21 | original letter dated December 21, 2018 YOU signed which was sent to the General

22 | Manager of The Lodge at Torrey Pines.

23 | **REQUEST FOR ADMISSION NO. 12:**

24 | Admit Exhibit C represents that YOU stayed at The Lodge at Torrey Pines.

25 | **REQUEST FOR ADMISSION NO. 13:**

26 | Admit on a date after October 10, 2018, YOU utilized The Lodge at Torrey

27 | Pines website to book a room at The Lodge at Torrey Pines.

28 |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Exhibit C
000025

1    **REQUEST FOR ADMISSION NO. 14:**

2        Admit on a date after October 10, 2018, a person acting as YOUR agent

3    utilized The Lodge at Torrey Pines website to book a room at The Lodge at Torrey

4    Pines.

5    **REQUEST FOR ADMISSION NO. 15:**

6        Admit on a date after October 10, 2018, YOU utilized a third party website to

7    book a room at The Lodge at Torrey Pines.

8    **REQUEST FOR ADMISSION NO. 16:**

9        Admit on a date after October 10, 2018, a person acting as YOUR agent

10   utilized a third party website to book a room at The Lodge at Torrey Pines.

11   **REQUEST FOR ADMISSION NO. 17:**

12       Admit YOU never received the written consent from Evans Hotels' General

13   Counsel to visit The Lodge at Torrey Pines.

14   **REQUEST FOR ADMISSION NO. 18:**

15       Admit Exhibit D attached hereto is a true and authentic copy of the genuine

16   original letter dated May 31, 2019 YOU signed which was sent to the Hotel

17   Manager of the Catamaran Resort Hotel.

18   **REQUEST FOR ADMISSION NO. 19:**

19       Admit Exhibit D represents that YOU stayed at the Catamaran Resort Hotel.

20   **REQUEST FOR ADMISSION NO. 20:**

21       Admit on a date after October 10, 2018, YOU utilized the Catamaran Resort

22   Hotel website to book a room at the Catamaran Resort Hotel.

23   **REQUEST FOR ADMISSION NO. 21:**

24       Admit on a date after October 10, 2018, a person acting as YOUR agent

25   utilized the Catamaran Resort Hotel website to book a room at the Catamaran Resort

26   Hotel.

27   / / /

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-00650-BAS-AHG
REQUEST FOR ADMISSION TO PLAINTIFF

Exhibit C
000026

**REQUEST FOR ADMISSION NO. 22:**

Admit on a date after October 10, 2018, YOU utilized a third party website to book a room at the Catamaran Resort Hotel.

**REQUEST FOR ADMISSION NO. 23:**

Admit on a date after October 10, 2018, a person acting as YOUR agent utilized a third party website to book a room at the Catamaran Resort Hotel.

**REQUEST FOR ADMISSION NO. 24:**

Admit YOU never received the written consent from Evans Hotels' General Counsel to visit the Catamaran Resort Hotel.

**REQUEST FOR ADMISSION NO. 25:**

Admit YOU did not visit The Lodge at Torrey Pines while using a wheelchair.

**REQUEST FOR ADMISSION NO. 26:**

Admit YOU did not visit the Catamaran Resort Hotel while using a wheelchair.

**REQUEST FOR ADMISSION NO. 27:**

Admit YOU did not visit The Lodge at Torrey Pines while using any mobility assistance device.

**REQUEST FOR ADMISSION NO. 28:**

Admit YOU did not visit the Catamaran Resort Hotel while using any mobility assistance device.

**REQUEST FOR ADMISSION NO. 29:**

Admit that you are the "President/CEO" of Strojnik, P.C.

**REQUEST FOR ADMISSION NO. 30:**

Admit that after May 2019, you have corresponded with third parties using the corporate name Strojnik, P.C. (aka Strojnik PC or Strojnik, PC) in connection with any alleged violations of the Americans with Disabilities Act.

Exhibit C
000027

**REQUEST FOR ADMISSION NO. 31:**

Admit that after May 2019, you have collected settlement funds deposited in bank accounts belonging to Strojnik, P.C. (aka Strojnik PC or Strojnik, PC) in connection with any alleged violations of the Americans with Disabilities Act.

