UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> EVANS HOTELS, LLC, <br><br> Defendant/Counter-Claimant. | Case No.: 3:19-cv-00650-BAS-AHG <br><br> **ORDER:** <br><br> **(1) ISSUING SANCTIONS AGAINST PLAINTIFF/COUNTER-DEFENDANT PETER STROJNIK, SR. FOR FAILURE TO APPEAR AT EARLY NEUTRAL EVALUATION CONFERENCE ("ENE"); and** <br><br> **(2) RESETTING ENE AS TELEPHONIC** |

The Court held a Show Cause hearing in this action on May 13, 2020. ECF No. 111. After explaining its tentative ruling, the Court offered both parties an opportunity to be heard. Plaintiff/Counter-Defendant Peter Strojnik, Sr. ("Plaintiff") stated that he had nothing further to add, and Defendant/Counter-Claimant Evans Hotels, LLC ("Defendant") submitted on the tentative. This Order memorializes the Court's ruling at the hearing.

### I. BACKGROUND

The Early Neutral Evaluation Conference ("ENE") in this matter was originally scheduled by the previously assigned Magistrate Judge to take place on December 2, 2019.

ECF No. 15. Following transfer of the case to the undersigned, on September 30, 2019, the ENE was reset for December 6, 2019. ECF No. 42. Due to conflicts on the Court's calendar, the ENE was reset twice more—first to January 13, 2020, and then to January 8, 2020. ECF Nos. 49, 57. On December 24, 2019, Plaintiff, who is proceeding *pro se*, submitted his Confidential ENE Statement to the Court via email as required. However, Plaintiff's Confidential ENE Statement contained a request to appear at the ENE telephonically. Court staff instructed Plaintiff to file such a request as a motion and cautioned him that the Court would be unlikely to permit telephonic attendance by a named party, particularly given his *pro se* status.

Plaintiff then prepared and filed a motion for telephonic attendance, which was filed on January 3, 2020. ECF No. 60. In the motion, Plaintiff explained that he resides in Arizona, and that he was "currently experiencing significant pain associated with [a] severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, and would find it medically difficult if not impossible to travel from his home in Phoenix to San Diego." *Id.* Because the Court ordinarily requires in-person attendance, the Court was not inclined to grant the request. Nonetheless, the Court gave due credit to Plaintiff's representation that it was physically impossible for him to travel to the January 8, 2020 ENE and accordingly reset the ENE for March 4, 2020. ECF No. 61. The Court further advised Plaintiff that if he sought to appear at the ENE telephonically, he must provide a doctor's note confirming his inability to travel no later than February 21, 2020. *Id.* at 2. The Court's order resetting the ENE to March 4, 2020 was filed on January 3, 2020 and mailed to Plaintiff via the United States Postal Service due to his *pro se* status and inability to receive electronic notices of filing. *See id.*

As previously explained in the Order to Show Cause, after the Court reset the ENE on January 3, 2020, Plaintiff planned a vacation cruise. The cruise was booked on January 22, 2020, and was scheduled to take place between March 2 and March 14, 2020, dates which conflicted with the existing ENE date. On February 26, 2020, more than a month after booking the cruise and only one week before the scheduled ENE, Plaintiff filed

a motion to continue the ENE. ECF No. 90.[1] The motion read, in its entirety, as follows: "Plaintiff has previously arranged to be out of the country between March 2nd and March 14, 2020. Therefore, he respectfully requests a continuance of the ENE to a time convenient to the Court." *Id.*

Pursuant to the Court's Civil Pretrial Procedures and the mandatory procedures set forth in the Court's initial order resetting the ENE following transfer (which were incorporated by reference into all subsequent orders resetting the ENE), the following constraints apply to all requests to continue an ENE:

> Absent extraordinary circumstances, requests for continuances [of an ENE] will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request must state:
> A. The original date;
> B. The number of previous requests for continuances;
> C. A showing of good cause for the request;
> D. Whether the request is opposed and why;
> E. Whether the requested continuance will affect other case management dates; and
> F. A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

*See* ECF No. 42 at 4; Chmbr. R. at 2-3.

