UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>EVANS HOTELS, LLC,<br><br>    Defendant/Counter-Claimant. | Case No.: 3:19-cv-00650-BAS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL**<br><br>[ECF No. 101] |

## I.    BACKGROUND

This matter comes before the Court on Defendant/Counter-Claimant Evans Hotels, LLC's ("Defendant") Motion to Compel Discovery Responses and Documents and Request for Sanctions Pursuant to Rule 37. ECF No. 101.

As explained in the Court's Order setting the briefing schedule on the present motion, on March 31, 2020, counsel for Defendant sent an email to the chambers of the undersigned detailing and documenting her efforts to meet and confer with *pro se* Plaintiff/Counter-Defendant Peter Strojnik, Sr. ("Plaintiff") regarding certain discovery disputes. *See* ECF No. 100. Specifically, defense counsel provided the Court with communications showing that Plaintiff refused to make himself available for meet-and-confer discussions with defense counsel regarding discovery for more than six weeks, asserting unavailability between March 1 and April 16, 2020. Defense counsel also

provided the Court with copies of its discovery requests, served on January 23, 2020, as well as Plaintiff's responses to Defendant's Requests for Admissions ("RFAs"). Defendant alleges that Plaintiff never served any responses to Defendant's Interrogatories ("ROGs") or Requests for Production ("RFPs").

Because defense counsel adequately demonstrated why the Court's required meet-and-confer efforts prior to motion practice could not be satisfied without undue delay, the Court waived its Chambers Rules on discovery disputes requiring parties to meet and confer before contacting the Court and further requiring a discovery conference with the Court prior to motion practice. This motion followed.

Defendant filed the Motion to Compel on April 8, 2020. ECF No. 101. Plaintiff filed his Response (ECF No. 103) on April 22, 2020, and Defendant filed its Reply on April 29, 2020 (ECF No. 108). In the Response, Plaintiff attempted to renew his previously filed motion to compel, which Plaintiff filed without following any of the Court's prerequisites for motion practice on discovery disputes. *See* ECF Nos. 74, 80, 103. The Court accepted the filing on discrepancy as a Response to Defendant's Motion to Compel, but rejected the filing insofar as it was proposed as an affirmative motion for relief.[1] ECF No. 102.

---

[1] Before filing the second unauthorized motion to compel, Plaintiff informed the Court via email in response to defense counsel's March 31, 2020 email that he also wanted to raise a discovery dispute with the Court regarding "[Defendant's] answers to [Plaintiff's] discovery that must be addressed[,]" which he attached to the email. The Court's clerk instructed Plaintiff that, "with respect to [Defendant's] answers to your discovery that must be addressed," he should confer with defense counsel "regarding the answers [he] consider[s] deficient and prepare a joint email about the dispute for the judge's review." Plaintiff was informed that, once the Court received the requisite joint email, the Court could then schedule a discovery conference "and set a briefing schedule in accordance with Judge Goddard's pretrial procedures for discovery motions." In the alternative, Plaintiff was instructed that "if [he] want[ed] the Court to waive those procedures and permit filing immediately, [to] please send an email explaining why the circumstances warrant a waiver." Plaintiff never responded to this email from chambers staff, nor did he otherwise comply with these instructions. Instead, Plaintiff disregarded the Court's Civil Pretrial Procedures a second time by "renewing" his earlier unauthorized motion to compel.

## II. LEGAL STANDARD

The scope of permissible discovery is dictated by Rule 26 of the Federal Rules of Civil Procedure, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In considering relevance and proportionality, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Evidence need not be admissible to be discoverable. *Id.*

Rules 33, 34, and 36 of the Federal Rules of Civil Procedure govern written discovery requests including interrogatories, requests for production, and requests for admission. Specifically, Rule 33 provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Similarly, Rule 34 governs requests for production and allows a party to serve on any other party "a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control[,]" including, *inter alia*, documents and electronically stored information. Fed. R. Civ. P. 34(a). Rule 36 governs requests for admission. Under that rule, "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Therefore, as is evident from the plain text of Rules 33, 34, and 36, the relevance and proportionality factors contained in Rule 26(b) and discussed above constrain the permissible scope of all written discovery. Each of these rules incorporates those constraints by reference.

The Rules also set forth the permissible timing, form, and scope of answers and objections to written discovery. The responding party must serve its answers and any

objections to interrogatories, requests for production, and requests for admission within 30 days after being served with the requests, unless otherwise stipulated or ordered by the court. Fed. Rs. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3). The grounds for an objection must be stated with specificity. Fed. Rs. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(5). With respect to requests for production, the responding party must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C).