**REQUEST FOR ADMISSION NO. 32:**

Admit that you were disbarred from the practice of law by the State of Arizona on May 10, 2019.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the business email address that you used as a practicing attorney prior to your disbarment was: "ps@strojnik.com."

**REQUEST FOR ADMISSION NO. 34:**

Admit that Strojnik, P.C. was formed by you on April 18, 2011.

**REQUEST FOR ADMISSION NO. 33:**

Admit that you have taken no steps to dissolve Strojnik, P.C.

KLINEDINST PC

DATED:  January 23, 2020        By: _____
                                 Nadia P. Bermudez
                                 Lindsey N. Casillas
                                 Attorneys for Defendant and Counter-
                                 Claimant, EVANS HOTELS, LLC,
                                 erroneously sued as dba The Lodge At
                                 Torrey Pines

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Exhibit C
000028

Exhibit A

Exhibit C
000029

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT</u>
## <u>AND GENERAL AND SPECIAL RELEASE OF ALL CLAIMS</u>

This Confidential Settlement Agreement and General and Special Release of all Claims ("Agreement") is entered into by and between Peter Strojnik ("Strojnik") on the one hand, and BH Partnership, L.P., a California limited partnership, dba the Bahia Resort Hotel and Evans Hotels LLC, a California limited liability company on another hand (together, "Evans"), on the other hand, which are each referred to herein as a "Party" and collectively as the "Parties."

### <u>RECITALS</u>

A.    WHEREAS, on or about August 10, 2018, Strojnik reserved an accessible room and stayed overnight at the Bahia Resort Hotel.

B.    WHEREAS, Strojnik expressed his intent to make claims against Evans related to or under the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-52), the California Disabled Persons Act (Cal. Civ. Code §§54-54.3), the Americans with Disabilities Act, and associated regulations (e.g., 28 C.F.R. §36.302(e) and 28 CFR § 36.301).

C.    WHEREAS, Evans denies Strojnik's claims in full. However, in order to avoid the expense and uncertainty of litigation, Evans and Strojnik desire to settle any and all issues that have, or could have been raised, in relation to Strojnik's stay with Evans, or arising out of or in any way related to the acts, transactions, or occurrences between Strojnik and Evans.

NOW, THEREFORE, in consideration of the promises and mutual agreements hereinafter set forth, it is agreed by and between the undersigned as follows:

### <u>AGREEMENT</u>

1.    <u>Settlement Payment.</u>  Evans shall pay the sum of TWO THOUSAND DOLLARS ($2,000.00) to Strojnik (the "Settlement Payment"). The Settlement Payment shall be made no later than ten (10) calendar days after the receipt of (i) a fully-executed copy of this Agreement and (ii) an executed IRS form W-9.

2.    <u>Release.</u>  Strojnik fully and forever releases and discharges Evans, as well as their present and former parents, subsidiaries, affiliates, partners, shareholders, auditors, experts, owners, divisions, stockholders, heirs, executors, predecessors, assigns, officers, directors, agents, employees, members, assignees, transferees, insurers, accountants, attorneys and representatives and all persons acting by, though, under or in concert with them, or any of them (collectively, the "Evans Releasees"), of and from any and all liability, claims, manner of action or actions, cause or causes of action, in law or in equity, and any suits, debts, liens, contracts, agreements, promises, liabilities, relief, demands, damages, statutory or punitive damages, losses, costs and expenses, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, of any kind or nature whatsoever that were or that could have been alleged in any court or other forum and were in existence as of the date of this Agreement relating to Strojnik's stay at Bahia Resort Hotel ("Released Claims").

3.    <u>1542 Release.</u>  Strojnik expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code Section 1542, or any other similar provision under federal or state law, which provides:

1

Exhibit C
000030

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HIS SETTLEMENT WITH THE DEBTOR.

4.    Representation of No Suit and Covenant Not to Sue.  Strojnik represents that, as of the date of this Agreement, he has not filed any lawsuits, charges, complaints, petitions, claims or other accusatory pleadings against Evans or any of the other Evans Releasees in any court or with any governmental agency.  Strojnik covenants and agrees that he will not make, assert, or maintain any claim, action, or cause of action against the Evans Releasees related to the Released Claims.

5.    No Assignment.  Strojnik warrants and represents that he has not assigned or transferred to any other person any of the Released Claims.  Strojnik further represents that he will not seek to assign or otherwise transfer the Released Claims to any other person or entity.