Plaintiff's motion did not meet any of these requirements and was not timely submitted. Accordingly, the Court denied the motion to continue the ENE on March 2, 2020. ECF No. 91. However, the denial was not issued outright. Rather, as explained in the March 2 Order:

---

[1] The motion is dated February 25, 2020. ECF No. 90. The Clerk's Office received the motion by mail on February 26, 2020 and submitted it on discrepancy to the presiding District Judge on February 27, 2020. Judge Goddard received the motion in chambers on February 28, 2020 and accepted it for filing *nunc pro tunc* to February 26, 2020. *See* ECF No. 89. Therefore, for purposes of this order, the Court will treat the motion as filed on February 26, 2020.

>Despite the deficient filing, in light of Plaintiff's *pro se* status and in an effort to ascertain whether Plaintiff could provide additional information to demonstrate good cause to continue the ENE due to a pre-planned vacation, chambers staff contacted Plaintiff and defense counsel by email on February 28, 2020 to ask whether the request was opposed, and, if so, whether Plaintiff had booked the vacation before the Court issued its January 3, 2020 order resetting the ENE to March 4, 2020. Defense counsel confirmed that the request was opposed. Plaintiff initially refused to provide any information to the Court to confirm the booking date, but eventually provided a screenshot showing that the vacation was booked on January 22, 2020.

ECF No. 91 at 2-3. *See also* ECF No. 99, Ex. A (email correspondence with chambers staff attached to Plaintiff's Response to the Order to Show Cause). Indeed, chambers staff warned Plaintiff in the email correspondence that failure to appear for the scheduled hearing would likely result in sanctions. *Id.*

Because neither Plaintiff's motion nor his subsequent communications with the Court met the "good cause" standard for continuing the ENE under Fed. R. Civ. P. 16(b)(4), the Court denied the request and held the ENE as scheduled on March 4, 2020. ECF No. 92. Plaintiff failed to appear. *Id.* Therefore, on March 5, 2020, the Court issued an Order to Show Cause why the Court should not impose sanctions against Plaintiff for his non-appearance pursuant to Rule 16(f). ECF No. 93.

Plaintiff filed a Response to the Order to Show Cause on March 18, 2020. ECF No. 99. The Court initially set a hearing on the Order to Show Cause for March 24, 2020 at 1:30 PM, because Plaintiff was already scheduled to travel to San Diego from his home in Arizona for the evidentiary hearing on Defendant's Vexatious Litigant Motion (ECF No. 12) on the same day at 10:00 AM. ECF No. 84. After the evidentiary hearing was reset for May 13, 2020 at 10:30 AM, the Court also reset the Show Cause hearing for the same day at 1:30 PM, again to reduce the amount of travel required and in the interest of convenience to the parties. *See* ECF Nos. 94, 95. After the evidentiary hearing was vacated, and in light of the ongoing COVID-19 public health crisis, the Court converted the Show Cause Hearing to take place telephonically. ECF No. 110. The Court then held the Telephonic

Show Cause Hearing on May 13, 2020 as scheduled. ECF No. 111.

## II.    LEGAL STANDARD

Rule 16 of the Federal Rules of Civil Procedure governs pretrial conferences, scheduling, and case management. *See In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008) (quoting Fed. R. Civ. P. 16, advisory committee's note to 1983 Amendment) ("Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase. . . .'").

Rule 16(a) provides that the Court "may order the attorneys and unrepresented parties to appear for one or more pretrial conferences for such purposes as . . . facilitating settlement." Fed. R. Civ. P. 16(a)(5). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions[.]" *In re Arizona*, 528 F.3d at 657. Relevant here, Rule 16(f) authorizes the Court to "issue any just orders," including any of the sanctions orders "authorized by Rule 37(b)(2)(A)(ii)-(vii)," if a party or attorney fails to appear at a pretrial conference. Fed. R. Civ. P. 16(f)(1)(A). Instead of or in addition to issuing the sanctions authorized under Rule 37, the Court "*must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

A finding of bad faith is not required to impose Rule 16(f) sanctions. *Sapan v. SolarMax Tech., Inc.*, No. 15CV897-MMA-MDD, 2015 WL 6128425, at *3 (S.D. Cal. Oct. 16, 2015) (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001)) (other citations omitted). *See also Clark v. California*, No. CV 96-1486 CRB/NJV, 2010 WL 11636687, at *1 (N.D. Cal. Mar. 18, 2010).