If the responding party fails to sufficiently respond to an interrogatory under Rule 33 or to produce documents under Rule 34, the propounding party may file a motion to compel responses or production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Rule 37 also provides for sanctions for a party's failure to provide or permit discovery, as follows:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Additionally, Fed. R. Civ. P. 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added).

## III. DISCUSSION

An explanation of the timeline in this case will help shed some light on the present dispute. Plaintiff filed his Complaint on April 8, 2019, and his First Amended Complaint on May 6, 2019, alleging ADA violations against Defendant. ECF Nos. 1, 3. After the Court granted in part and denied in part Defendant's Motion to Dismiss (ECF Nos. 6, 10), Defendant filed an Answer and Counterclaim on July 19, 2019. ECF No. 11. Defendant then filed a Motion for an Order Declaring Plaintiff a Vexatious Litigant and for Sanctions under 28 U.S.C. § 1927 (the "Vexatious Litigant Motion") on July 22, 2019. ECF No. 12. The parties settled Plaintiff's ADA claims on July 31, 2019, and, after Plaintiff provided notice of the settlement (ECF No. 18), the Court entered judgment on those claims on August 14, 2019 (ECF Nos. 21, 22), leaving only Defendant's counterclaim and Vexatious Litigant Motion at issue.

On October 28, 2019, the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") in this matter were reset from December 6, 2019 to January 13, 2020, due to a conflict on the Court's calendar. ECF No. 49. In that October 28, 2019 order, the Court set a deadline of December 16, 2019 for the parties to meet and confer pursuant to Fed. R. Civ. P. 26(f) in preparation for the CMC. *Id.* at 2. In the meantime, the presiding District Judge set a hearing on the Vexatious Litigant Motion and Plaintiff's Motion to Dismiss Counterclaims for Lack of Supplemental Jurisdiction, which took place on December 10, 2019. *See* ECF Nos. 45, 50, 56. During the December 10, 2019 hearing, the Court decided to set an evidentiary hearing on the Vexatious Litigant Motion. *See* ECF No. 58, Hr'g Tr. at 12:21-13:7. At that point, the parties had yet to engage in their meet-and-confer discussions under Rule 26(f) and there was no Scheduling Order in the case. However, the Court found it appropriate for the parties to engage in limited "early discovery" on the issues related to the evidentiary hearing and Vexatious Litigant Motion. *Id.* at 13:9-13:17. Additionally, the Court ordered Plaintiff to submit to an Independent Medical Examination ("IME") to develop evidence for the evidentiary hearing, since the

Vexatious Litigant Motion rests in part on Defendant's contention that Plaintiff made a false allegation in the Complaint that he was disabled. *Id.* at 16:4-19:15.

### A. Background of Plaintiff's Motion to Compel

Plaintiff served his discovery requests on Defendant on December 14, 2019, two days before the parties' deadline for a Rule 26(f) conference. ECF No. 74 at 1. Consequently, Defendant objected to nearly every single discovery request as premature pursuant to Fed. R. Civ. P. 26(d)(1), which prohibits a party from seeking discovery before the Rule 26(f) conference. *See* ECF No. 74, Ex. 1. Defendant also took the stance that the early (i.e., pre-26(f) conference) discovery ordered by the District Judge in connection with the evidentiary hearing was limited to two topics: "1.) whether Mr. Strojnik made false allegations in the complaint claiming that he was disabled and unable to access defendant's hotels from his wheelchair when in fact he had been videotaped briskly walking without the need of any mobility aids, much less the need for a wheelchair; and 2.) whether he suggested he was a lawyer upon sending demand letters when in fact he has been disbarred." *See generally id.* Accordingly, Defendant responded only to Plaintiff's discovery requests that it understood to be directed to one of those two topics, but otherwise rested on its objection that the requests were premature, and often raised other objections as well. *Id.*

On January 24, 2020, Plaintiff filed a Motion to Compel, requesting that the Court compel complete answers to all of his discovery requests by February 1, 2020. ECF No. 74. As noted above, Plaintiff's filing of the motion violated this Court's Civil Pretrial Procedures[2] governing discovery disputes. Specifically, the Court requires parties to meet and confer in an attempt to resolve any discovery disputes before contacting the Court. If meet-and-confer attempts are unsuccessful, the party who wishes to file a motion regarding

---

[2] Magistrate Judge Allison H. Goddard's Civil Pretrial Procedures are available at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

the dispute must email chambers to request a telephonic conference with the Court to discuss the discovery dispute. After receipt of the email, the Court holds a telephonic conference to provide guidance and attempt to resolve the dispute without the need for motion practice. Chambers rules are explicit that "[n]o discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court" and that the Court "may strike any discovery motion that is filed without complying with this process." Chmbr. R. at 3.