6.    No Admissions.  By entering into this Agreement, the Evans Releasees make no admission that they have engaged, or are now engaging, in any unlawful conduct.  The Parties understand and acknowledge that this Agreement is not an admission of liability and shall not be used or construed as such in any legal or administrative proceeding.

7.    Confidentiality.  The Parties expressly incorporate the protections of applicable state law, including, but not limited to, California Evidence Code § 1152.  Each Party agrees that the terms of this Agreement will be kept confidential and will not be disclosed to any third party, except (i) as required in response to a court order or subpoena, after giving prior notice to the other Party and sufficient time for that Party to object to such disclosure, if possible; (ii) to a governmental entity in connection with a tax audit or to comply with a tax obligation. Notwithstanding the foregoing, each party may disclose to third parties that the matter has settled.  The Agreement and its terms, however, shall not be disclosed by any party to any third party except as provided herein.

8.    Non Patronage.  Strojnik and any agent, representative, or person acting on Strojnik's behalf agrees not to visit, patronize, appear on, call, or otherwise come onto the property of Evans Hotels or any of its corporate affiliates (including The Lodge at Torrey Pines, the Bahia Resort Hotel, and the Catamaran Resort Hotel) for any purpose without the prior written consent of Evans, confirmed in writing by Evans' General Counsel.

9.    Modifications and Amendments.  No amendment, change, or modification of this Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel.

10.   Advice of Counsel.  Each Party represents that it has been represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement and that it has executed this Agreement with the consent and upon the advice of such counsel, or that it has had the opportunity to seek such consent and advice.  Each Party acknowledges that it has read this Agreement and assents to all the terms and conditions contained in this Agreement without any reservations and that it has had, or has had the opportunity to have had, the same explained to it by its own counsel, who have answered any and all questions which have been asked of them, or which could have been asked of them, with regard to the meaning of any of the provisions of this Agreement.  The Parties state that they are fully competent to manage their business affairs, that they fully understand this Agreement's final and binding effect, that the only promises made to

2

Exhibit C
000031

them to sign this Agreement are those stated and contained in this Agreement, and that they are
signing this Agreement knowingly and voluntarily.

11.    Enforceability. The Parties understand and agree that this Agreement was entered
into in the context of settlement discussions and is fully enforceable. The Parties agree to not
challenge this Agreement as illegal, invalid, or unenforceable.

12.    Execution of Documents. This Agreement may be executed in one or more
counterparts, each of which shall be an original as against any party who signed it, and all of
which shall constitute one and the same document. Signatures to this Agreement may be
transmitted by facsimile or electronic mail ("email") and such signatures, and true and correct
copies thereof (including any copy on physical paper or electronically stored in .pdf, .tiff., .jpg,
etc. formats), shall be deemed effective as original signatures.

13.    No Prejudice to the Drafter. Each Party has had a full and complete opportunity
to review this Agreement, and make suggestions or changes, as has counsel for each Party.
Accordingly, each Party understands that this Agreement is deemed to have been drafted jointly
by the Parties, and the Parties agree that the common law principles of construing ambiguities
against the drafter shall have no application. This Agreement should be construed fairly and not
in favor of or against one Party as to the drafter.

14.    Severability of Agreement. If any provision of this Agreement is held by a court
of competent jurisdiction to be invalid, void, or unenforceable for any reason, the remaining
provisions shall remain valid and enforceable notwithstanding, unless the provision found to be
unenforceable is of such material effect that this Agreement cannot be performed in accordance
with the intent of the Parties in the absence of any such provision.

15.    Authority to Settle and Execute Agreement. The Parties warrant that they have
the power, right, and authority to settle and release fully and completely all Released Claims that
they are settling and releasing in this Agreement, and the undersigned signatories represent that
they are fully authorized to execute and enter into the terms and conditions of this Agreement on
behalf of the respective persons or entities for whom they have signed the Agreement.

/ / /

/ / /

/ / /

3

Exhibit C
000032

16.    Miscellaneous.  This Agreement shall be construed, enforced, and administered in accordance with the laws of the State of California, without giving effect to any choice or conflict of law provision.  Any claim or action arising out of or relating to this Agreement, or an alleged breach thereof, shall be brought in the courts of the State of California in each case located in City of San Diego, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding.  In the event of any litigation concerning this Agreement, the prevailing party shall be entitled to, in addition to any other relief that may be granted, reasonable attorneys' fees and costs.