## III.    DISCUSSION

Because Plaintiff failed to appear for the ENE, the Court must order Plaintiff to pay the reasonable expenses incurred as a result of the failure unless his non-appearance was substantially justified, or other circumstances make such an award unjust. Fed. R. Civ. P.

16(f)(2). Accordingly, the Court turns to Plaintiff's Response to its Order to Show Cause why such sanctions should not be imposed. The first two pages of Plaintiff's Response are devoted to issues concerning Defendant's Vexatious Litigant Motion (ECF No. 12) and the related Independent Medical Evaluation ordered by the District Judge on December 10, 2019. *See* ECF No. 99 at 1-2. These matters are entirely unrelated to Plaintiff's failure to appear for the ENE and the Order to Show Cause.

When Plaintiff does turn to the issue at hand, he argues that the Court intentionally created the scheduling conflict between Plaintiff's vacation and the ENE due to personal bias against Plaintiff and against plaintiffs who bring ADA claims generally. *Id.* at 3-5. Plaintiff argues the Court's bias is further demonstrated by its initial decision to schedule the Show Cause hearing at 1:30 PM on March 24, 2020, the same day Plaintiff was scheduled to appear before the District Judge for an evidentiary hearing on Defendant's Vexatious Litigant Motion at 10:00 AM. Plaintiff asserts that this scheduling decision constitutes "the second instance Magistrate Goddard knowingly ordered an unattainable appearance." *Id.* at 4. Because Plaintiff believes that the undersigned has acted out of personal bias, he seeks recusal and attempts to bring a complaint against the undersigned pursuant to 28 U.S.C. § 351 by asking Chief Judge Burns to investigate his allegations. *Id.* at 7.

Plaintiff offers no additional argument that his non-appearance was substantially justified. Indeed, Plaintiff takes no accountability at all for intentionally scheduling a vacation to conflict with an existing court hearing or for his resultant failure to appear. Instead, Plaintiff places the blame for his non-appearance on the Court. For example, Plaintiff states that "[i]n his 40 years as a litigation lawyer, Plaintiff has not once encountered a denial for a continuance of a matter that conflicted with previously arranged or paid for vacation schedules." ECF No. 99 at 3 n.2. However, as already explained, Plaintiff's vacation was not booked until January 22, 2020. *See id.* at 13. The ENE was scheduled on January 3, 2020. ECF No. 61. Thus, even taking into account that Plaintiff receives notice of the Court's orders by mail, Plaintiff had at least two weeks' notice of the

ENE date before his cruise was booked. And, as stated by the Court during the Show Cause hearing, Plaintiff's statement in the motion to continue that he had "previously" arranged to be out of the country was misleading insofar as it meant to imply that Plaintiff had arranged the vacation previous to the ENE being scheduled. As Plaintiff's subsequent communications showed, he had not.

Plaintiff has also never offered any explanation why he waited until February 26, 2020 to file the motion seeking a continuance when his vacation was booked on January 22, 2020. As the Court stated during the Show Cause Hearing, the Court would be sympathetic if Plaintiff had simply created the scheduling conflict in error, and then failed to notice the error until the ENE date was imminent. However, Plaintiff has never represented to the Court that he double-booked himself in error, instead repeatedly indicating that he knew of the conflict but believed himself entitled to the granting of a continuance. Plaintiff's Response to the Court's Order to Show Cause leaves no room for any interpretation other than that Plaintiff purposely created the conflict and assumed the Court would accommodate it, regardless of when the continuance request was received or whether the request complied with any of the Court's requirements. To give another example of Plaintiff's insistence that he is not to blame for his own non-appearance, he sarcastically states in his Response, "Plaintiff's response to Magistrate Goddard's [Order to Show Cause] to explain his inability to teleport from the middle of the ocean to San Diego is simple: He cannot teleport." ECF No. 99 at 6. As the Court stated during the hearing, Plaintiff's sarcasm in this regard cuts more against him than against the Court. Plaintiff, too, knew full well of his "inability to teleport" when booking a cruise on a date when he was already scheduled to appear for a pretrial conference in this case.