Plaintiff followed none of these procedures before filing his Motion to Compel. Rather than striking Plaintiff's motion outright, however, the Court stayed the response deadline and held a telephonic conference to discuss the issues raised in the motion on February 12, 2020. ECF Nos. 75, 79.

During the February 12, 2020 status conference, and as memorialized in its February 13, 2020 Order, the Court disagreed that the District Judge had limited discovery to the extent asserted by Defendant. Rather, the Court explained that, based on the transcript of the December 10, 2019 motion hearing, the Court understood the permitted "early" discovery "to extend to all evidence on which each side intends to rely during the evidentiary hearing, which in turn concerns the merits of Defendant's Vexatious Litigant Motion." *See* ECF No. 80 at 3. Therefore, the Court ordered the parties to produce to one another (1) a statement setting forth all facts that support the producing party's contention that the Vexatious Litigant Motion should, or should not, be granted; and (2) all evidence on which the producing party may rely during the evidentiary hearing. *Id.*

Notably, Plaintiff made clear that his Motion to Compel concerned Defendant's responses to his December 14, 2019 discovery requests, which were "designed to discover evidence [Defendant] has or claims to have regarding its [Vexatious Litigant Motion] so that Plaintiff could [meet] such evidence at the February 19, 2020 evidentiary hearing." ECF No. 74 at 1-2. Thus, because the Court's ruling determined the scope of the discovery the parties were required to exchange for purposes of the evidentiary hearing, the ruling disposed of all discovery issues raised in Plaintiff's motion. The Court therefore denied the

motion as moot. ECF No. 80 at 3. Additionally, the Court found that, to the extent Plaintiff's December 14, 2019 discovery requests (attached to his motion but not discussed therein) went beyond the bounds of discovery related to the Vexatious Litigant Motion and the evidentiary hearing, it was premature to address Defendant's responses to those requests at that time for two reasons. First, Plaintiff's Motion to Compel presented no argument on any of those requests unrelated to the Vexatious Litigant Motion, and second, Plaintiff failed to follow the Court's Civil Pretrial Procedures before resorting to motion practice. *Id.*

Finally, the Court noted that Plaintiff had raised a new issue during the February 12, 2020 status conference by orally moving to take Defendant's 30(b)(6) deposition and requesting a written ruling from the Court on the issue so that Plaintiff could appeal the ruling to the District Judge. *Id.* at 3 n.1. However, Plaintiff did not raise this issue in the Motion to Compel. *See generally* ECF No. 74. The Court thus had no information on this new dispute, including, e.g., whether Plaintiff had noticed a 30(b)(6) deposition, or whether Defendant had refused to comply with such notice such that court intervention might be required. Further, the Court found that a 30(b)(6) deposition of Defendant was not within the scope of the "early discovery" permitted in connection with the Vexatious Litigant Motion and evidentiary hearing. Therefore, the Court denied the oral motion to compel a 30(b)(6) deposition as premature. ECF No. 80 at 3 n.1.

Notwithstanding the denial of Plaintiff's Motion to Compel, the Court cautioned Defendant that the District Judge's limitation of the "early discovery" permitted during the December 10, 2019 hearing "was a limitation set prior to the parties' December 16, 2019 deadline to meet and confer pursuant to Rule 26(f) in preparation for the January 8, 2020 Case Management Conference, and prior to the entry of the corresponding Scheduling Order on January 9, 2020." *Id.* at 4 (citing ECF Nos. 49, 63, 64). Accordingly, the Court noted that "any discovery requests propounded *after the parties met and conferred pursuant to Rule 26(f)* are not limited by [presiding District] Judge Bashant's ruling and are subject only to the limitations of Rule 26(b)." *Id.* (emphasis added).