AGREED AND ACCEPTED:

DATED: October 10, 2018 _____

By: Peter Strojnik

**BH Partnership, a California Limited Partnership**

DATED: October 10, 2018 _____

By: Julia De Beers
General Counsel

**Evans Hotels, LLC**

DATED: October 10, 2018 _____

By: Julia De Beers
General Counsel

4

Exhibit C
000033

Exhibit B

Exhibit C
000034



October 10, 2018

<u>*VIA ELECTRONIC MAIL (ps@strojnik.com)*</u>

Peter Strojnik
STROJNIK, P.C.
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: 602-524-6602

*Re: Engagement Letter*

Dear Sir:

This letter will confirm that as of October 10, 2018, Peter Strojnik was asked by Evans Hotels, LLC, a hotel management company, to provide the type of accessibility information that a mobility disadvantaged guest may wish to review on a booking website or from an in house booking agent. Strojnik shall be paid a flat fee of $3,000, which shall include Strojnik providing template questionnaires on ADA compliance and consulting with Ms. De Beers regarding such matters.

Strojnik acknowledges that it will receive access to confidential information in connection with this representation. Strojnik shall take all appropriate and necessary steps to assure that the Evans' Entities' proprietary information is protected within and outside of the office. Strojnik's staff is taught, and periodically reminded, to protect confidential information.

Under this engagement, all communications between the Evans Entities and Strojnik, including communications between Strojnik and Ms. De Beers, shall be for the sole purpose of assisting Strojnik in performing the services under this agreement. Strojnik will not disclose to anyone, without the Evans Entities' written permission, the nature or content of any oral or written communication, nor any information gained from the inspection of any record(s) or document(s) submitted to Strojnik, including information obtained from corporate records or documents, and Strojnik will not permit inspection of any papers or documents without our prior written permission. As part of Strojnik's engagement, Strojnik will immediately notify the Evans Entities of the happening of any one of the following events: (a) the exhibition or surrender of any documents or records submitted to Strojnik or someone under Strojnik's direction, in a manner not expressly authorized by the Evans Entities; (b) a request by anyone to examine, inspect, or copy such documents or records; (c) any attempt to serve, or the actual service of any court order, subpoena, or summons requiring the production of any such documents or records. Strojnik will immediately return all documents, records or work papers to us at our request.

998 West Mission Bay Drive San Diego, CA 92109, Phone: (858) 539-8800

Exhibit C
000035

Peter Strojnik
October 10, 2018
Page 2

*Evans Hotels*

Please sign below and return this original letter to me to indicate your agreement and
understanding of the terms of your engagement.

We look forward to working with you.  Thank you

Sincerely,

Julia De Beers
General Counsel

AGREED AND ACCEPTED:

Peter Strojnik
STROJNIK, PC

Exhibit C
000036

Exhibit C

Exhibit C
000037



# PETER STROJNIK

2375 East Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: 602-524-6602
E-mail PS@STROJNIK.COM

December 21, 2018

Bill Gross – bgross@lodgetorreypines.com
Torrey Pines Club Corporation dba The Lodge At Torrey Pines
11480 N Torrey Pines Rd, La Jolla, CA 92037

Re: *Courtesy Notice of Potential Litigation*

Dear Mr. Gross:

I am a disabled veteran and an ADA tester. I intended to visit your Hotel on December 8, 2018. During my booking procedure I noted that the Hotel does not provide equal access as required by 28 CFR §36.302(e), and during my stay there I noted that it does not comply with the 2010 Standards of Accessibility Design or California's Unruh and DPA.

In the preparation of the attached draft Complaint, I gathered information from third party booking agent's website and other third party websites. This information may be old and not reliable; therefore, let me know any corrections that should be incorporated into the draft Complaint. Further, please review the attached 2010 Standards for Accessibility Design and, pursuant to 28 CFR §36.302(e), disclose which of the mobility requirements have not been met.

I strongly suggest you consult with an attorney learned in ADA issues. This is a complex matter involving significant potential damages, attorney's fees, costs and expenses to you.

I request that you respond to this communication no later than Friday, January 10, 2019. If this time is insufficient to review the matter thoroughly, please let me know. In the meantime, I am able to discuss this matter with you or your counsel by phone and e-mail.