As for Plaintiff's contention that the Court's denial of the continuance was based on personal bias against him and against ADA plaintiffs generally, the Court notes that it applied the requisite "good cause" standard of Rule 16 in evaluating Plaintiff's continuance request, and ultimately rested its decision to deny the continuance request largely on the deficiency of Plaintiff's motion. *See* Fed. R. Civ. P. 16(b)(4); ECF No. 92. All federal

courts must apply this standard to requests to modify a schedule, no matter the litigant or the cause of action. While it is true that many—if not most—litigants and counsel are found to have met this standard when requesting continuances based on *previously* arranged vacations, the Court explained in detail why Plaintiff's motion did not meet the standard here in its order denying Plaintiff's request. *See* ECF No. 92. Additionally, the Court requires all litigants in all cases to comply with the Chambers Rules, including those governing requests to continue an ENE. Indeed, the Court treated Plaintiff's request with much greater leniency than it would ordinarily treat the same request from a party represented by counsel, by giving Plaintiff an opportunity to show good cause for his request by providing supplemental information via email, despite his noncompliant and untimely motion. The Court's commitment to treating Plaintiff fairly in light of his *pro se* status is further demonstrated by its previous *sua sponte* decision to continue the ENE from January 8, 2020 to March 4, 2020 to ensure that Plaintiff could attend in person, given his asserted inability to travel in January.

Plaintiff also proceeds to issue his own directive to the Court, stating that he "requires Magistrate Goddard to check the Court's own schedule before ordering [Plaintiff] to appear for her [Show Cause hearing] when she is aware that Plaintiff will be conducting another hearing in the very same case." ECF No. 99 at 6-7. The Court reiterates that the scheduling of the Show Cause hearing on the same date as the evidentiary hearing *was* intentional, but was not done to "knowingly order[] an unattainable appearance[,]" as Plaintiff argues. Quite the opposite: the same-day scheduling was done for Plaintiff's convenience, out of consideration for the fact that Plaintiff is *pro se* and must travel from out of state to attend hearings. Finally, the Court notes that the parties settled Plaintiff's ADA claim in August 2019, leaving only Defendant's counterclaim for breach of contract at issue. *See* ECF No. 18. Consequently, Plaintiff's theory that the Court harbors a "hostile skepticism" against ADA claims generally is rendered even more tenuous by the fact that no ADA claims remain before the Court.

Nonetheless, Plaintiff is entitled to file a complaint under 28 U.S.C. § 351 against

the undersigned. However, as explained during the hearing, Plaintiff must file his complaint "with the clerk of the court of appeals for the circuit[,]" which will be transmitted to the chief judge of the circuit—not the chief judge of this district court. *See* 28 U.S.C. § 351(a)-(c).[2] Therefore, the Court emphasizes that this order does not purport to decide the merits of Plaintiff's allegations of bias except insofar as those allegations are relevant to the determination of whether "other circumstances" make an award of fees unjust under Rule 16(f)(2). The Court finds that Plaintiff has failed to establish such circumstances exist.

In sum, because Plaintiff has not established that his non-appearance was "substantially justified" or that "other circumstances" would make an award of fees to Defendant unjust, Plaintiff's conduct justifies the imposition of sanctions under Rule 16(f)(2) for failure to appear at the ENE. Plaintiff intentionally made his appearance at the ENE impossible by booking a cruise at the same time, filed a wholly insufficient and untimely motion to continue the ENE, treated the Court and its staff with disrespect when permitted an opportunity to supplement the motion informally, and then filed a sarcastic and defiant Response to the Court's Order to Show Cause, which disclaimed any responsibility for his non-appearance. Plaintiff's actions show a lack of respect for the Court's orders, the Court's staff, defense counsel, and Defendant.