### B. Defendant's Motion to Compel

As noted above, Defendant served the discovery requests at issue in its Motion to Compel (ECF No. 101) on January 23, 2020. These requests included RFPs, ROGs, and RFAs. *See* ECF No. 101-2, Exs. A – C. Plaintiff did not respond to the RFPs or ROGs, but responded to the RFAs on February 21, 2020. ECF No. 101-2, Ex. D. Defendant asks the Court to (1) compel Plaintiff to respond to its RFPs and ROGs and deem any objections thereto waived, and (2) compel responses or supplemental responses to RFAs 1, 5, 25-31, 33, 34, and 35, and/or deem those RFAs admitted. Defendant also seeks monetary sanctions under Rule 37 for the "reasonable expenses" Defendant has incurred as a result of Plaintiff's non-compliance. *See* Fed. R. Civ. P. 37(d)(3).

> *i.  Defendant's ROGS and RFPs*

In his Response to Defendant's Motion to Compel (ECF No. 103), Plaintiff does not deny that he never answered Defendant's ROGs or RFPs. Plaintiff instead argues that the parties have complied with the Court's February 13, 2020 Order (ECF No. 80) by producing to one another all information relevant to the Vexatious Litigant Motion. ECF No. 103 at 1-6. Additionally, Plaintiff contends that Defendant has all discovery relevant to its breach of contract counterclaims. *Id.* at 6-7. The remainder of Plaintiff's Response is devoted to his renewal of his own previously denied Motion to Compel, as well as "concluding thoughts" setting forth Plaintiff's broad public policy arguments that many federal courts are skeptical of or even hostile to ADA claims, and that Defendant has used such skepticism to its advantage. *Id.* at 7-12.

However, the Court's February 13, 2020 Order made clear that the limitations of discovery related to the vexatious litigant motion did not apply to "any discovery requests propounded after the parties met and conferred pursuant to Rule 26(f)[.]" ECF No. 80 at 4. Therefore, the Court rejects as baseless Plaintiff's implied argument that he was entitled to ignore Defendant's ROGs and RFPs so long as all discovery within that limited scope was produced. Plaintiff offers no other reason why he failed to respond to the ROGs and RFPs.

Plaintiff's answers and objections to Defendant's RFPs and ROGs were due within 30 days of service, by February 22, 2020. *See* Fed. Rs. Civ. P. 33(b)(2); 34(b)(2)(A). With respect to interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Although there is no similar provision in Rule 34, courts apply Rule 33's waiver rule equally to withheld documents. *See, e.g.*, *Bussiere v. Softmart Commercial Servs. Inc.*, No. C08-1461RSM, 2009 WL 10675540, at *1 (W.D. Wash. June 1, 2009) ("Defendant contends that [Rule 33's waiver] provision applies to interrogatories and that there is no corresponding provision in Rule 34 to cover failure to assert privilege in response to requests for production. However, it is 'well-established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.'") (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.), *cert. denied*, 506 U.S. 948 (1992)) (additional citation omitted); *Saleha v. Tristar Prod., Inc.*, No. 18CV897-CAB(BLM), 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) (also relying on *Richmark* to find the waiver rule applies to untimely objections to requests for production under Rule 34).

Here, Plaintiff's Response to Defendant's Motion to Compel does not establish good cause to excuse his failure to respond to the properly served ROGs and RFPs. In light of Plaintiff's *pro se* status, the Court might ordinarily be inclined to leniently interpret Plaintiff's failure to respond as having been based on a mistaken but good-faith belief that all discovery in this case was limited to the "early discovery" ordered to be produced in connection with the Vexatious Litigant Motion and evidentiary hearing. However, the Court's February 13, 2020 Order preemptively addressed and corrected such a potential misconception, by stating in no uncertain terms that "any discovery requests propounded after the parties met and conferred pursuant to Rule 26(f) . . . are subject only to the limitations of Rule 26(b)." ECF No. 80 at 3. Defendant propounded its discovery requests on January 23, 2020, more than a month after the parties' deadline to meet and confer under Rule 26(f). Moreover, as Plaintiff has stated in numerous filings before the Court, he was

a practicing attorney for more than 40 years. *See, e.g.*, ECF No. 99 at 3 n.2. And perhaps most significantly, Plaintiff's Response to the Motion to Compel makes no argument that there is good cause to excuse his failure to serve timely objections under Rule 33(b)(4).