Sincerely,

Peter Strojnik

Encls. as indicated

Exhibit C
000038

Exhibit D

Exhibit C
000039



## PETER STROJNIK

7847 N. CENTRAL AVENUE
PHOENIX, ARIZONA 85020
602-524-6602
PS@STROJNIK.COM

May 31, 2019

Michael Starr mstarr@catamaranresort.com
Marla K Hicks Trust dba Catamaran Resort Hotel and Spa
3999 Mission Blvd, San Diego, CA 92109

Re: *Courtesy Notice of ADA Violations*

Dear Mr. Starr:

I am a disabled veteran and an ADA tester. I visited your hotel in the May 20-22, 2019 time frame but noted that it does not provide equal access as required by the ADA, Unruh and DPA. The hotel's non-compliance with the ADA deter me from booking a room there although I intend to book it as your facility becomes fully ADA compliant.

In the preparation of the attached draft Complaint, I personally experienced accessibility barriers documented in Addendum A of the draft. I believe the information to be correct, however, let me know any corrections you deem should be incorporated into or deleted from the draft Complaint. Further, please review the attached 2010 Standards for Accessibility Design.

I strongly suggest you consult with an attorney learned in ADA matters. This is a complex matter involving significant potential damages, attorney's fees, costs and expenses.

I request that you respond to this communication no later than 10 days from the send date. In the meantime, I am able to discuss this matter by phone and e-mail.

Sincerely,

Peter Strojnik

Encls. as indicated

Exhibit C
000040

## CERTIFICATE OF SERVICE

**Stroinik Sr. v. Evans Hotels, LLC, et al.**
**Case No. 3:19-cv-00650-BAS-AHG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On January 23, 2020, I served true copies of the following document(s) described as **REQUEST FOR ADMISSIONS TO PLAINTIFF** on the interested parties in this action as follows:

| | |
|---|---|
| Peter Strojnik (Sr.)<br>7847 N. Central Avenue<br>Phoenix, Arizona 85020 | Telephone:  (602) 524-6602<br>Email: ps@strojnik.com<br>Plaintiff, in Pro Per |

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 23, 2020, at San Diego, California.

Sonja L. Hill

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1

Exhibit C
000041

# EXHIBIT D

Exhibit D
000042



1  Peter Strojnik,
2  7847 N. Central Avenue
   Phoenix, Arizona 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4

5  **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF CALIFORNIA**
6

7                                          Case No: 3:19-cv-00650 BAS BGS

8  EVANS HOTELS, LLC,                      **2020-02-21 STROJNIK RESPONSES**
                                           **TO EVANS' REQUESTS FOR**
9                    Counter-Claimant,     **ADMISSIONS**

10              vs.

11

12 PETER STROJNIK,
                     Counter-Defendant.
13

14 ─────────────────────────────

15 PETER STROJNIK,
                     Counter-Claimant
16

17              vs.

18 EVANS HOTELS, LLC,
                     Counter-Defendant
19

20

21 **REQUEST FOR ADMISSION NO. 1:**

22     Admit Strojnik, P.C. is a "domestic professional corporation" whose business

23 type is identified with the State of Arizona as: "Legal Services."

24 **OBJECTION:** Outside of scope of allowable discovery pursuant to Fed. R. Civ. P. 26(b)(1)

25 **REQUEST FOR ADMISSION NO. 2:**

26     Admit Exhibit A attached hereto is a true and authentic copy of the genuine

27 original Settlement Agreement YOU entered into with Evans Hotels on or about

28 October 10, 2018.

**ADMIT**

**REQUEST FOR ADMISSION NO. 3:**

Admit that on or about October 10, 2018 YOU agreed not to "visit, patronize, appear on, call, or otherwise come onto the property of Evans Hotels or any of its corporate affiliates (including The Lodge at Torrey Pines, the Bahia Resort Hotel, and the Catamaran Resort Hotel) for any purpose without the prior written consent of Evans, confirmed in writing by Evans' General Counsel."

**ADMIT**

**REQUEST FOR ADMISSION NO. 4:**

Admit Exhibit B is a true and authentic copy of the genuine original Consulting Agreement YOU entered into with Evans Hotels on or about October 10, 2018.