Therefore, pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court **ORDERS** that Plaintiff pay sanctions to Defendant in the amount of **$759.20** as reimbursement of the costs Defendant needlessly incurred due to Plaintiff's failure to appear. *See* Fed. R. Civ. P. 16(f)(1)(A). To reach this figure, the Court has reviewed the Declaration submitted by Defendant's counsel detailing the fees and costs incurred in relation to the ENE. ECF No. 98. According to the Declaration, Defendant incurred a total of $2,500 in attorney fees for ten hours spent preparing for and attending the ENE, including time spent preparing the ENE brief. *Id.* at 2. Defendant also reports a travel time

---

[2] The Clerk of Court for the United States Court of Appeals for the Ninth Circuit is Molly C. Dwyer, and her address is P.O. Box 193939, San Francisco, CA 94119-3939.

of one hour and mileage expenses of $9.20 incurred by its representative. However, the Court has reduced the number of reimbursable hours from ten to three, in light of the fact that much of the reported time was spent preparing the ENE brief. Because the Court will reset the ENE, those hours were not wasted, and thus Defendant need not be reimbursed for its counsel's time spent preparing the brief. The Court finds the $250/hour rate reasonable and will thus award a total of $750 in attorney fees, plus $9.20 in mileage expenses, to Defendant. Plaintiff must pay the $759.20 to Defendant no later than **June 15, 2020**.

Additionally, the Court **RESETS** the ENE for **June 9, 2020** at **2:00 PM**. The ENE will take place **telephonically**. The Court issues the following **Mandatory Procedures** to be followed in preparation for the ENE:

1. **Telephonic Appearances Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE telephonically. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. However, it is acceptable to the Court if counsel make their clients immediately available to join the call, even if the client is not on the line for the entire duration of the ENE.

2. **Required Procedures for Telephonic Attendance:** To attend, counsel and the required participants must be **immediately available by telephone** between the hours of **2:00 p.m.** and **5:30 p.m.** on **June 9, 2020**. Throughout this window of time, the Court will initiate separate, confidential calls with Plaintiff and Defendant, respectively. Each party must provide the Court with a single phone number to use to initiate these calls. Defendant must ensure that both counsel and its representative are already conferenced in and ready to engage in settlement discussions on the line provided. The parties must contact the Court at efile_goddard@casd.uscourts.gov no later than **June 4, 2020** to provide each party's preferred phone number for the ENE, and any other necessary call-in information

for the Court (i.e., conference line passcodes).

3.  **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present telephonically or immediately available to join. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. ß*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to contact another person who is not immediately available by telephone before agreeing to any settlement does not have full authority.**

4.  **Confidential ENE Statements Required:** No later than **June 4, 2020**, the Plaintiff must submit an updated confidential statement of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **This statement shall not be filed or served on opposing counsel.** Plaintiff must lodge his ENE statement via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations**, and the statement must outline:

    A.  the nature of the case and the claims,

    B.  position on liability or defense,

    C.  position regarding settlement of the case with a **specific**[3] **offer for settlement**,[4] and

---

[3] A general statement, such as that a party "will negotiate in good faith," is not a specific demand or offer.

[4] Because only the counterclaim against Plaintiff remains in this case after settlement of Plaintiff's ADA claim, Plaintiff must submit an offer rather than a demand for settlement.

     D.    any previous settlement negotiations or mediation efforts.

Defendant may submit the same ENE brief previously submitted to the Court.

**IT IS SO ORDERED.**

Dated: May 15, 2020

                                                    _____
Honorable Allison H. Goddard
United States Magistrate Judge

---

If a specific offer cannot be made at the time the ENE statement is submitted, then the reasons as to why an offer cannot be made must be stated. Further, Plaintiff must explain when he will be in a position to state an offer.