Ordinarily, the party seeking to compel discovery bears the initial burden of establishing that its requests are relevant under Rule 26(b)(1). *Bryant v. Ochoa*, No. 07CV200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Id. See also United States v. McGraw–Hill Companies, Inc.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). However, by failing to respond to a discovery request under Rule 33 or 34, the responding party waives all objections including relevance. *Saleha*, 2019 WL 669635, at *3 ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]."); *Browning v. Lilien*, No. 15CV2208-GPC (BLM), 2016 WL 4917115, at *2-*3 (S.D. Cal. Sept. 15, 2016) (rejecting a plaintiff's argument that the *pro se* defendant's motion to compel should be denied for failing to cite legal authority because the authority for an order compelling responses without objections "comes directly from the Federal Rules of Civil Procedure" and "Defendant's motion to compel is simple and straight-forward: Defendant served discovery, Plaintiff did not respond, and Defendant wants answers. While it does not contain much legal analysis, the issue is so basic that legal analysis is not required.") (citing Fed. Rs. Civ. P. 33(a)-(b) and 34(a-)-(b)). This conclusion is particularly warranted where the non-movant fails to make any argument on the merits of whether his failure to timely state an objection should be excused for good cause. *Browning*, 2016 WL 4917115, at *5 ("Plaintiff [] fails to provide any explanation or justification for his failure to respond to Defendant's requests for relevant documents. Accordingly, Plaintiff has not established good cause for his failure to respond and the Court finds that he has waived his right to object to the requests."). *See also Bussiere*, 2009

WL 10675540, at *1 ("As defendant has not opposed the motion on its merits, the motion to compel shall be granted.").

Therefore, the Court **GRANTS** the motion to compel Plaintiff's responses to Defendant's ROGs and RFPs and further finds that Plaintiff has waived all objections to these requests. Plaintiff must serve responses to Defendant's ROGs and written responses to Defendant's RFPS **within ten (10) days of the date of this Order**. Plaintiff must serve responsive documents to Defendant's RFPs **within twenty-one (21) days of the date of this Order**.

    *ii.    Defendant's RFAs*

In its Motion to Compel, Defendant seeks responses or additional responses to RFAs Nos. 1, 5, 25-31, 33, 34, and 35. The alleged deficiencies of Plaintiff's responses to these RFAs can be divided into three categories: (1) no response (RFA No. 5); (2) an incomplete response (RFAs Nos. 25 and 27); and (3) a meritless objection (RFAs Nos. 1, 26, 28, 29, 30, 31, 33, 34, and 35).

Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party[.]" Fed. R. Civ. P. 36(a)(3). However, the parties may stipulate to—or the Court may order—a shorter or longer time for responding. *Id.* Defendant's RFA No. 5 asks: "Admit that on or about October 10, 2018 YOU agreed to 'provide the type of accessibility information that a mobility disadvantaged guest may wish to review on a booking website or from an in house booking agent.'" *See* ECF No. 101-2 at 25-26. Plaintiff never responded to RFA No. 5, and gives no reason in his opposition to justify his failure to respond. *See id.* at 45; *see generally* ECF No. 103. Accordingly, the Court deems RFA No. 5 **ADMITTED**.

Defendant next alleges that Plaintiff's responses to RFAs Nos. 25 and 27 are incomplete and that a further response, admission, or denial is required. Under CivLR 36.1, however, a party cannot serve more than 25 requests for admission without obtaining leave of court by submitting "a written memorandum setting forth the proposed additional

requests for admission and establishing good cause for their use." Civ LR 36.1.a. Because Defendant failed to satisfy this requirement, the Court will not address any requests for admission that exceed the limit set forth in CivLR 36.1.a.

With respect to RFA No. 25, under Federal Rule of Civil Procedure 36, "[t]he requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." *Id.* If there is no objection stated but the Court finds an answer does not comply with Rule 36, the Court "may order either that the matter is admitted or that an amended answer be served." *Id.*

RFA No. 25 asks: "Admit YOU did not visit The Lodge at Torrey Pines while using a wheelchair." *See* ECF No. 101-2 at 49. Plaintiff responded, "**ADMIT** that I did not visit the Lodge at Torrey Pines at relevant times." *Id.* In response to a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. . . .

Fed. R. Civ. P. 36(a)(4).

From Plaintiff's answer to RFA No. 25, it is unclear whether he intends to admit to the whole matter or only to admit to a part of the matter and "qualify or deny the rest." Plaintiff is required to specify which part of the request is qualified or denied, if any. *Id.* However, logic dictates that if Plaintiff asserts he did not visit the Lodge at Torrey Pines at all, he thereby admits that he did not visit the Lodge at Torrey Pines while using a wheelchair or a mobility assistance device. This reading of Plaintiff's responses is consistent with his denials of RFAs Nos. 12-16, all of which concern whether Plaintiff booked a room at the Lodge at Torrey Pines after October 10, 2018 and whether he stayed there (denied by Plaintiff). *See* ECF Nos. 101-2 at 47. Moreover, Plaintiff's noncompliance with Rule 36 by failing to "qualify or deny" those portions of the RFA to which he does not admit gives the Court discretion either to deem these matters admitted or to order

amended answers. Fed. R. Civ. P. 36(a)(6). Considering the responses in context, the Court finds amended answers would be unnecessary and instead deems Plaintiff's answer to RFA No. 25 **ADMITTED**.