**ADMIT**

**REQUEST FOR ADMISSION NO. 5:**

Admit that on or about October 10, 2018 YOU agreed to "provide the type of accessibility information that a mobility disadvantaged guest may wish to review on

a booking website or from an in house booking agent."

**REQUEST FOR ADMISSION NO. 6:**

Admit that on or about October 10, 2018 you agreed to consult with Evans Hotels' General Counsel Ms. De Beers regarding ADA compliance.

**ADMIT**

Exhibit D
000044

**REQUEST FOR ADMISSION NO. 7:**

Admit that on or about October 10, 2018 YOU acknowledged that in connection with the Consulting Agreement that YOU would receive access to confidential information.

**ADMIT**

**REQUEST FOR ADMISSION NO. 8:**

Admit that on or about October 10, 2018 YOU agreed "not disclose to anyone without the Evans Entities' written permission, the nature or content of any oral or written communication, nor any information gained from the inspection of any record(s) or document(s) submitted to Strojnik . . . ."

**ADMIT**

**REQUEST FOR ADMISSION NO. 9:**

Admit Evans Hotels paid YOU $3,000 for YOUR consulting services.

**DENY**

**REQUEST FOR ADMISSION NO. 10:**

Admit that after signing the Consultant Agreement, YOU did not consult with Evans Hotels' General Counsel regarding ADA compliance.

**DENY**

**REQUEST FOR ADMISSION NO. 11:**

Admit Exhibit C attached hereto is a true and authentic copy of the genuine original letter dated December 21, 2018 YOU signed which was sent to the General Manager of The Lodge at Torrey Pines.

3

1     **ADMIT**

2

3     **REQUEST FOR ADMISSION NO. 12:**

4          Admit Exhibit C represents that YOU stayed at The Lodge at Torrey Pines.

5     **DENY**

6

7

8     **REQUEST FOR ADMISSION NO. 13:**

9          Admit on a date after October 10, 2018, YOU utilized The Lodge at Torrey

      Pines website to book a room at The Lodge at Torrey Pines.

10

11    **DENY**

12    **REQUEST FOR ADMISSION NO. 14:**

13         Admit on a date after October 10, 2018, a person acting as YOUR agent

14    utilized The Lodge at Torrey Pines website to book a room at The Lodge at Torrey

15    Pines.

16    **DENY**

17

18    **REQUEST FOR ADMISSION NO. 15:**

19         Admit on a date after October 10, 2018, YOU utilized a third party website to

20    book a room at The Lodge at Torrey Pines.

21

22    **DENY**

23

24    **REQUEST FOR ADMISSION NO. 16:**

25         Admit on a date after October 10, 2018, a person acting as YOUR agent

26    utilized a third party website to book a room at The Lodge at Torrey Pines.

27

28    **DENY**

4

1

2 **REQUEST FOR ADMISSION NO. 17:**

3    Admit YOU never received the written consent from Evans Hotels' General

Counsel to visit The Lodge at Torrey Pines.

4

5 **ADMIT**

6

7 **REQUEST FOR ADMISSION NO. 18:**

8    Admit Exhibit D attached hereto is a true and authentic copy of the genuine

9 original letter dated May 31, 2019 YOU signed which was sent to the Hotel

10 Manager of the Catamaran Resort Hotel.

11 **ADMIT**

12

13 **REQUEST FOR ADMISSION NO. 19:**

14    Admit Exhibit D represents that YOU stayed at the Catamaran Resort Hotel.

15

16 **DENY**

17

18 **REQUEST FOR ADMISSION NO. 20:**

19    Admit on a date after October 10, 2018, YOU utilized the Catamaran Resort

20 Hotel website to book a room at the Catamaran Resort Hotel.

21 **DENY**

22

23 **REQUEST FOR ADMISSION NO. 21:**

24    Admit on a date after October 10, 2018, a person acting as YOUR agent

utilized the Catamaran Resort Hotel website to book a room at the Catamaran Resort

25 Hotel.

26

27 **DENY**

28

5

1

**REQUEST FOR ADMISSION NO. 22:**

2    Admit on a date after October 10, 2018, YOU utilized a third party website to

3    book a room at the Catamaran Resort Hotel.

4

5    **DENY**

6    **REQUEST FOR ADMISSION NO. 23:**

7    Admit on a date after October 10, 2018, a person acting as YOUR agent

8    utilized a third party website to book a room at the Catamaran Resort Hotel.

9

10   **DENY**

11   **REQUEST FOR ADMISSION NO. 24:**

12   Admit YOU never received the written consent from Evans Hotels' General

13   Counsel to visit the Catamaran Resort Hotel.

14

15   **ADMIT**

16   **REQUEST FOR ADMISSION NO. 25:**

17   Admit YOU did not visit The Lodge at Torrey Pines while using a

18   wheelchair.

19

20   **ADMIT** that I did not visit the Lodge at Torrey Pines at relevant times.

21   **REQUEST FOR ADMISSION NO. 26:**

22   Admit YOU did not visit the Catamaran Resort Hotel while using a

23   wheelchair.

24

25   **OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

26

27

28

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR ADMISSION NO. 27:**

Admit YOU did not visit The Lodge at Torrey Pines while using any mobility assistance device.

**ADMIT** that I did not visit the Lodge at Torrey Pines at relevant times.

**REQUEST FOR ADMISSION NO. 28:**

Admit YOU did not visit the Catamaran Resort Hotel while using any mobility assistance device.

**OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

**REQUEST FOR ADMISSION NO. 29:**

Admit that you are the "President/CEO" of Strojnik, P.C.

**OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

**REQUEST FOR ADMISSION NO. 30:**

Admit that after May 2019, you have corresponded with third parties using the corporate name Strojnik, P.C. (aka Strojnik PC or Strojnik, PC) in connection with any alleged violations of the Americans with Disabilities Act.

**OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

**REQUEST FOR ADMISSION NO. 31:**

Admit that after May 2019, you have collected settlement funds deposited in bank accounts belonging to Strojnik, P.C. (aka Strojnik PC or Strojnik, PC) in connection with any alleged violations of the Americans with Disabilities Act.

**OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

7

Exhibit D
000049

**REQUEST FOR ADMISSION NO. 32:**

Admit that you were disbarred from the practice of law by the State of Arizona on May 10, 2019.

**DENY.** I resigned on October 24, 2018

**REQUEST FOR ADMISSION NO. 33:**

Admit that the business email address that you used as a practicing attorney prior to your disbarment was: "ps@strojnik.com."

**OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

**REQUEST FOR ADMISSION NO. 34:**

Admit that Strojnik, P.C. was formed by you on April 18, 2011.

**OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

**REQUEST FOR ADMISSION NO. 33:**

Admit that you have taken no steps to dissolve Strojnik, P.C.

**OBJECT: Fed. R. Civ. P. 26(a)(1)(D)**

DATED this 21st day of February 2020.

**PETER STROJNIK**

_____
Plaintiff

Emailed this 21st day of February, 2020 to:
Nadia P. Bermudez and Lindsay Casillas
nbermudez@klinedinstlaw.com
lcasillas@klinedinstlaw.com
Lawyers for Evans
/s/

8

Exhibit D
000050

# EXHIBIT E

Exhibit E
000051

```
 1                  United States District Court

 2             for the Southern District of California

 3
                                    )
 4   PETER STROJNIK, SR.,           )
                                    )   No. 19cv0650-BAS
 5        Plaintiff,                )
                                    )   And related case
 6           v.                     )   19cv1446-BAS
                                    )
 7   TORREY PINES CLUB CORPORATION, )   December 10, 2019
     et al.,                        )
 8                                  )   San Diego, California
                                    )
 9        Defendants.               )

10

11                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE CYNTHIA BASHANT
12                 United States District Judge

     APPEARANCES:
13
     For the Plaintiff:        PETER STROJNIK, SR.
14                             PRO SE

15   For the Defendants:       KLINEDINST PC
                               NADIA PARRA BERMUDEZ
16

17

18

19

20
     Court Reporter:           Dana Peabody, RDR, CRR
21                             District Court Clerk's Office
                               333 West Broadway, Suite 420
22                             San Diego, California 92101
                               DanaPeabodyCSR@gmail.com
23

24

25
```

1    matter what happens in that case, ultimately it's going to be

2    kicked out because the agreed-upon forum is not this forum.

3    It's the Superior Court of the state of the -- County of

4    San Diego.  So I can produce you a copy of that complaint if

02:06    5    counsel will admit, but, of course, all these contracts have --

6    THE COURT:  I mean, that may be appropriate if you

7    file a motion to dismiss based on that, but all I'm dealing

8    with right now is whether I have jurisdiction, supplemental

9    jurisdiction.

02:06    10    MR. STROJNIK:  Yes.

11    THE COURT:  That's the only issue that you've raised

12    at this point.

13    MR. STROJNIK:  Right.

14    The other thing I want to add, Your Honor, is I don't know

02:06    15    if you saw the ruling of one of your sister courts dismissing

16    the claim in a similar context as this one.  The only reason

17    why I did that was to make sure that we have similar rulings

18    and similar jurisdictions, and as a tester litigant, I can

19    share with Your Honor that there is no common understanding of

02:07    20    these issues among the various courts.

21    THE COURT:  Okay.  Let's set this for an evidentiary

22    hearing on whether you should be declared a vexatious litigant.

23    It's a narrow issue, just so you both understand.  At this

24    point I would only be considering whether Mr. Strojnik made

02:07    25    false allegation in the complaint claiming that he was disabled

1   and unable to access defendant's hotels from his wheelchair

2   when, in fact, he had been videotaped briskly walking without

3   the need of any mobility aids, much less the need for a

4   wheelchair; and second, whether he has suggested he is a lawyer

02:07   5   upon sending demand letters to clients when, in fact, he has

6   been disbarred.  So that would be really the only two issues I

7   would be considering at this point.  It shouldn't be too long.

8           MR. STROJNIK:  Yes, Your Honor.

9       Your Honor, can we engage in limited discovery on these two

02:07   10  issues because what I want to know is where are these letters

11  that I'm sending out?  Where are these letters?

12          THE COURT:  I think it probably would be appropriate

13  to the extent there are videos or -- so that each side knows

14  what the other one -- if Mr. Strojnik has a doctor that he's

02:08   15  planning to call, that he can provide that information to you,

16  and you can provide that information.  It seems appropriate to

17  me.

18          MS. BERMUDEZ:  Yes, Your Honor.

19      Perhaps we could exchange exhibit lists and be required to

02:08   20  meet and confer with that at least a week before?

21      I just wanted to also add, Your Honor, that Mr. Strojnik

22  has heavily burdened the federal courts and particularly the

23  Southern District of California.  In November alone, he's filed

24  seven ADA lawsuits with five of them here in the Southern

02:08   25  District.  So this court, in particular, has a very strong

Exhibit E
000054

1    interest in determining whether he's a vexatious litigant or

2    not.

3          THE COURT:  No, and I understand that, but my concern

4    is that simply filing a lot of lawsuits -- and as Mr. Strojnik

02:08   5    points out, even simply filing lawsuits that aren't ultimately

6    successful may not rise to the level of a vexatious litigant.

7    I think it requires something more.  It requires that there be

8    some -- that it be frivolous, the filings be frivolous, that

9    the filings be false, that the filings -- that there's

02:09  10    something -- that they be harassing somehow.  So simply the

11    fact -- I mean, if we only held someone to be a vexatious

12    litigant for filing a lot of lawsuits, we'd have a lot more

13    vexatious litigants that we do because we do have certain

14    people who file a lot of lawsuits.

02:09  15          MS. BERMUDEZ:  And as you know, Your Honor, because a

16    lot of these cases are filed and then quickly settled,

17    defendants oftentimes don't have a pecuniary interest in filing

18    these motions because of the extensive work that's required, so

19    when they are filed, Your Honor, they do merit this kind of

02:09  20    close review because they are doing it on behalf of a district

21    and other similarly situated businesses.

22          THE COURT:  Okay.  What I will do is I will order that

23    there be an exchange of witness names and exhibits two weeks

24    before the evidentiary hearing.  I would like to keep the

02:10  25    evidentiary hearing to a day.  When can we do it?

Exhibit E
000055

1                              ---000---

2

3                        C-E-R-T-I-F-I-C-A-T-I-O-N

4

5        I certify that the foregoing is a correct transcript from

6   the record of proceedings in the above-entitled matter.

7

8        Dated January 2, 2020, at San Diego, California.

9

10

11                        /s/ Dana Peabody
                          Dana Peabody,
                          Registered Diplomate Reporter
12                        Certified Realtime Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit E
000056