Defendant also requests that the Court compel amended answers to RFAs Nos. 1, 26, 28, 29, 30, 31, 33, 34, and 35. As discussed above, Defendant did not have leave of court to serve RFA Nos. 26, 28, 29, 30, 31, 34, or 35, so the Court **DENIES** the Motion to Compel with respect to those RFAs. RFA No. 1 and Plaintiff's response are as follows:

**RFA No. 1**: "Admit Strojnik, P.C. is a 'domestic professional corporation' whose business type is identified with the State of Arizona as 'Legal Services.'"

**Plaintiff's Objection:** "Outside of scope of allowable discovery pursuant to Fed. R. Civ. P. 26(b)(1)."

Plaintiff's objection is not sufficiently specific to allow Defendant to understand the objection. Available grounds for an objection under Rule 26(b)(1) include that the request asks for discovery (1) regarding a privileged matter, (2) not relevant to any party's claim or defense, (3) or not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Because Plaintiff's response does not specify the grounds for his objection, it is insufficient under Fed. R. Civ. P. 36(a)(5) and the Court cannot determine whether the objection is justified. Accordingly, Plaintiff is **ORDERED** to amend his answer to RFA No. 1 pursuant to Fed. R. Civ. P. 36(a)(6). **Plaintiff must serve an amended answer to RFA No. 1 to Defendant within ten (10) days of the date of this Order.**

### C. Sanctions

When a party fails to provide or permit discovery, Rule 37 provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Plaintiff makes no argument that his failure to respond to Defendant's discovery requests was substantially justified or that other circumstances

make an award of expenses unjust, and, for the reasons explained in more detail above, the Court finds these exceptions do not apply here. In particular, the Court is troubled by Plaintiff's refusal to make himself available to even meet and confer to resolve the issue of his failure to respond to RFPs and ROGs. Therefore, the Court **GRANTS** Defendant's request for sanctions under Rule 37(b)(2)(C).

However, the Court notes that the bulk of Defendant's Motion is focused on Requests for Admission that were not allowed under CivLR 36.1.a, or were effectively denied when considering the context of other responses. Defendant seeks $2,000 for attorney fees incurred in connection with the filing of the motion "and all related preparation[.]" *See* ECF No. 101-1, Bermudez Decl. ¶ 7. Defense counsel explains that she is basing that figure on the hours spent "preparing for meet and confer [and] related correspondence, preparation of this motion and expected reply brief[,]" giving an estimate of eight hours at a reduced $250/hour rate. *Id.* The Court finds that only a portion of this time was spent as a result of Plaintiff's failure to respond to Defendant's RFPs and ROGs, and orders sanctions in the amount of $500.00 to compensate for the reasonable time incurred by Defendant to compel a response to those discovery requests.

## IV.   CONCLUSION

For the reasons explained above, Defendant's Motion to Compel is **GRANTED in part and DENIED in part**.

**IT IS ORDERED AS FOLLOWS:**

(1) Plaintiff must serve responses to Defendant's Interrogatories and written responses to Defendant's Requests for Production **within ten (10) days of the date of this Order** without objections. All objections to Defendant's Interrogatories and Requests for Production are deemed **WAIVED**.

(2) Plaintiff must serve responsive documents to Defendant's Requests for Production **within twenty-one (21) days of the date of this Order** without objections. All objections are deemed **WAIVED**.

(3) Plaintiff is **ORDERED** to amend his answer to Defendant's Request for Admission No. 1 to be in compliance with Rules 26(b)(1) and 36(a)(4)-(5) of the Federal Rules of Civil Procedure. Plaintiff must serve his amended answer **within ten (10) days of the date of this Order.**

(4) Plaintiff's answer to Request for Admission No. 25 is deemed **ADMITTED**.

(5) Defendant's request for Rule 37 sanctions is **GRANTED.** Plaintiff is **ORDERED** to pay $500 in sanctions to Defendant **within twenty-one (21) days of the date of this Order**.

**IT IS SO ORDERED.**

Dated: May 28, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge